IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:22-CV-03140-BCW |
| | ) |
| CITIBANK, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Application for Leave to File Action Without Payment of Fees. (Doc. #1). The Court, being duly advised of the premises, grants Plaintiff leave to file an amended proposed complaint.

The Court, within its discretion, may authorize a civil suit without prepayment of fees if the plaintiff files an affidavit of financial status demonstrating an inability to incur the costs of the suit without becoming completely destitute. 28 U.S.C. § 1915(a)(1); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). The Court may only grant leave to proceed without payment of fees if it finds the case is not (a) frivolous; (b) malicious; (c) insufficient under Fed. R. Civ. P. 12(b)(6); or (d) seeking monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

The Court, having reviewed Plaintiff's affidavit of financial status (Doc. #1-1), finds Plaintiff qualifies for in forma pauperis status based on economic need. However, the Court may only grant Plaintiff's motion for leave to file this case without prepayment of fees if the claims are not otherwise barred.

1

Plaintiff's proposed complaint (Doc. #1-2) names as defendants Citibank, N.A.; Citigroup; JH Met Subsidiary B Liquidating Trust; David R. Gamache; the State of Missouri; Chief Justice Paul C. Wilson; Missouri Office of Court Administration; Kathy S. Lloyd in her official capacity as Court Administrator; Stone County; Mechelle LeBow in her official capacity as County Clerk; Judge Alan Mark Blankenship; Judge David A. Cole; and Sheriff Doug Raider in his official capacity. The proposed complaint also states it is a "Complaint of Violations of the Fair Debt Collections Practices Act, 42 U.S.C. § 1983 Damages, 42 U.S.C. § 1983 Punitive Damages, Trademark Abandonment and Request for Declaratory and Injunctive Relief under the Americans with Disabilities Act, Common Law Access to the Courts." (Doc. #1-2 at 1).

Because Plaintiff is proceeding pro se, the Court liberally construes the proposed complaint's factual allegations. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, even broadly construing Plaintiff's proposed factual allegations in concert with the laws referenced, the Court cannot conclude Plaintiff has set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Because a pro se litigant still must comply with the Federal Rules and Court procedures, and because the Court cannot conclude the proposed complaint is sufficient under Fed. R. Civ. P. 12(b)(6), the Court grants Plaintiff leave to file a proposed amended complaint. Accordingly, it is hereby

ORDERED Plaintiff is granted leave to file a proposed amended complaint on or before **July 1, 2022**. Plaintiff's Application for Leave to File Action Without Payment of Fees remains pending.

IT IS SO ORDERED.

DATE: June 10, 2022 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT