# U.S. DISTRICT COURT

# WESTERN DISTRICT OF MISSOURI

## SOUTHERN DIVISION - SPRINGFIELD

| | |
|---|---|
| JASON ADAM JENSEN,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>CITIBANK, N.A., a Corporation,<br>CITIGROUP INC, a Delaware Corporation,<br>JH MET SUBSIDIARY B LIQUIDATING TRUST, a Legal Trust Type Corporation,<br>DAVID R GAMACHE, individual capacity as an attorney,<br>STATE OF MISSOURI,<br>CHIEF JUSTICE PAUL C. WILSON, is his official capacity as Courts Administrator,<br>MISSOURI OFFICE OF COURT ADMINISTRATION, a State entity,<br>KATHY S. LLOYD, official capacity as State Court Administrator,<br>STONE COUNTY, a State entity,<br>MECHELLE LEBOW, official capacity as Stone County Court Clerk,<br>IN RE JUDGE ALAN MARK BLANKENSHIP, in his Exercise of Judgement at Federal Law capacity,<br>JUDGE DAVID A. COLE, official administrative capacity as Presiding Judge of Stone County, and<br>Sheriff Doug Rader, official capacity Stone County Sheriff.<br><br>　　　　　Defendants. | Case No.: 6:22-CV-03140-BCW<br><br>**FIRST INITIAL RESPONSE TO ORDER DATED JUNE 10th 2022 AND OBJECTIONS; REQUEST TO PROCEED WITH MEDIATION; MOTION FOR HEARING**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Honorable Brian C. Wimes |

1. Taken in its entirety, the Order by Judge Wimes, asserts that by reading the list of Defendants with the Title of the Complaint Document leads to the Legal Judgement, his legal judgement, that the Complaint Filed by Jason A Jensen on June 1st, 2022 is deficient. This

FIRST INITIAL RESPONSE TO ORDER DATED JUNE 10th 2022 AND OBJECTIONS; REQUEST TO PROCEED WITH MEDIATION; MOTION FOR HEARING
- 1 -
Case 6:22-cv-03140-BCW   Document 4   Filed 06/15/22   Page 1 of 10

notorious "failure to state a claim upon which relief may be granted." That, despite multiple attempts, Jensen not only can not understand, can not overcome. To which all Jensen's claims forever are ignored. Jensen can be forcibly strapped to a bed and injected with drugs for demanding basic necessities such as clothing in a cold building – and no judicial review will ever be entertained. (8:2021-cv-00473) A set of facts that would promote the violence in any person.

2. The Order references Estelle v. Gamble, 429 U.S. 97, 106 as either strongly suggestive Precedent or Binding Precedent, depending on the accuracy of the current facts overlapping the facts in Gamble. The Order states "Because Plaintiff is proceeding pro se, the Court liberally construes the proposed complaint's factual allegations." Given that the Precedent Invoked by the Court is a Supreme Court Opinion, to the extent that the Facts do overlap, the Supreme Court opinion is Binding upon this Court and it is the Court's duty to willfully support the Opinion.

    A. The Court never explains how and in what manner the Court took Jensen's Complaint liberally. Especially since it appears the Court failed to make it past Jensen's "inartful" pleading's first page.

    B. Estelle v Gamble continued and held:

*As the Court unanimously held in Haines v. Kerner, 404 U. S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and **can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief**.'" Id. at 404 U. S. 520-521, quoting Conley v. Gibson, 355 U. S. 41, 355 U. S. 45-46 (1957). [Emphasis added]*

C. But the Court doesn't state that there are "no set of facts" that are "beyond doubt" that no relief is possible. The Court simply states that it can make no conclusion that there is a simple statement requesting relief.

D. However, in second to last section of Jensen's Complaint, Titled "Causes of Action", the first Cause of Action is Titled "Violations of the FDCPA", where Jensen clearly and plainly incorporates all facts from the designated paragraphs, Cites the Law of 15 U.S.C 1692d, which is then Prayed for Relief with he statement "Compensatory damages to be paid by all Contract Defendants, according to proof at trial" under the final section of the Complaint Titled "PRAYER FOR RELIEF". This constitutes a assertion of facts, a clear statement of the Violation of Law, and a Prayer for relief on that issue.

