# U.S. DISTRICT COURT

# WESTERN DISTRICT OF MISSOURI

# SOUTHERN DIVISION - SPRINGFIELD

| | |
|---|---|
| JASON ADAM JENSEN, | Case No.: 6:22-CV-03140-BCW |
| Plaintiffs, | **COMPLIANCE WITH ORDER DATED JUNE 10th 2022 AND OBJECTIONS** |
| v. | |
| CITIBANK, N.A., a Corporation, | **JURY TRIAL DEMANDED** |
| CITIGROUP INC, a Delaware Corporation, | |
| JH MET SUBSIDIARY B LIQUIDATING TRUST, a Legal Trust Type Corporation, | Judge: Honorable Brian C. Wimes |
| DAVID R GAMACHE, individual capacity as an attorney, | |
| STATE OF MISSOURI, | |
| CHIEF JUSTICE PAUL C. WILSON, is his official capacity as Courts Administrator, | |
| MISSOURI OFFICE OF COURT ADMINISTRATION, a State entity, | |
| KATHY S. LLOYD, official capacity as State Court Administrator, | |
| STONE COUNTY, a State entity, | |
| MECHELLE LEBOW, official capacity as Stone County Court Clerk, | |
| IN RE JUDGE ALAN MARK BLANKENSHIP, in his Exercise of Judgement at Federal Law capacity, | |
| JUDGE DAVID A. COLE, official administrative capacity as Presiding Judge of Stone County, and | |
| Sheriff Doug Rader, official capacity Stone County Sheriff. | |
| Defendants. | |

## I. COMPLIANCE WITH ORDER DATED JUNE 10th, 2022

1.  JENSEN has attached the proposed amended complaint based on the little due process provided as to the deficiencies of his original complaint. Quite simply JENSEN has

attempted to "simplify" many statements of the Complaint. JH MET's address is still unlocatable on purpose. There are also JH MET holding type Corporations Registered and other such entities JENSEN cannot understand or figure out. However, the named defendant DAVID R GAMACHE was the attorney of record regarding the actions in STONE county Court.

## II. OBJECTIONS WITH ORDER DATED JUNE 10th, 2022

2. The order states that JENSEN must follow Fed. R. Civ. P. 12(b)(6). However, reading the Fed. R. Civ. P. stays the Authority for such rules are:

> *TITLE 28, UNITED STATES CODE §2072. Rules of procedure and evidence; power to prescribe (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.* **(b) Such rules shall not abridge, enlarge or modify any substantive right. <u>All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.</u>** *(c) Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title.*

3. The process of filing under the In Forma Pauperis is substandard in Due Process in the Extreme. Should a Judge Challenge a Filing, Sua Sponte immediately after filing, the procedure often followed there is to issue a SHOW CAUSE ORDER creating Due Process. This gives the petitioner the opportunity to Respond to the Noted Deficiencies and creates a back and forth effort in search of the truth in facts.

4. However, when filling a complaint without payment of fees, the process then becomes, as is here, a """"Your complaint is deficient."""" Which this court actually expressed with " Because a pro se litigant still must comply with the Federal Rules and Court procedures, and because the Court cannot conclude the proposed complaint is sufficient under Fed. R. Civ. P. 12(b)(6), the Court grants Plaintiff leave to file a proposed amended complaint."

5. After such order, objections and any filing from the Petitioner is then ignored/denied for the express purpose of minimizing and diminishing Due Process to nil.

6. Then all appeal is denied, all hearings are denied or ignored, and then the case is dismissed for failure to comply with an order the petitioner does not comprehend as it is as vague as a computerized error message by the Iconic computer the Apple //e which used to reply upon a malformed command "?SYNTAX ERROR". At least that was acceptable as it only regarded one command line input. In this case, the Court is applying the same "error message" to 22 pages of legalese.

7. Then 28 U.S.C. § 1915(e) states:

> *(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—*
>
> *(A) the allegation of poverty is untrue; or*
>
> *(B) the action or appeal—*
>
> *(i) is frivolous or malicious;*
>
> *(ii) fails to state a claim on which relief may be granted; or*
>
> *(iii) seeks monetary relief against a defendant who is immune from such relief.*

8. In other words, there is no Due Process and the Court is Ordered to Dismiss the Case – which seems to Violate the very essence of Separation of Powers as well as Due Process.

9. In arguendo, what would prevent the same law from saying: "*Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the Case makes Claim against Amazon.com or another Corporation.*"

10. Furthermore, the class of mandatory dismissals ordered upon this Court are not of the same Origins. Frivolous is a Legal Standard required in expression of opinions. Malicious is another Legal Standard required by the same – the same concepts no doubtly exist in any Court of origin, age, language, or religion so long as the same purpose of the Court is Maintained.

11. In stark contrast to the above, "fails to state a claim on which relief may be granted", specifically refers to a Rule of this Court as promulgated by the Supreme Court of the United States. Then it not only refers to that Rule, it then prescribes a required Court Action of Dismissal or Denial.

12. The Court has then Applied this in Unison with the "Application Process" to remove all elements of Due Process. In fact, this Court could easily Apply the two Laws together to deny any person of minority all due process rights, all appeal rights, and give no more to the petitioner than "With Consideration, your complaint is insufficient and therefor denied." This has the very effect of not allowing the Person to perfect their Argument. It also leaves this Court with an unreasonable amount of discretion in the "Application Process".

Dated: June 30, 2022                                Jason A Jensen

1                  //s/JasonAJensen

2                  Pro Se Plaintiff

3

4                  2186 Jackson Keller Rd
Ste 1097
San Antonio, TX 78213
PH: 402-598-1285
Email: jasonajensen@gmail.com

- 5 -
Case 6:22-cv-03140-BCW  Document 5  Filed 06/30/22  Page 5 of 5