IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON ADAM JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-CV-03140-BCW |
| | ) | |
| CITIBANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Plaintiff's Application for Leave to File Action Without Payment of Fees (Doc. #1) and Plaintiff's motion for hearing (Doc. #4). The Court, being duly advised of the premises, grants in part and denies in part said motion.

On June 1, 2022, Plaintiff Jason Adam Jensen, pro se, filed an Application for Leave to File Action Without Prepayment of Fees. (Doc. #1). On June 10, 2022, the Court issued an Order finding Jensen qualified to proceed in forma pauperis based on economic need but directed Jensen to file an amended proposed complaint. 28 U.S.C. § 1915(e)(2)(B)(i-iii) (Court may grant leave to proceed in forma pauperis only if it finds the case is not frivolous, malicious, fails to state a claim, or otherwise seeks monetary relief against a defendant who is immune).

On June 30, 2022, Jensen timely filed an amended proposed complaint. (Doc. #5). The Court thus considers Jensen's motion to proceed in forma pauperis with reference to the proposed amended complaint (Doc. #5) to determine whether the Court might properly grant Jensen's request to proceed without prepayment of fees under § 1915. Because Jensen is proceeding pro se, the Court liberally construes the proposed complaint's factual allegations. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

1

In reviewing the allegations of the proposed amended complaint along with public records available on Missouri Case.net for the 39th Judicial Circuit Court of Stone County, Missouri, the Court construes Jensen's claims as stemming from state case number 21SN-0AC00123 ("the state case"). Stutzka v. McCarville, 420 F.3d 757, 760 n.3 (8th Cir. 2005) (Court may take judicial notice of judicial opinions and public records); (Doc. # 5-1 at 22).

Broadly construing Jensen's factual allegations as set forth in the proposed amended complaint, Jensen had a contract with named defendants Citibank, N.A. and/or Citigroup Inc. These defendants assigned their contract rights to named defendant JH Met. Gamache is an attorney who represented JH Met in the state case. JH Met filed the state case against Jensen, which came before Stone County Judge Blankenship.

On January 7, 2022, Judge Blankenship entered a default judgment against Jensen. Jensen disputes he ever received services of process of JH Met's claims against him in the state case and asserts Gamache conspired with the Stone County Clerk's Office, Lebow as Court Clerk, and Sherriff Rader to fraudulently represent that Jensen had been served. The default judgment was subsequently set aside on January 27, 2022, and JH Met's claims against Jensen were set for bench trial on May 6, 2022. On May 5, 2022, JH Met voluntarily dismissed the petition. The docket reflects that Jensen appeared for the May 6, 2022 bench trial "in person having traveled here from Texas. Defendant is advised the Plaintiff has dismissed the case. Plaintiffs are directed to submit this case to arbitration in accordance with the cardholder agreement. Case dismissed without prejudice." JH Met Subsidiary B Liquidating v. Jason A. Jensen, No. 21SN-A00123-01, https://www.courts.mo.gov/casenet/cases/searchDockets.do (May 6, 2022).

In the proposed amended complaint, Jensen seeks compensatory and punitive damages, as well as declaratory relief, through the following claims. In Count I, Jensen alleges violations of §§

1692d and 1692e of the Fair Debt Collection Practices Act (FDCPA) against JH Met, Gamache, Lebow, and Judge Blankenship. In Count II, Jensen alleges violation 42 U.S.C. § 1983 against JH Met and Gamache for violating Jensen's due process rights. In Count III, Jensen seeks nullification of the Citibank defendants' assignment of a contract to JH Met. In Count IV, Jensen seeks a declaration of trademark abandonment as to the Citibank defendants' trademarked arbitration agreement. In Count V, Jensen alleges the State of Missouri, Stone County, Stone County Judge Cole, Lebow, and Sherriff Rader violated the Americans with Disabilities Act "surrounding accommodations and complaint procedures." In Count VI, Jensen alleges the State of Missouri, Chief Justice Paul Wilson, the Missouri Office of Court Administration, Kathy Lloyd in her official capacity as Missouri Office of State Courts Administrator, Stone County, Lebow, and Judge Cole improperly denied Jensen access to court records. Finally, in Count VII, Jensen seeks a declaratory judgment by writ of mandamus against Judge Blankenship to compel enforcement of an arbitration agreement.

