UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:22-CV-03140-BCW |
| CITIBANK, N.A., *et al.*, | ) |
| Defendants. | ) |

## DEFENDANT STONE COUNTY, MISSOURI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Stone County, Missouri ("Stone County"), by and through undersigned counsel, and for its answer and affirmative defenses to Plaintiff Jason Jensen's ("Plaintiff")'s First Amended Complaint[1], states and avers as follows:

### I. GENERAL DENIAL

Stone County, pursuant to Fed. R. Civ. P. 8(b)(3), hereby denies each and every allegation in Plaintiff's Petition not specifically admitted herein.

### II. FACTS SPECIFICALLY ADMITTED

Pursuant to Fed. R. Civ. P. 8(b)(3), Stone County specifically admits the following facts[2]:

1(8). Stone County admits it is a political subdivision of the State of Missouri and has offices located at Stone County Courthouse at 108 East 4th Street, Galena, Missouri.

---

[1] This Answer and Affirmative Defenses respond only to the claims that survived pursuant to the Court's Order dated, September 23, 2022. (Doc. 6). Pursuant to that Order, Defendant understands that, as it relates to claims against Stone County, Missouri and other Defendants associated with Stone County, the only claim that survived was against Stone County itself as to Count V. If undersigned counsel has misinterpreted the Court's Order, Stone County reserves the right to amend this Answer.

[2] Stone County has endeavored to mirror the numbering scheme of Plaintiff's First Amended Complaint.

1(12). Stone County admits Doug Rader is the elected Stone County Sheriff and that the Sheriff's office is located at 110 S. Maple Street, Galena, Missouri.

WHEREFORE, having fully answered Plaintiff's First Amended Petition, including the only remaining Count against Stone County, Count V, Defendant Stone County, Missouri respectfully prays that Plaintiff's First Amended Complaint be dismissed with prejudice; that judgment be entered in favor of Defendant and against Plaintiff; that Defendant be awarded costs, expenses, and attorney fee incurred herein; and for such other and further relief as the Court deems just and proper.

### III. AFFIRMATIVE DEFENSES

1. Stone County denies each and every allegation and count contained therein, individually and collectively fails to state a claim against Stone County upon which relief can be granted.

2. Stone County states this Court lacks personal jurisdiction over it, that proper service of process has not been obtained on it, and, further, the venue is not proper in this judicial district.

3. Stone County denies each and every allegation contained in Plaintiff Complaint which is not specifically admitted herein. In addition, Stone County specifically denies any allegations contained in any heading or unnumbered paragraph of Plaintiff's Complaint.

4. Plaintiff's claims are barred in whole or part because Plaintiff failed to properly exhaust applicable administrative remedies.

5. Plaintiff's Complaint is barred by the doctrines of accord, satisfaction, laches, consent, waiver, unclean hands, and/or estoppel.

6. Any and all damages Plaintiff may have suffered were a result of other parties to this litigation and/or unnamed parties who have not yet been determined, and are not the result of

any action of Stone County. Therefore, some or all the fault should be apportioned to these other parties or unnamed parties and not to Stone County, and any liability of Stone County should be proportionately reduced.

7. Any harm that Plaintiff may have suffered has been the result of an intervening act or superseding event caused by some person or entity other than Stone County, and Stone County cannot be held responsible for such intervening acts and superseding events.

8. Stone County is not jointly or severally liable for any damages caused to Plaintiff, and any law which allows joint and several liability is unconstitutional and violates public policy and the right of due process and equal protection guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

9. Stone County states it acted reasonably under the circumstances then existing, and its conduct was justified and/or privileged.

10. Stone County states that to the extent Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacked standing and fails to present a justiciable claim. Further, Plaintiff has adequate remedies at law available to him.

11. The claims against Stone County are without basis such that Stone County is entitled to an award of attorney fees and costs of defense.

12. Any actions taken by Stone County would have been the same regardless of Plaintiff's gender, age, race, disability, or any other protected category or activity.

13. At no time relevant herein was Plaintiff "disabled" within the definition set forth in the Americans with Disabilities Act, as amended and attendant regulations.

14. Stone County affirmatively pleads that any impairment Plaintiff had was transitory and minor. And, therefore, fails to meet the definition of a disability under the Americans with Disabilities Act, as amended.

