IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON ADAM JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-03140-CV-S-BCW |
| | ) | |
| CITIBANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING DEADLINES FOR FILING OF JOINT
PROPOSED SCHEDULING ORDER AND FOR RULE 26(f) CONFERENCE**

**No motion filed before the scheduling conference relieves the parties from compliance with the terms and provisions of this Order.**

**Any motion that does not comply with the page limitation set forth in L.R. 7.0 shall, unless filed with leave of Court, be stricken from the record.**

Appended to this Order is the "Tenets of Professional Courtesy" adopted by the Kansas City Metropolitan Bar Association. COUNSEL SHOULD BE AWARE THAT THE COURT EXPECTS ADHERENCE TO THE TENETS BY ATTORNEYS APPEARING IN THIS DIVISION. FURTHER, THE COURT BELIEVES IT TO BE IN THE INTEREST OF ALL CONCERNED FOR PARTIES TO BE AWARE OF THE COURT'S EXPECTATION. TO THAT END, COUNSEL SHALL FORWARD A COPY OF THE TENETS TO ALL CLIENTS INVOLVED IN THIS ACTION.

Pursuant to Fed. R. Civ. P. Rule 16 and Local Rule 16.2, this case is set for a pretrial scheduling teleconference on **January 25, 2023 at 9:00 a.m.** The parties are asked to call the Court's conference line at 1-877-336-1839; Access code: 6328169. The Courtroom Deputy, Tracy Diefenbach, will arrange participation. Counsel who appears for each party must have

authority to agree upon the proposals submitted in the joint proposed scheduling order/discovery plan.

Pursuant to Fed. R. Civ. P. Rule 26(f) and Local Rule 26.1(a), the parties shall meet to discuss settlement, make or arrange for Fed. R. Civ. P. Rule 26(a)(1) disclosures, and develop a proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f). This meeting shall take place no later than **December 28, 2022.** Discovery shall commence immediately after this conference is held.

The parties shall file a joint proposed scheduling order/discovery plan by **January 11, 2023.** Defendant's counsel, after consultation with Plaintiff, shall take the lead in preparing the proposed plan. The proposed plan shall comply with Local Rules 16.1(d), 16.1(f), 26.1(c) and 26.1(d). The proposed plan shall state the anticipated length of the trial and whether the case will be tried to the Court or to a jury. The proposed trial date shall not be sooner than **150 days** after the deadline proposed for filing of dispositive motions. It is expected that the deadline for completing discovery will not exceed 180 days from when the last defendant was served, unless extended by the Court for good cause.

Pursuant to Fed. R. Civ. P. Rule 26(f)(3)(C), the proposed plan should address any concerns or issues relating to electronically stored information (ESI). If applicable, the plan should address (1) what ESI is available and where it resides; (2) preservation of information; (3) the ease/difficulty and cost of producing such information; (4) the schedule and format of production; and (5) agreements about privilege or work-product protection.

Within fifteen (15) days from the date of this Order, each non-governmental corporate party must file a statement identifying all parent companies, subsidiaries (except wholly owned subsidiaries) and affiliates that have issued shares to the public.

If this case has been removed from state court and if a trial by jury has not already been specifically requested on the face of the Complaint or in a separate filing, the parties shall have twenty (20) days from the date of this Order to file a demand for trial by jury. Failure to file such a jury demand shall constitute a waiver of the right to a trial by jury. See Bruns v. Amana, 131 F.3d 761 (8th Cir. 1997).

These deadlines will not be stayed absent leave of court. Counsel are directed that the filing of motions, including motions to dismiss or remand, does not automatically stay any of the preceding deadlines.

Counsel are advised that the Court does not wish to receive courtesy copies of motions and other filings, except for dispositive motions and the respective responses. Rulings on non-dispositive motions will be expedited if a proposed order is provided to the Court. The proposed order should be typed in Word format and e-mailed to the Courtroom Deputy.

With respect to discovery, counsel are reminded that:

**1.** The number and form of interrogatories and depositions are governed by Fed. R. Civ. P. Rules 30, 31, and 33.

**2.** The time permitted for depositions is governed by Fed. R. Civ. P. Rule 30.

**3.** The procedure for resolving discovery disputes is governed by Local Rule 37.1.

**4.** The form of answers to certain discovery requests and the disclosures required by Fed. R. Civ. P. Rule 26 are provided in Local Rule 26.2.

**5.** The filing of motions does not postpone discovery. See Local Rule 26.1(b).

IT IS SO ORDERED.

DATED: November 21, 2022

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

# TENETS OF PROFESSIONAL COURTESY

**I**
**A LAWYER SHOULD NEVER KNOWINGLY DECEIVE ANOTHER LAWYER.**

**II**
**A LAWYER SHOULD HONOR PROMISES OR COMMITMENTS MADE TO ANOTHER LAWYER.**

**III**
**A LAWYER SHOULD MAKE ALL REASONABLE EFFORTS TO SCHEDULE MATTERS WITH OPPOSING COUNSEL BY AGREEMENT.**

**IV**
**A LAWYER SHOULD MAINTAIN A CORDIAL AND RESPECTFUL RELATIONSHIP WITH OPPOSING COUNSEL.**

**V**
**A LAWYER SHOULD SEEK SANCTIONS AGAINST OPPOSING COUNSEL ONLY WHERE REQUIRED FOR THE PROTECTION OF THE CLIENT AND NOT FOR MERE TACTICAL ADVANTAGE.**

**VI**
**A LAWYER SHOULD NOT MAKE UNFOUNDED ACCUSATIONS OF UNETHICAL CONDUCT ABOUT OPPOSING COUNSEL.**

**VII**
**A LAWYER SHOULD NEVER INTENTIONALLY EMBARRASS ANOTHER LAWYER AND SHOULD AVOID PERSONAL CRITICISM OF ANOTHER LAWYER.**

**VIII**
**A LAWYER SHOULD ALWAYS BE PUNCTUAL.**

**IX**
**A LAWYER SHOULD SEEK INFORMAL AGREEMENT ON PROCEDURAL AND PRELIMINARY MATTERS.**