UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br>　　　Plaintiff,<br>v.<br>CITIBANK, N.A., et al.,<br>　　　Defendants. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding |

**PLAINTIFF'S NOTICE OF OBJECTIONS, MOTION TO VACATE, MOTION FOR DEFAULT, HEARING**

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), with OBJECTIONS to ORDER dated 11/21/2022 by District Judge Brian C Wimes, as follows, TO WRIT:

ORDER Defendant David R. Gamache's Motion for Extension of Time (Doc. #14) is GRANTED. Defendant Gamache is granted leave to answer or otherwise respond to the complaint on or before December 21, 2022. **Motions of this type are properly filed at least three days before the filing deadline established by rule or Court Order**. Signed on 11/21/2022 by District Judge Brain C Wimes. (emphasis added)

Mr. Gamache was served by the US Marshalls on 10/31/22 at 2:34PM CST, according to declaration and signature of affidavit. Following the Rules, as the Court Clerk, Miss Rebecca Furtak, did – the response was timely by 11/21/2022. However, Mr. Gamache filed the Motion for Extension of Time on 11/21/2022 at 2:59PM with the reasoning as follows "Due to the press of business and evidentiary hearings during the week of November 14 and November 21, counsel for Gamache requires additional time to respond to Plaintiff's Complaint."

First, all evidentiary hearings for the weeks of November 14 and November 21, as a matter of course, would have been scheduled with enough advanced warning to plan a response to JENSEN's Complaint. Then as evidenced by the entry of appearance, Klein and Frankel, Rubin, Klein, Payne & Pudlowski, P.C., employing some 16 lawyers according to their website, appears to have plenty of resources to handle the overflow of the Burden of responding to a Civil Complaint in a timely fashion.

While JENSEN is a strict proponent of deciding a case on the Merits, this case is entirely about the abuse of process purported by GAMACHE to get a Judgement outside the Merits of the Stone County Case. This seems to be a furtherance of that effort.

Additionally, this sends a clear message that JENSEN's claims here are inconsequential and not given the same attention as others.

This case is also firmly about the topics of Discrimination of the Protect Class of Disabled. What is JENSEN to suppose from an Order of the Court that clearly Violates the Rules of the Court, as denoted by this Court in its own Order, in benefit to the Defendant GAMACHE? Discrimination is entirely about the rules and operation apply to people on different predispositions without reason entirely made of ANIMUS.

"Under Rule 52(a) of the Rules of Civil Procedure, a finding of fact by the trial court is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Gypsum Co., 333 U.S. 364, 365 (1948)

WHEREFORE:

JENSEN, hereby, calls for a hearing.

JENSEN requests the ORDER dated 11/21/2022 be vacated under Rule 52(a).

JENSEN request the entering of Default Judgement against Defendant GAMACHE.

Any and all relief this Court has the authority and duty to issue.

This motion having service requirements, and in forma pauperis status, if required, and order to serve these restraining and enjoining reliefs served upon the parties by the US Marshalls Service.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 21st of November 2022.

//s/JasonAJensen