UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| JASON ADAM JENSEN, | Case No. 6:22-CV-03140-BCW |
|---|---|
| Plaintiff, | |
| v. | Honorable Judge Wimes Presiding |
| CITIBANK, N.A., et al., | |
| Defendants. | |

**JENSEN'S REPLY TO DEFENDANT STONE COUNTY, MISSOURI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), in reply to Stone County Response to JENSEN's First IFP Amended Complaint pursuant to Fed. R. Civ. P. 27(a)4.

In response to Stone County's Section I "General Denial", this denial seems to be in contradiction of fact.

In response to Section II "Facts Specifically Admitted", which is limited to two admissions, that Stone County is a Political Subdivision of Missouri and that Mr Radar is the elected Sheriff of Stone County: JENSEN looks forward to the disclosure, discovery, depositions, and interrogatories to get more admissions from the County of STONE.

In Response to Section III "Affirmative Defenses":

Paragraph 1: Seems a bit repetitive. JENSEN objects upon REPETITION. It seems blanketly discriminatory to outright deny everything – is STONE county claiming JENSEN is delusional? JENSEN has phone call recordings, email messages, and video of events.

Paragraph 2: Stone County was served by ORDER of this Court by the US Marshall's Office in the Court which local rules designates Jurisdiction by Name (STONE). JENSEN believes this is perfected service, and here Stone County is waiving service by not appearing under SPECIAL APPEARANCE.

Paragraph 3: JENSEN objects to this repetition upon these repeated blanket denials. One should be enough. To BLANKET deny everything does not affirmatively defend any part of JENSEN's claims.

Paragraph 4: Under the Americans with Disabilities Act ("ADA"), and associated CFRs, the ADA dispute process is mandated and the sole required remedy for complaints under the ADA. During that process, STONE's response to JENSEN's accommodations of demeanor, tone, and loudness on the phone was responded to by requesting JENSEN refrain from services until such conditions did not exist. JENSEN appealed such decision, whereas the Policy designated by the Clerk of Court STONE County, was to call a meeting with the Presiding Justice of Stone County. Not only were no state laws regarding Meetings adhered to, the meeting was closed without VOTE. SEE: Rev. Mo. Stat. 610.011. The ADA grievance process is entirely about changing the operation and policy of the State to abide by the unique requirements of all Disabled. The ADA defines "disabled" as "a person who has a physical or mental impairment that substantially limits one or more major life activity".

Paragraph 5: How does one reply to this? The doctrines of "accord, satisfaction, laches, consent, waiver, unclean hands, and/or estoppel" is so broad and encompassing, especially without any specific facts, that this "affirmative defense" is meaningless. JENSEN moves to STRIKE.

Paragraph 6: The complaint surrounding Count V is entirely about the County of STONE, its operators, agents, and/or employees. JENSEN had named specific parties but were DISMISSED by this COURT within the In Forma Pauperis stage of this Case. Seems quite convenient that the Court dismisses the people involved, for the County to later claim the people are responsible and not the County.

Paragraph 7: This seems like the County is saying the Court did actions, which supersede the County, and the Court was named and dismissed as "immune". The ADA falls under the 14th Amendment and the Commerce Clause of the Constitution and Bill of Rights – as it specifically denies all sovereign immunities.

Paragraph 8: Does the County even enjoy "due process" and/or "equal protection" under the Fifth and Fourteenth Amendments to Constitution? As a political subdivision of the State of Missouri, STONE county is not a Person. Whatever protections STONE county has, they rest entirely within the concepts of Sovereign Immunity and/or the Tenth Amendment.

Paragraph 9: reasonably is a determination STONE county is not allowed to make. Violations of the ADA are never "justified and/or privileged".

Paragraph 10: the remedies under the ADA specifically allow for "injunctive or equitable relief", all that is needed for "standing" is to be a qualified person and to present facts supporting discrimination or failure to accommodate. JENSEN has done that.

Paragraph 11: This case has passed the In Forma Pauperis stage. Had this case been "frivolous" they would have been dismissed as the other Counts were. The Federal Court are quite zealous in this matter.

