UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:22-CV-03140-BCW |
| CITIBANK, N.A., *et al.*, | ) ) ) |
| Defendants. | ) |

**DEFENDANT STONE COUNTY'S OPPOSITION TO PLAINTIFF'S REPLIES TO DEFENDANT STONE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Stone County, Missouri (the "County"), by and through undersigned counsel, and for its opposition to Plaintiff Jason Adam Jensen's (Jensen) *Reply to Defendant Stone County, Missouri's Answer and Affirmative Defenses To Plaintiff's Amended Complaint* (Doc. 21) *Jensen's Pretrial Memorandum on His Disability* (Doc. 22), and *Jensen's Second Memorandum On His Disability And Administrative Process for Relief* (Doc. 23) states as follows:

1. On November 16, 2022, after the Court did a review of Jensen's proposed amended complaint and dismissed many of the claims alleged therein (Doc. 6), the County filed its *Answer and Affirmative Defenses to Plaintiff's Amended Complaint* to the remaining claims (Doc. 11).

2. On November 24, 2022, Jensen filed a pleading styled *Reply to Defendant Stone County, Missouri's Answer and Affirmative Defenses to Plaintiff's Amended Complaint.* (Doc. 21).

3. On November 25, 2022, in apparent further "reply to Stone County Response to JENSEN's FIRST IFP Amended Complaint" filed another document styled *Jensen's Memorandum on his Disability*. (Doc. 22)

4. Further, on November 27, 2022, Jensen filed *Second Memorandum On His Disability and Administrative Process for Relief*. (Doc. 23) Again, apparently in further support of his *Reply to Defendant Stone County's Answer and affirmative Defenses to Plaintiff's Amended Complaint*.

5. While Stone County is unable to clearly discern what relief Jensen seeks by filing his replies, and how their contents relate, wholistically, to *Defendant Stone County, Missouri's Answer and Affirmative Defenses To Plaintiff's Amended Complaint*, it does appear that in Doc. 22, Jensen takes issue with the County's Affirmative Defense outlined in paragraph 21, which asserts the affirmative defense of "direct threat" under the Americans with Disabilities Act. While Jensen clearly takes issue with that defense, it is explicitly provided for in 28 C.F.R. § 36.208, which states, "[t]his part does not require a public accommodation to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of that public accommodation when that individual poses a direct threat to the health and safety of others."

6. Moreover, in his *Second Memorandum On His Disability and Administrative Process for Relief,* Jensen purports to file said pleading pursuant to Fed. R. Civ. P. 27(a)(4)—a reply to a response to a motion/application for relief. However, there is no such motion/application pending, and the County has not filed any response to such a motion/application. As a result, Jensen's *Second Memorandum On His Disability and Administrative Process for Relief* is not properly made under Fed. R. Civ. P. 27(a)(4). Instead, like Docs. 21 and 22, appears to be a further reply to *Defendant Stone County, Missouri's Answer and Affirmative Defenses To Plaintiff's Amended Complaint*.

7. Fed. R. Civ. P. 7 clearly delineates the pleadings that are allowed to be filed. Specifically, as to replies to answers, Fed. R. Civ. P. 7(a)(7) states, "Only these pleadings are allows: . . . *if the court orders one,* a reply to an answer." (emphasis added).

8. Here, the Court has not ordered Jensen to file a reply to the County's Answer. Therefore, Jensen's *Reply to Defendant Stone County, Missouri's Answer and Affirmative Defenses To Plaintiff's Amended Complaint* is not permitted.

9. To the extent the Court construes Jensen's *Reply to Defendant Stone County, Missouri's Answer and Affirmative Defenses To Plaintiff's Amended Complaint*, *Jensen's Pretrial Memorandum on His Disability* (Doc. 22), and *Jensen's Second Memorandum On His Disability And Administrative Process for Relief* (Doc. 23) as something other than replies to an answer filed without leave in violation of Fed. R. Civ. P. 7(a)(7), Defendants request additional time to respond to Jensen's pleadings.

WHEREFORE, Defendant Stone County, Missouri, respectfully requests that the Court strike Jensen's *Reply to Defendant Stone County, Missouri's Answer and Affirmative Defenses To Plaintiff's Amended Complaint*, *Jensen's Pretrial Memorandum on His Disability* (Doc. 22), and *Jensen's Second Memorandum On His Disability And Administrative Process for Relief* (Doc. 23) as non-compliant with Fed. R. Civ. P. 7(a)(7), and for all other relief this Court deems just and proper.

Respectfully submitted,

**ENSZ & JESTER, P.C.**


/s/ Chris Napolitano
MATTHEW J. GIST　　　　　MO #54732
CHRISTOPHER M. NAPOLITANO MO #66610
1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:　816-474-8010
Facsimile:　816-471-7910
E-mails:　　mgist@enszjester.com
　　　　　　cnapolitano@enszjester.com
**ATTORNEYS FOR DEFENDANT
STONE COUNTY, MISSOURI**

# CERTIFICATE OF SERVICE

   I hereby certify that, on November 30, 2022, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record. Additionally, a true and correct copy of the above and foregoing was sent via email transmission to the following:

JASON A. JENSEN
2186 Jackson Keller Rd., Suite 1097
San Antonio, Texas 78213
Telephone: 402-598-1285
E-mail(s): jasonjensen@gmail.com
**PLAINTIFF PRO SE**

                /s/ Chris Napolitano
                **ATTORNEYS FOR DEFENDANT**
                **STONE COUNTY, MISSOURI**

5
Case 6:22-cv-03140-BCW   Document 26   Filed 11/30/22   Page 5 of 5