UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br>　　Plaintiff,<br>v.<br>CITIBANK, N.A., et al.,<br>　Defendants. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding |

**JENSEN'S RESPONSE TO DEFENDANT STONE COUNTY'S ~~OPPOSITION TO PLAINTIFF'S REPLIES TO DEFENDANT STONE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES~~ MOTION TO STRIKE**

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), ~~in OPPOSITION to DEFENDANT STONE COUNTY'S OPPOSITION TO PLAINTIFF'S REPLIES TO DEFENDANT STONE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES~~ DEFENDANT STONE COUNTY'S MOTION TO STRIKE.

**DEFINITION OF MOTION**

According to law.cornell.edu the definition of Motion is:

Request to a court for a desired ruling or order.

**NATURE OF STONE COUNTY'S RESPONSE TO JENSEN'S COMPLAINT IS A MOTION**

Foregoing is the WHEREFORE clause in STONE COUNTY'S Response to JENSEN Amended Complaint:

*WHEREFORE, having fully answered Plaintiff's First Amended Petition, including the only remaining Count against Stone County, Count V, Defendant Stone County, Missouri respectfully* **_prays that Plaintiff's First Amended Complaint be dismissed with prejudice; that judgment be entered in favor of Defendant and against Plaintiff; that Defendant be awarded costs, expenses, and attorney fee incurred herein; and for such other and further relief as the Court deems just and proper._** *(emphasis added)*

### SECTION I – The Destruction of Court Integrity by Judicial Officers

What an amazing Motion just submitted by STONE County's Attorney at Law. First, this is a MOTION TO STRIKE filed under other pretenses.

Most Corruptingly, there is no Mention of Rule 12(f).

### SECTION II – Paragraph by Paragraph Response to MOTION TO STRIKE

Paragraph 1. Irrelevant. Seems to indicate that since some elements were dismiss more deficiencies remain.

Paragraph 2. JENSEN did file such a document in reply to the requests for relief contained within the Response.

Paragraph 3. JENSEN did file such a document after STONE COUNTY made JENSEN's Disability an Issue by Calling it Into Question. If it existed, the scope in which it interferes with JENSEN's daily activities under the ADA.

Paragraph 4. So according to this attorney, he can propose that JENSEN must be required to follow administrative remedy, but that must remain un-answered. JENSEN has the absolute right to present evidence to this Court. To make issue of "administrative remedies" – JENSEN INDEED WANTS TO MAKE MANY ISSUES OF ADMINISTRATIVE REMEDIES. Anyways, it was a PRETRIAL MEMORANDUM, in which there are seemingly no rules to be found on – nor should they. Another way to present fact would just to NOTICE anything – such as NOTICE OF NATURE OF JENSEN'S DISABILITY. Such a thing cannot be stricken and it would be useless to do so as many opportunities must exist to accomplish the same goal.

Paragraph 5. Counsel for the Defense cannot decern the remedy sought because NO REMEDY WAS SOUGHT. Under the WHEREFORE CLAUSE, you will find nothing (except a concern for Service of Process of those not present – which may not even be needed). Counsel cannot infer relief to say JENSEN broke the Rules upon when Counsel doesn't like facts presented to the Court that disrupt his affirmative defenses.

**LORD HAVE MERCY AND HELP JENSEN MAINTAIN AND AVOID CONTEMPT IN THIS COURT.**

The definition of Incompetence is the "inability to do something successfully; ineptitude."

28 CFR 36.208 and its reference to "public accommodations" is business. Here is the entire CFR:

> *(a) This part does not require a* **public accommodation** *to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of that* **public accommodation** *when that individual poses a direct threat to the health or safety of others.*
>
> *(b) In determining whether an individual poses a direct threat to the health or safety of others, a* **public accommodation** *must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available*

*objective evidence, to ascertain: The nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk.*

JENSEN has the absolute RIGHT to access the COURTS. Even if Council was correct in his analysis – that CFR, that limited JENSEN's Due Process and Access to the Courts, would be blatantly unconstitutional. 28 CFR § 36.104 – Definitions states "Place of public accommodation means a facility operated by a private entity whose operations affect commerce and fall within at least one of the following categories" and then lists things like lodges, banks, restaurants, and stores.

If Defense for STONE is now to be believed, it torpedoed JENSEN image here, disrupted the MAP program, and ruined JENSEN's thanksgiving with anxiety and fear because Counsel for Defense does not understand the different Titles of the ADA – JENSEN will summarize. Title I is Employment, title II is State Government and Political Subdivisions, and Title III is "Public Accommodations".

What a bunch of scandalous outrageous acts from STONE and Counsel.

Paragraph 6. Apparent from this statement is a lack of understanding of what a "memorandum" is. The dictionary defines memorandum as "a written message in business or diplomacy." Defense for STONE county is doing great here – if JENSEN cannot describe or present evidence to explain his disability here then the Americans with Disabilities Act is likely unconstitutional.

Paragraph 7. STONE County's "Reply" was nothing of a sort. It was however, a MOTION TO DISMISS, MOTION FOR FEES INCLUDING LAWYER FEES. Such a request for relief demands a response from JENSEN under Court rules and the Essence of the Court under Common Law. IT IS WHOLLY

INAPPROPRIATE FOR AN ATTOURNEY TO EXPECT SUCH A THING TO GO UNANSWERED or WORSE REQUEST A RESPONSE TO PRAYERS TO BE STRICKEN.

Paragraph 8. The Court need not – Defense made prayers for relief after a blanket denial. Perhaps in the future, Counsel will file a response accompanies by a MOTION TO DISMISS? JENSEN's point here is – isn't that what Defense for STONE is attempting to do? File a Motion to Dismiss and then bar any response to that Motion? Oh, oh, Where are My Wordsmith Ethics to be Found? What does it mean to operate ethically? JENSEN contends the words "lawyer ethics" is an oxymoron.

Paragraph 9: Oh, well apparently this Motion to Strike is also a Motion to Extend Time – without following those rules as well.

WHEREFORE:

JENSEN prays to the Judge of Natural Law that these Words Carry Weight.

JENSEN prays that this Court restore JENSEN's Equity under the Law.

JENSEN prays for this Court denies Defendant STONE's Motion to Strike and Motion for Time Extension.

This response having service requirements, and in forma pauperis status, if required, and order to serve this document.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 30th of November 2022.

//s/JasonAJensen