UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON ADAM JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-CV-03140-BCW |
| | ) | |
| CITIBANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUGGESTIONS IN SUPPORT OF DEFENDANT STATE OF MISSOURI'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Jason Adam Jensen, a *pro se* litigant, alleges *inter alia* Defendant State of Missouri (hereinafter "Defendant") violated Title II of the Americans with Disabilities Act ("ADA") (Doc. 5-1). Plaintiff's First Amended Complaint fails to provide any facts supporting his claim that the State failed to accommodate him due to a disability. As such, Defendant moves to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

I. **Statement of Facts**

Plaintiff alleges that Defendant violated his rights under Title II of the ADA during the course of a state court lawsuit. Doc. 5-1. Plaintiff claims that during the state court lawsuit, Defendant violated his rights under Title II of the ADA by refusing his request for a special or reasonable accommodation

surrounding the use of an electronic disability device. (*Id.* at ¶ 10). Plaintiff states his cell phone was expertly configured aid his disability. (*Id.*). Plaintiff further alleges that he "had no intention of entering any Courtroom with said device" and was there for a meeting to address a discrimination complaint against the Clerk. (*Id.* at ¶ 10).

Plaintiff also appears to bring his claim based on the county clerk's failure to accommodate his Bipolar disorder by which causes him to yell at county employees. (*Id.*) Plaintiff appears to assert that clerk's office could have reasonably accommodated his yelling by using the phone's volume control (*Id.*). Plaintiff alleges that the failure to provide for this accommodation (*i.e.*, the use of volume control so he could yell at the clerk), and the premature termination of these calls, constitutes discrimination. (*Id.*).

Plaintiff continues to explain that his Bipolar diagnosis "causes him to act inappropriate toward others based on triggers." (*Id.* at ¶ 18). Plaintiff then explains that the Clerk's phone line which requires prompts to route a call has become "impersonally irritating to his emotional state" which causes him to "act out in tone of Voice, Pitch, and Attenuation." (*Id.*).

Plaintiff next alleges that during this state court lawsuit, he was forced to drive 1000 miles from Texas to Stone County Missouri, to attend a bench trial set on May 6, 2022. (*Id.*). Plaintiff claims that he was stuck in a severe snow storm on the drive, called the clerk multiple times, was hung up on three

times for yelling, and was refused accommodations. (*Id.*). Plaintiff alleges that his case was dismissed the day before trial. (*Id.*). Plaintiff then claims that he was given 3 hours' notice of a meeting where accommodations for his cell phone were denied. (*Id.*). Due to these purported violations, Plaintiff seeks punitive damages, compensatory damages, and injunctive and declaratory relief. (*Id.* at pg. 22-23).

II. **Legal Standard.**

When reviewing a motion to dismiss for failure to state a claim, the Court must liberally construe the complaint in favor of plaintiff and accept all material allegations of fact in the complaint as true. *May v. C.I.R.*, 752 F.2d 1301, 1303 (8th Cir. 1985). Plaintiffs, however, are required to allege more than labels and conclusions, and must plead facts that rise above mere suspicions of a legally cognizable right of action and state a claim for relief plausible on their face. *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When reviewing a motion to dismiss, the court may also consider pleadings, materials embraced by pleadings, exhibits attached to pleadings, and matters of public record in resolving a motion to dismiss. *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). Determining plausibility is a context-specific task that requires the court to draw upon its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Where the well-pleaded facts allow the court to

reasonably infer that the defendant is liable for the misconduct alleged, rather than the mere possibility of misconduct, a claim is facially plausible. *Id.* at 678.

III. **Argument.**

**Plaintiff failed to state a claim against the State of Missouri for an ADA violation.**

Title II of the ADA prohibits discrimination in public services and states that:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. In order to establish a violation under Title II, a plaintiff must show: (1) they are a qualified individual with a disability, (2) excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and (3) such exclusion, denial of benefits, or other discrimination, was by reason of his disability. *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998).

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleader must establish more than a wholly conclusory statement of the claim to survive a motion to dismiss or the possibility that some set of *undisclosed* facts might establish support for

recovery. *Twombly*, 550 U.S. at 561 (emphasis added). *Iqbal* established a two-pronged approach to evaluate complaints: (1) separate pleadings of fact from pleadings of conclusion; (2) evaluate factual assertions to determine whether they plausibly suggest an entitlement to relief. *Iqbal*, 556 U.S. at 664.

Here, Plaintiff has failed to allege how the State either excluded him from or denied him a public benefit due to his disability. Plaintiff's allegations voice multiple grievances that he experienced during his state court judicial proceedings but ultimately fails to articulate a claim. Plaintiff alleges defendants in this case refused him a special accommodations surrounding the use of a cell phone that was expertly configured but provides no facts supporting this assertion. (Doc. 5-1 at ¶ 10). Plaintiff does not state when the request was made, who he made it to, the details of the request or proposed accommodation, and any benefits or access that was actually denied to him. Since there are no factual allegations providing any context for the basis of his claim, the Court cannot determine whether these conclusory allegations have any merit and dismissal is warranted. Furthermore, Defendants are entitled to be noticed as to the basis of the claim against them so they may prepare a proper defense. After reviewing this complaint, Defendants are unable to determine what conduct they committed that could liberally be construed as an ADA violation. As such, Count V should be dismissed against the State of Missouri.

Page **5** of **6**

Case 6:22-cv-03140-BCW    Document 32    Filed 12/05/22    Page 5 of 6

IV.     **Conclusion**.

Defendant State of Missouri respectfully requests that this Court dismiss Count V of Plaintiff's First Amended Complaint. Plaintiff has failed to allege sufficient facts demonstrating a violation of the ADA.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Anna Connelly*
Assistant Attorney General
Missouri Bar No. 67428
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Telephone: (816) 889-5000
Fax: (816) 889-5006
E-Mail: Anna.Connelly@ago.mo.gov
*Attorney for State of Missouri*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of December, 2022, a copy of the foregoing was filed through the Court's PACER system, which sent an electronic copy to all counsel of record, and to *Plaintiff Pro Se* at jasonjensen@gmail.com.

*/s/ Anna Connelly*
Assistant Attorney General