3. Jensen OBJECTS to the Order dated June 10th, 2022.

A. A clear reading of the above Statement by the Supreme Court regarding a Pro Se Pleading by a Pro Se Plaintiff suggests that the Refusal to Grant, and to leave it as Pending, the In Forma Pauperis Motion is a clear misapplication of Judgement regarding 28 U.S.C. § 1915(a)(1). By refusing to grant In Forma Pauperis, this Court seems to be positioning to Deny any meaningful Review of this Courts actions by using the Plaintiff's inability to pay. If history is an indication of the future actions of this Court, this Court will deny all objections or other responses to the Denial and "leave to amend" without indication as to why, something along the lines of "With due consideration, denied and overruled." To do this, it will straddle the case between the In Forma Pauperis Motion and the Complaint itself. So, here in this case, any complaint of the application of § 1915 will go unanswered in any meaningful way, and the Court will stand upon forcing Jensen to Amend his complaint without any clear direction of how to do that. Then, if Jensen refuses to amend his complaint for lack of process learned, in other words –

FIRST INITIAL RESPONSE TO ORDER DATED JUNE 10th 2022 AND OBJECTIONS; REQUEST TO PROCEED WITH MEDIATION; MOTION FOR HEARING

- 3 -

Case 6:22-cv-03140-BCW   Document 4   Filed 06/15/22   Page 3 of 10

the Courts response will lack any indication as to what about the complaint is deficient therefore failing to elude to any improvement, the Court will dismiss the Case for the failure and treat any appeal therefrom as "frivolous" to deny Review. This represents the Bulk of the Courts direct actions and intent to not only squash Jensen's claims but forever forbid any Review of such actions. It seems unclear what the Court would respond with in another immediate action of a Complaint directly tailored to the deficiencies of § 1915 accompanied with a Motion to Proceed without Payment of Fees under the same Act but there lacks any reason the Court could submit the exact same Order in any action seeking relief from the poor.

   i. One claim Jensen pleaded in the Current Complaint was a violation of the Fair Debt Collection Practices Act ("FDCPA"). The said Act, has a private cause of action (15 U.S. Code § 1692k), which states "[…] any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person […]" which continues with "[…] any actual damage sustained by such person as a result of such failure […]." It also creates Statue based liabilities in the amount of up to $1,000 per court action.

   ii. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S. Code § 1692d; A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S. Code § 1692e; A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S. Code § 1692f;

   iii. JH MET and GAMACHE are debt collectors, as they have self-identified as such in each communication by stating "this is an attempt to collect debt".

iv.  JH MET through GAMACHE did file a Statement of Hearsay in leu of a required Affidavit for Return of Service AND attempted to bring a breach of contract claim in which Compulsion to Arbitrate all aspects of said contract had already been Granted under the Federal Arbitration Act.

v.  If Jensen is to understand the Order, no facts above or in the original complaint can demonstrate "beyond doubt" to the Civil Legal Standard required to prove a Tort based on the application of the FDCPA in which "relief can be granted". This has two distinct effects; one- it is an absolute discouragement from attempting to resolve disputes in a peaceful manner as is the Courts essential purpose and source of all Authority theregranted; and two- expresses a lack of respect for Jensen's Due Process. Jensen applied to this Court a waiver of fees in which the attached Executive that Supports this Court's Decisions spends like a glutten never before seen on planet Earth; for and of just $350. While, $350 or approximately 1/5 troy ounces of gold in commodity commerce as opposed to legal tender, this Government spends approximately "$216,000 per second" (https://datalab.usaspending.gov) this is ~617 filing fees per second. On top of this, the Government has the Regard of the Money in its care with the illustrative act of leaving "First on CNN: US left behind $7 billion of military equipment in Afghanistan after 2021 withdrawal, Pentagon report says" (https://www.cnn.com/2022/04/27/politics/afghan-weapons-left-behind/index.html) That's the equivalent of 20,000,000 filing fees abandoned to be obtained by people the Government has declared "enemy combatants" or some such status equating to hostile to American interests. In such a system of excess, waste of ignorance and disregard for the irrevocable economic effects of consumption upon limited resources -of what Authority does this Court posses to force Jensen to use a substandard route in Due Process all because of a Court Ordered $350 gift of Justice plus