As set forth above, the Court may not grant Jensen leave to proceed without prepayment of fees for claims that are frivolous, malicious, fails to state a claim, or that seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

**A. Justice Wilson, Judge Blankenship, and Judge Cole are immune from suit, and Count VII is otherwise dismissed.**

Jensen's proposed amended complaint seeks monetary relief against Stone County Judges Blankenship and Cole, as well as monetary relief against Missouri Supreme Court Chief Justice Paul Wilson. However, Missouri recognizes judicial immunity, which absolutely "protects conduct which is intimately associated with the judicial phase of the judicial process." Stalnacker v. Dolan, 631 S.W.3d 658, 661 (Mo. Ct. App. 2021). Jensen's allegations for relief against Judge

Blankenship stem from Judge Blankenship's rulings in the state case, such that Judge Blankenship is immune from suit through judicial immunity. Judge Blankenship is thus dismissed as a party.

Moreover, with respect to Count VII seeking declaratory relief against Judge Blankenship only, the state court record reflects that the default judgment entered against Jensen was set aside on January 27, 2022, and JH Met subsequently dismissed its petition against Jensen in favor of arbitration. Thus, Jensen has received the relief sought in Count VII under the circumstances of the state case and the claim for declaratory relief is now moot.

Similarly, Jensen alleges Judge Cole violated the ADA surrounding accommodations and complaint procedures. Leaving aside the conclusory nature of Jensen's allegations against Judge Cole, judicial immunity applies even if a judge has acted in excess of his or her authority for conduct associated with the judicial process. Judge Cole is thus entitled to judicial immunity and is dismissed as a party.

Additionally, Jensen alleges Chief Justice Wilson violated Jensen's access to Court records. Again, leaving aside the conclusory nature of Jensen's allegations against Chief Justice Wilson, judicial immunity applies to allegations of misconduct against Chief Justice Wilson, and he is thus dismissed as a party to Jensen's claims.

**B. Jensen is granted leave to proceed in forma pauperis on Count I against JH Met and/or Gamache only.**

Jensen's proposed Count I alleges violations of the FDCPA §§ 1692d and 1692e against JH Met, Gamache, and Lebow for abusive debt collection practices. Under § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Under § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

4

Affording Jensen's allegations broad construction in light of his pro se status, Jensen's FDCPA claim stems from JH Met, through its counsel Gamache, filing the state case against Jensen in an attempt to collect a debt, despite the terms of the assigned contract which required arbitration of any disputes. The Court grants Jensen leave to proceed in forma pauperis against JH Met and Gamache in Count I.

By contrast, however, Jensen's Count I alleges Lebow also violated the FDCPA, but the factual allegations of the complaint provide no basis from which the Court might infer Lebow was involved in the collection of any debt in her position as Court Clerk. The motion to proceed in forma pauperis as to Lebow in Count I is denied because Jensen fails to state an FDCPA claim against her.

**B. Jensen's motion to proceed in forma pauperis on Count II is denied.**

Jensen's proposed Count II alleges JH Met and Gamache deprived Jensen of due process in violation of 42 U.S.C. § 1983. Section 1983 provides an avenue for civil liability against state actors for the violation of constitutional rights. Because JH Met and Gamache are not state actors, no liability may arise against them under § 1983, Jensen's Count II fails to state a claim, and Jensen's motion to proceed in forma pauperis on Count II is denied.

**C. Jensen's motion to proceed in forma pauperis on Count III against the Citibank defendants is granted.**

In Jensen's proposed Count III, Jensen seeks to nullify the Citibank defendants' assignment of a contract. Jensen alleges "a right to contractual performance" by the Citibank defendants, and thus seeks to nullify the Citibank defendants' assignment of its contract rights to JH Met. The proposed complaint cites to § 57A-2-210 of the South Dakota Codified Laws: "[a] party may perform his duty through a delegate unless otherwise agreed or unless the party has a substantial interest in having his original promisor perform or contract the acts required by the contract." S.D.