15. Stone County was not required to engage in any interactive process with Plaintiff to determine a reasonable accommodation for Plaintiff's alleged disability, and Stone County could not have known of Plaintiff's limitations, if any, because Plaintiff failed to sufficiently disclose the nature, scope, and duration of such limitations, if any, or otherwise reasonably demonstrate a need for accommodation.

16. Stone County affirmatively pleads that no reasonable accommodation was available.

17. Stone County affirmatively pleads that Plaintiff's proposed or requested accommodation placed an undue hardship on Stone County.

18. Plaintiff's claims are barred to the extent Plaintiff failed to control a controllable disability or disease.

19. Stone County's actions were specifically authorized by the Americans with Disability Act, as amended, and/or the Missouri Human Rights Act.

20. Stone County affirmatively pleads that the actions Plaintiff complained of were required or necessitated by another law or regulation, whether state or federal.

21. Stone County affirmatively pleads that Plaintiff posed a direct threat to the health and safety of Plaintiff and/or others.

22. Stone County affirmatively pleads that, if Plaintiff sustained any damage or loss, which Stone County at all times denies, the same was negligible in degree and amount and, thereby, *de minimus*. Therefore, this Court should give no cognizance thereto.

23. To the extent Plaintiff seeks damages for medical treatment, § 490.715 RSMo limits evidence of medical costs to "the dollar amounts paid by or on behalf of a Plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity."

24. Stone County is entitled to a credit for any settlement or award Plaintiff may obtain from any other tortfeasor, and any such credit should reduce any liability Stone County may have to Plaintiff.

25. Stone County states that, with regard to Plaintiff's claims under The Americans with Disabilities Act, Plaintiff's recovery is limited by 42 U.S.C. § 1981a(b)(3).

26. If Plaintiff was damaged as alleged in his Complaint, which Stone County specifically denies, Plaintiff failed to mitigate such damages and, therefore, any recovery by Plaintiff should not include any loss which Plaintiff could have prevented by reasonable care and diligence.

27. Stone County states that if Plaintiff has suffered damages, then such damages should be apportioned to other causes or stressors in his life other than any action or inaction by Stone County.

28. Plaintiff is not entitled to an award of punitive damages against any Stone County being sued in Stone County's representative and/or official capacities.

29. Punitive damages are barred against one or more Defendant, pursuant to 42 U.S.C. § 1981a(b)(1), which insulates governments, government agencies, and political subdivisions from such damages in claims brought under the Americans with Disabilities Act, and punitive damages are otherwise unavailable for want of any demonstration that Stone County engaged in a

discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

30. Stone County affirmatively pleads that Plaintiff failed to satisfy the statutory requirements to receive pre-judgment interest under § 408.040.2 RSMo and is, therefore, barred from recovering the same.

31. To the extent Plaintiff attempts to sue any employee, elected official, or agent of Stone County in their individual capacities, such individuals are entitled to official immunity, qualified immunity, judicial immunity, prosecutorial immunity, and/or quasi-judicial/absolute immunity.

32. Stone County expressly reserves the right to raise, assert, and plead additional affirmative defenses which may become known and available through investigation and/or discovery.

        Respectfully submitted,

        **ENSZ & JESTER, P.C.**

        /s/ Matthew J. Gist
        MATTHEW J. GIST    MO #54732
        CHRISTOPHER M. NAPOLITANO MO #66610
        1100 Main Street, Suite 2121
        Kansas City, Missouri 64105
        Telephone: 816-474-8010
        Facsimile: 816-471-7910
        E-mails: mgist@enszjester.com
                    cnapolitano@enszjester.com
        **ATTORNEYS FOR DEFENDANT STONE COUNTY**

# CERTIFICATE OF SERVICE

       I hereby certify that, on November 16, 2022, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record. Additionally, a true and correct copy of the above and foregoing was sent via email transmission and U.S. Mail to the following:

JASON A. JENSEN
2186 Jackson Keller Rd., Suite 1097
San Antonio, Texas 78213
Telephone: 402-598-1285
E-mail(s): jasonjensen@gmail.com
**PLAINTIFF PRO SE**

    /s/ Matthew J. Gist
**ATTORNEYS FOR DEFENDANT**
**STONE COUNTY**