Paragraph 12: JENSEN takes this as an admission that no accommodations were even considered. To accommodate the disabled is to modify programs, services, etc. to allow the disabled to participate. To repeated hang up on a person, not want to interact with them, tell them not to call when they are "upset" – or whatever, is the antithesis of what STONE county is presenting here. To say I was treated as anyone else would be – is to say, as disabled, JENSEN's class of disability, namely mental illness, is not entitled to any accommodations whatsoever – as he should be treated as everyone else. This is despite the fact that mental health disabilities rest squarely in the realm of "behavior health" –

meaning all accommodations would require modification regarding how the Regulated Entity, in this case STONE county, responded to JENSEN's behavior.

Paragraph 13. This statement directly contradicts the findings of the Social Security Administration, which determined JENSEN is disabled, has been since approximately 2012, pays JENSEN Social Security Benefits Monthly, went through every review process the Social security administration has including the Council, and was reviewed in 2021 or thereabouts. This seems like an attempt to force JENSEN to provide medical record in this case to abuse, harass, humiliate, and intimidate JENSEN.

Paragraph 14: So why did the Court clerk repeated hang up the phone on JENSEN? Bipolar and Schizophrenia are not transient diseases. They are intractable, incurable, and encompassing diseases. Amazingly, when JENSEN's freedom is to be decided, JENSEN's disorder/disease is EVERYTHING and an EMERGENCY. Otherwise it is nothing and not valid under the ADA.

Paragraph 15: The ADA is so broad in what it defines as a disability, to not interactively work with that person and the unique elements of their disability is a denial of accommodations.

Paragraph 16: JENSEN would like a list of ALL accommodations available to the mentally ill. Perhaps, specifically, the severe diseases such as autism, bipolar, and schizophrenia.

Paragraph 17: How would allowing "shouting" on the phone, or engaging in the ADA dispute process, pose an "undue hardship". All accommodations include some sort of cost. Ramps are expensive too but are provided for the physically disabled.

Paragraph 18: This is a reference to medication. While JENSEN is sue giving antipsychotics to a bull would help a barista with its tranquilizing effects. This is the only drug on the market that everyone seems convinced that is guaranteed to work. JENSEN has tried dozens. Side effects include tiredness,

hormonal imbalances, weight gain, and more. But the COUNTY should google "Antipsychotic induced dopamine supersensitivety" were the drugs make the condition worse.

Paragraph 19: The ADA never authorized forcing a person to wait outside in the cold rain to entertain a meeting as required by the dispute process.

Paragraph 20: Actually the meeting was governed by the Sunshine Act, whereas it was to be open and allow recording and documentation.

Paragraph 21: To say that JENSEN "posed a direct threat to the health and safety of Plaintiff and/or others" without any facts is scandalous. It erodes the integrity of this court, corrupts the MAP process as no fruit will come of mediation if everyone is scared of JENSEN and just wants to avoid him, and seems to be direct slander which defendant STONE suspects is permissible under litigation privilege, sovereign immunity, or otherwise.

Paragraph 22: JENSEN is sure under ANIMUS the COUNTY of STONE believes all injury to JENSEN is de minimus.

Paragraph 23: Ok.

Paragraph 24: JENSEN denies.

Paragraph 25: JENSEN was not employed by the STONE or MISSOURI.

Paragraph 26: JENSEN is required to use State services. JENSEN cannot mitigate that. Also, JENSEN was the defendant in a civil matter.

Paragraph 27: This would be like saying the mentally ill can never be compensated for any damages ever.

Paragraph 28: JENSEN would like to challenge that precedence, if any exists, here.

Paragraph 29: Again, JENSEN was never employed by STONE or MISSOURI.

Paragraph 30: To ease the burden on this Court, JENSEN will waive any interest if this matter takes less than 2 years from service of process.

Paragraph 31: Sure, everyone has immunity so no relief can ever be given – despite the ADA specifically removing such a situation by the 14th Amendment and the Commerce Clause, which preempt State law.

Paragraph 32: JENSEN reserves the same Rights.

WHEREFORE:

This response having service requirements, and in forma pauperis status, if required, and order to serve this document.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 23st of November 2022.

//s/JasonAJensen