having the US Marshals serve the Document? At this Court's Executive, of which- without all Judgement is moot, Rate of Spending, the filing fee is but 1.6 milliseconds of your time. Or, Jensen supposes if you read the Order, that's exactly what Jensen's Due Process was worth on a ~20 page document.

4. Jensen Objects to the Order dated June 10th, 2022.

A. This Court has the essential purpose of resolving Disputes between Private Parties to the Good and Service of the Community. Jensen, has claims in this Complaint referring to the Application of the Americans with Disabilities Act ("ADA") with regard to the Mentally Ill. Without implying the following facts apply to Jensen as a Member of a Class, or are intended to express anything about Jensen's mindset or intentions, Jensen will now speak as said Class while exercising every extent possible of litigation privilege and his Freedom of Speech. One such member of the same class, Mentally Ill Disabled, is Nicholas John Roske, 26, of Simi Valley, Calif., the actions of this Court exemplify the resulting bad behavior. With Roske's as an example, exemplarily so- Roske, an almost guaranteed government school educated man resulting in total ignorance of a legal background, precluding him from ever filing a complaint in "which relief can be granted", thought it best to interface with this Court with anything other than paper or words. Instead, in his feeble mind, he thought it best to change the Law by means of Blood as referenced in the Declaration of Independence. But this Court, now, struggles with a balance of Peace unlike anytime ever before any common law Court. Our technical agility, as a people, far exceeds the People's ability to secure their own Freedom. Rednecks with a Rifle in Texas stand absolutely no chance of engaging the coordinated sophistication of their own Government's Military to safeguard those freedoms as the Second Amendment suggests of a Militia. So, the Declaration of Independence is dead where it calls for refreshments in any

regard. That makes this Court's duty ever so urgent. In its other matters, such as purely Civil cases with a Corporation vs Corporation, does a Corporation have a Mental Health to regard? How could any fictious entity ever? Well let Jensen say this, if the Choice is between Roske and the other attacks injuring children, Jensen will definitely be praying the lunacy of Roske becomes standard order of the day and the children remain safe. With the vast pool of lawyers, there is ample stock of potential Judges. There is a deficit of the joy only one ignorant of the World can provide – like a child does. And where does it leave this Court, well I would hope it would see reason in the willingness to entertain that even when a person may not have a claim that leads to an outcome in his favor- Due Process and the Extent that the First Amendment defines a Right to "Redress of Grievances" regarding the State actors creates a suggestion that this Court should be orders of magnitude more responsive. The other alternative is the Might makes Right notion, or forcible nature of government personified in these Courts, to this Jensen welcomes this Court and its Officers to embrace the prison which will be the security the Court will soon need. Please do escalate such a thing until you have already lost that which you covet. So why is it written I cannot use the Court to address those Grievances? How can the First Amendment be most dead in a Court? Forget reasonable time, place, and manner restrictions- the Court will completely forbid it. The ADA requires me to use this Forum to address what I feel are discriminations, lack of accommodations, and other remedies. The ADA covers all sorts of Disabled Persons and defines it unilaterally as "someone who requires accommodation" basically. Specifically, it mentions physical and mental disabilities. Mental means the cognitive ability of a person to process sensory inputs, make decisions, and see those carried out (will). This Court is a process of written instruments to find fact under the law for the purpose of peaceful resolution and justice. I would say for the cost of one child life, say 80 years, this Court

owes a debt of $2,522,880,000 or 7.2 Million filing fees to the Community it should be Serving. The fact that anyone feels the better option is to enact violence instead of engaging this Court is clearly a failure upon this Court. Seems like Natural Law is in full force when the deficiencies of this Court find the Officers of the same Court.