5

Codified Laws § 57A-2-210(1). Broadly construing Jensen's factual allegations, Jensen is alleging a claim for breach of contract against the Citibank defendants for assigning their agreement with Jensen to JH Met. In light of Jensen's pro se status, the Court grants Jensen leave to proceed in forma pauperis against the Citibank defendants on Count III.

**D. Jensen's motion to proceed in forma pauperis on Count IV is denied.**

Jensen's proposed Count IV seeks cancelation of the Citibank defendants' trademark on the basis that the Citibank defendants abandoned their rights by assigning a contract to JH Met. A claim for cancelation of a trademark registration requires the plaintiff to show "they are likely to be damaged by the registration and that there are valid grounds why the registration should not continue to be registered." Dream Team Collectibles, Inc. v. NBA Props., Inc. 958 F. Supp. 1401, 1421 (E.D. Mo. Apr. 1997). The proposed complaint contains insufficient facts from which this Court might infer Jensen's standing to seek cancelation of the Citibank defendants' trademark rights. The motion to proceed in forma pauperis on Count IV is denied.

**E. Jensen's motion to proceed in forma pauperis on Count V is granted against the State of Missouri and Stone County only.**

In Count V of Jensen's proposed complaint, Jensen alleges Lebow, Sheriff Rader, Stone County, and the State of Missouri violated the Americans with Disabilities Act. Jensen alleges these defendants violated the ADA by not allowing Jensen to use his "cell phone as expertly configured to aide his disability." Jensen further alleges he suffers from bipolar disorder and his treatment in the course of defending the state case violated his rights under the ADA. Jensen alleges he was frustrated by telephone communications with the state court clerk's office, was "aggravated by years of being forced to wait on hold," and "act[ed] out in tone of voice, pitch, and attenuation." (Doc. #5-1 at 11-13). Broadly construing Jensen's allegations, he alleges these defendants violated the ADA because they did not reasonably accommodate his bipolar disorder.

6

Title II of the ADA "authorizes suits by private citizens for money damages against public entities that" discriminate against an individual with a disability. United States v. Georgia, 546 U.S. 161, 153 (2006) (citing 42 U.S.C. § 12132). "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in a Federal or State court of competent jurisdiction for a violation of this chapter." Id. (citing 42 U.S.C. § 12202).

To establish a violation of Title II of the ADA, a plaintiff must demonstrate the following: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or was otherwise denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against; and (3) that such exclusion or discrimination was "by reason" of the disability. Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998).

Under the applicable standard, the Court grants Jensen leave to proceed in forma pauperis against the State of Missouri and Stone County with respect to his proposed Count V for violation of Title II of the ADA. Though Jensen also names Lebow and Rader as defendants to this claim, individuals in their personal capacities are not subject to suit under Title II of the ADA. Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010). Moreover, official capacity claims under Title II of the ADA asserted against individuals in their official capacity are construed as against the public entity for which the official works. Id. Jensen's motion to proceed in forma pauperis on Count V as alleged against the State of Missouri and Stone County is granted.

**F. Jensen's motion to proceed in forma pauperis on Count VI is denied.**

Jensen's proposed Count VI alleges the States of Missouri, Stone County, the Missouri Office of State Courts Administrator (OSCA), Kathy Lloyd as State Courts Administrator, and Lebow violated Jensen's right of access to public documents. In particular, Jensen alleges the

7

computer system used by the Missouri Courts excludes certain documents from public access. (Doc. #5-1 at 21).

Jensen's factual allegations pertaining to Count IV are as follows: (1) Lebow is responsible for providing court records; (2) the OSCA designed and engineered Missouri Case.net; (3) Jensen was only able to access a document list for the state case and not the documents themselves; (4) Jensen requested a list of all cases to be heard on a particular date and Lebow denied the request on the basis of confidentiality; and (5) Lebow indicated Jensen would need to pay for $.25 per page of documents for his case.

There exists a presumption in favor of the public's right of access to court records. State ex rel. Winkler v. Goldman, 485 S.W.3d 783, 788 (Mo. Ct. App. 2016); Mo. Rev. Stat. § 109.180. "Courts must demonstrate a recognition of the presumptive right of access, and must offer some explanation for keeping records from public view." Id. (citing Transit Cas. Co. ex rel. Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Emps., 43 S.W.3d 293, 300 (Mo. 2001)). To demonstrate that the right of access has been violated, a plaintiff must show (1) a recognized cause of action; (2) restriction on that cause; and (3) that the restriction is arbitrary or unreasonable. Weigand v. Edwards, 296 S.W.3d 453, 461 (Mo. 2009).