B.  Let's examine the scope and nature of that failure. People, or Persons, or however this Court wants to define the actual human with feelings, have limited abilities. For example, the average human reads at a rate of 238 words per minute. (https://scholarwithin.com/). To this, the Government supporting this Court has enacted 205,805,289 bytes of Portable Document Format ("PDF") Law. The largest being the IRS tax code at 14,992,668 bytes for one PDF file consisting of 6,871 pages of legal text making up that chapter of law. This shows the PDF file specification capable of displaying a page of text at approximately 2,182 bytes each. This calculates the US code at approximately 94,320 pages of text. That's 19 boxes of paper accounting for over 40,000 cubic inches of printed law. The same website, Scholar Within, puts reading all that, at a collage speed reading rate, of 4,716 hours of continuous exercise for completion. (120 pages in 6 hours) Does this relate to the Fed. R. Civ. P. 12(b)(6)? When the Court implements the famous "lack of claim [..] relief" – well it certainly does – but it is only the above surface portion of this particular Iceberg. Those 94,320 pages now need to be looked through the lens of decades of Judicial Review at $0.10 per page via PACER. If each page of Law resulted in 100 pages of Court opinion, the Petitioner now needs to parse 9.4 million pages of law (at a cost of around $1,000,000) as PACER has no indexing nor searching. The truth is much more intimidating, the Truth is each Division of each District Court has probably amassed more than 9.4 million pages. The Internet has provided ample resources, but even where available, the databases only include Decisions and not the Artful Wordcrafts of the Lawyer, which seem to be necessary for

reproduction of the result, who produced the Verdict. Each claim has jurisdictions, time barred limitations, elements, and exceptions. Many legal torts have Court precedent type tests to arrive at the nature of the elements. This case involves Uniform Commercial Codes interacting with Federal Arbitration Acts, Breach of Contracts, Trademark Law, and the Fair Debt Collection Practices Act. That alone makes the feat of writing a complaint more exhaustive than any other undertaking by a layperson. Jensen can manage computer code bases with libraries and references that involve millions of lines of code but this ability seems ineffective to the wishy-washy nature of human judgement in a system that is supposed to provide "equal justice". And yet, no consideration has even to been given to the Court's Rules or how it applies them. But the entire case centers around the Breach and the FDCPA violations. So, even if all other parties and other claims are ineffective as deficient under Fed. R. Civ. P. 12, all the facts and natures of those claims still apply to the nature of the FDCPA violations that sit before this Court under a 1 year time constraint. In other words, if the present action is moot so are Jensen's claims as past ripe.

    4.    Jensen OBJECTS to the Order Dated June 10th, 2022.

    A.    If the Order is to be taken at face value, and a reading of the Defendants, plus the Title of the Complaint Document amounts to an inadequate pleading under Fed. R. Civ. P. 12, then no amendment to the Complaint could ever been sufficient. What the Court has really determined is that the Case needs to be separated into other Cases and Amending the Current Complain is futile.

    B.    Jensen should have the right to bring all these claims in the same action. All the claims relate and interrelate to the actions of the Defendants. For example, had GAMACHE not "hot wired" the Service of Process procedures of the Court in Concert with the

Court Clerk and subsequent actions, the ADA claims would be without standing as it never would have been necessary to attempt to determine how often the opposing council for an action substitutes a completed summons with a Statement of Hearsay. Nor would there be standing in any Trademark claims, or FDCPA claims, or any other claims. The 1983 claims would also be nonexistent.

5. Jensen request this Court proceed with Service of Process and the Mediation Process in this Case has been mandated to by the Court.

6. Jensen, as a disabled person, requests hearing to determine if Jensen is capable of "stating a claim upon which relief can be granted".

Dated: June 13, 2022                    Jason A Jensen

                                                                                 //s/JasonAJensen

                                                                                 Pro Se Plaintiff

                                                                                 2186 Jackson Keller Rd
Ste 1097
San Antonio, TX 78213
PH: 402-598-1285
Email: jasonajensen@gmail.com