Broadly construing Jensen's allegations, Jensen alleges the State of Missouri, the OSCA, Lloyd in her official capacity, Stone County, and Lebow in her official capacity denied Jensen access to documents. But Jensen does not allege any of these defendants withheld public documents. To the contrary, Jensen alleges Lebow refused to furnish Jensen with a list of cases to be heard in front of a particular judge on a particular day because the requested document "contains confidential information and it is for Court use only." (Doc. #5-1 at 6). Moreover, Jensen does not allege he was deprived of access to the state court records; rather, he alleges information about the

8

Case 6:22-cv-03140-BCW   Document 6   Filed 09/23/22   Page 8 of 10

state case was electronically available through Missouri Case.net, and if Jensen sought a paper copy of the documents, he would be charged $.25 per page. Because Jensen has not alleged sufficient facts from which the reasonable conclusion could be drawn that defendants placed an arbitrary or unreasonable restriction on Jensen's right of access, Jensen's proposed Count VI fails to state a claim and the motion to proceed in forma pauperis on Count VI is denied.

Based on the foregoing, Jensen's motion to proceed in forma pauperis is granted in part and denied in part. As set forth above, Jensen's proposed amended complaint is insufficient in part under Fed. R. Civ. P. 12(b)(6), and the Court cannot grant Jensen leave to proceed in forma pauperis on those claims that are insufficiently pleaded. Accordingly, it is hereby

ORDERED Jensen's Application for Leave to File Action Without Payment of Fees (Doc. #1) is GRANTED IN PART AND DENIED IN PART. The proposed complaint is deemed properly filed as of the date of this Order. Jensen is granted leave to proceed in forma pauperis with respect to Count I against JH Met and Gamache only, Count III against the Citibank defendants, and Count V against the State of Missouri and Stone County only. It is further

ORDERED Jensen's proposed Count I against Lebow and Judge Blankenship is DISMISSED. Jensen's proposed Counts II is DISMISSED. Jensen's proposed Count IV is DISMISSED. Jensen's proposed Count V against Judge Cole, Lebow, and Sheriff Rader is DISMISSED. Jensen's proposed Count VI is DISMISSED. Jensen's proposed Count VII is DISMISSED. It is further

ORDERED Jensen is granted leave to proceed in forma pauperis in this cause as to the following claims only:

-Count I alleging violation of the FDCPA against JH Met and Gamache only

-Count III alleging breach of contract against Citibank, N.A. and Citigroup Inc. only

-Count V alleging violation of Title II of the ADA against the State of Missouri and Stone County only

The motion to proceed in forma pauperis is otherwise denied.

Stated differently, the following defendants are dismissed as parties to this case under Fed. R. Civ. P. 12(b)(6): (1) Judge Blankenship; (2) Judge Cole; (3) Chief Justice Wilson; (4) the OSCA; (6) Kathy Lloyd in her official capacity; (7) Mechelle Lebow in her official capacity; and (8) Sheriff Rader in his official capacity. It is further

ORDERED the motion for hearing filed on June 15, 2022 (Doc. #4) is DENIED WITHOUT PREJUDICE. This matter shall proceed as detailed above and the Court may set an initial scheduling conference after service of process is complete. It is further

ORDERED the Clerk of the Court is directed to forward the appropriate process forms to Plaintiff at his address of record. Not later than **October 14, 2022,** Plaintiff shall return the completed summons and service forms to the Clerk's Office showing the address where the remaining defendants (J.H. Met, David Gamache, Citibank, N.A., Citigroup Inc., the State of Missouri, and Stone County) may be served. Upon receipt of the completed process forms, the Clerk of the Court is directed to issue summons and process and deliver the same to the United States Marshal for service, pursuant to Fed. R. Civ. P. 4. It is further

ORDERED Plaintiff's failure to return the completed summons and service forms to the Clerk's Office by the stated deadline may result in dismissal of this cause without further notice.

IT IS SO ORDERED.

DATE: September 23, 2022  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT