UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br>    Plaintiff,<br>v.<br>CITIBANK, N.A., et al.,<br> Defendants. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding |

**JENSEN'S SUGGESTIONS IN OPPOSITION TO DEFENDANT STATE OF MISSOURI'S MOTION TO DISMISS**

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), brings this Motion under Fed. R. Civ. P. 27(a)(3) and whatever Common Law Right is enumerated by this Court representing the Rights of a Person to respond to a Motion, in this case to Dismiss.

**FOREWORD:**

Repeatedly, Defendants have made issue of evidence not in Court. However, when attempting to bring such evidence, for example under Fed. R. Evid. 201, 402, 405, and/or 406 in a Memo. The resultant is a Motion to Strike. JENSEN would like Judicial Notice, that while the complained about "deficiencies" may not have been in front of this Court, in Regards to the Americans with Disabilities Act Claims (Count V), defendants STONE and MISSOURI definitely had such evidence, created with them in exchange of discourse, in their possession. This brings an element of dishonesty in a defense related to insufficient evidence even before disclosure.

> *In the 1980s, the United States Supreme Court decided a "trilogy" of cases that made summary judgment even more important to modern litigation. Specifically, in*

> *Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), the Court held that party can obtain summary judgment by simply challenging the opposing party's ability to present sufficient evidence as to an issue on which they will bear the burden of proof at trial. The burden then shifts to the opposing party to marshal evidence sufficient to show that the issue is genuinely in dispute and must be resolved by a judge or jury weighing the evidence at trial. If the opposing party fails to marshal such evidence, however, then the court can dismiss a claim, defense, or entire case before trial. In essence, Celotex removed the obligation for parties "prove a negative" on issues where they do not have the burden of proof. Instead, if a party has the burden of proof, they must be prepared to marshal evidence that could carry that burden at trial or face dismissal. (Jeffers, Danielson, Sonn & Aylward, P.S. out of Washington at https://www.jdsalaw.com/articles/dont-neglect-to-address-affirmative-defenses-what-plaintiffs-moving-for-summary-judgment-in-washington-need-to-know/)*

Paramount in the actions and dealings of this Court is the Common Law Principle memorialized with the commonly held and espoused saying "Ignorance of the Law is no Excuse." Without first getting into the details of MISSOURI's response. The text of the Fourteenth Amendment is, at least in part, as follows:

> *No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

So, in the conclusion of reasonable logical discourse, and in Common Law, this with where Ignorance is no excuse, if the actions of a political subdivision of the State, are not the actions of the State itself, then the 14th Amendment is a dead article, for the State can simply Multiply itself, delegate its Sovereignty, and the Direct its Political Subdivisions to do which it cannot, and upon request for redress,

move to dismiss on the technicality that the 14th Amendment specifies "State" and not "[insert political subdivision]".

So, where MISSOURI has attempted to get this Court to reject JENSENs Claims on the overall notion that the COUNTY OF STONE is separate from the STATE OF MISSOURI, the Supreme Court of the United States of America has found fact to opinion overwise: "The Equal Protection Clause reaches the exercise of state power, whether exercised by the State or a political subdivision." Avery v. Midland County, 390 U.S. 474, 475 (1968)

The Court went on with the determination of "**The actions of local government are the actions of the State**. A city, town, or county may no more deny the equal protection of the laws than it may abridge freedom of speech, establish an official religion, arrest without probable cause, or deny due process of law." (emp. added) 390 U. S. 480 (id. 480?)

And-therefore, read as a mini-wherefore to this foreword, any defense by the State premised on the logical tree of STONE as separate of MISSOURI must also fail. Instrumental in this necessity would be the absolute requirement for declaratory, injunctive, or really any other relief to be directed towards MISSOURI with all its political subdivisions being implied. Perhaps, the events of this Court demonstrate a need that such ORDERS read as follows "State and all of its political subdivisions" to whatever end deemed proper.

JENSEN feels it necessary that the "average" Americans with Disabilities Act ("ADA") Complainant would not be able to produce such a response, the ADA makes this Court the ultimate avenue of redress, and must be said to depend upon the Rules of Ethics in the Implementation of Public Policy whereto especially when considering the vast implications of a Mental Disability, including cognitive slowness, lack of attention or focus, the ability to form a sentence such as an autistic person, or ability to maintain composure while the Court Officers seek to deny them of their birthright.

Insofar as JENSEN anticipates that much will be made of JENSEN's performance, if he isn't incompetent, such as the concept of "look how smart JENSEN is – he could not be disabled", many Autistics and Bipolar persons exhibit extraordinary ability to process science, math, and logics. At the same time, they can be unable to successfully socialize realizing the core conceptual requirement of the ADA's Qualified Person.

**WHEREAS:**

The State of MISSOURI has propounded 4 defenses, numbered by paragraph 1-4, JENSEN contends they work in unison and responds with (states) the following:

To Paragraph 1:

>*Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) for a violation of Tile II of the American's with Disabilities Act ("ADA").*
>
>*failure to state a claim upon which relief can be granted;*

AND

To Paragraph 2:

>*Plaintiff's First Amended Complaint is conclusory and fails to comply with the pleading requirements under Fed. R. Civ. P. 8(a)(2).*
>
>*a short and plain statement of the claim showing that the pleader is entitled to relief*

AND

To Paragraph 3:

> *Plaintiff failed to establish how the **State of Missouri** excluded him from participating in a service or denied him services due to his disability and his First Amended Complaint should be dismissed.*

If JENSEN's response was not on point to the summary of the State of MISSOURI's position, Paragraph 3 would say "Plaintiff failed to establish how the State of Missouri and/or Stone County […]" as showing that Defendant is cognizant of the singular nature of the States Sovereignty, that it cannot be multiplied, and that the State acts through its Political Subdivisions. Since the has "contemporaneously filed Suggestions in Support of this Motion to Dismiss" under the premises of the foregoing, those Suggestions are mooted in their entirety. JENSEN still reserves to respond to said responses within this Document. Such is necessary as long as Defendant MISSOURI's Motion to Dismiss remains other than disposed.

Moreso, since JENSEN anticipates that the State of MISSOURI will now claim that in the interest of justice, for in bona fide error, demands the State gets another chance to respond. Such is moot, and the Duality of the MISSOURI and STONE both getting to respond is an undue "tag team" burden on JENSEN, with little merit in performance of the Law. So, to find MISSOURI in default or otherwise summarily liable, would be to the degree that STONE is plus any failure in Sovereign Duties to the Public, etc. Therefore, the State can simply assume representation of STONE county in this matter for the same relief without disadvantaging JENSEN.

**AS SUMMARY OF STONE'S POSITION ON THE ADA:**

1. JENSEN requested accommodations on the phone with volume, pitch, tone, etc. while on the phone with STONE County in official Capacity for Business in Commerce, was unreasonable and burdensome.

2. Such an easy request to Accommodate was DENIED summarily, repeatedly, and with the response of terminating the connection and therefore the offer of services by telephone as well.

3. JENSEN's unexplained element of Direct Threat to the Health and Safety of Others was not mitigated by the nature of being a telephone call.

4. JENSEN is not disabled, if he is disabled it is transient, no consultation with JENSEN is required by the ADA in considering accommodations. AND

5. JENSEN's behavior due to his Disability is actually a willful act implicating relevant Common Law Doctrines in Tortfeasor.

**SUGGESTIONS IN SUPPORT OF DEFENDANT STATE OF MISSOURI'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Document 32):**

Suggestions (at ¶ 2) "had no intention of entering any Courtroom with said device" is a typographical error, intended was "without" which follows surrounding logic.

Suggestion (at ¶ 5) "Plaintiff claims that he was stuck in a severe snow storm on the drive," – JENSEN's Amended Complaint does not have to word "snow" contained anywhere within.

Suggestions (at ¶ 9) "Plaintiff alleges defendants in this case refused him a special accommodations surrounding the use of a cell phone that was expertly configured but provides no facts supporting this assertion." So, after no consultation was required of MISSOURI/STONE, now use of JENSEN's "expertly configured phone" must have facts to prove the Statement. JENSEN believes it is self-evident how a storage device can assist with mental disabilities. This "deficiency" is made in unison and under "Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." (at 8).

Suggestions (at ¶ 9) "Plaintiff does not state when the request was made, who he made it to, the details of the request or proposed accommodation, and any benefits or access that was actually denied to him." Where JENSEN stated in his Amended Complaint "having to leave a camp JENSEN paid to be until May 1st, 2022" to "drive 1000 miles at $5.25/gallon of Diesel, to attend a "Bench Trial" set for 05/06/2022 at 11:00 AM" – so the events occurred the week prior to May 6th, 2022. JENSEN made the request to whomever answered the STONE COUNTY CLERK phoneline. Access to the Phone benefit was denied upon hangup.

Suggestions (at ¶ 9) "As such, Count V should be dismissed against the State of Missouri." This is the duality of the State's Motion to Dismiss which is antithetical to the Opinions of the Supreme Court for over 100 years as presented by Plaintiff with reference to *Avery*. The entire Motion is frivolous and lacks any merit to the pending matter. The State has also failed to respond other than its Motion to Dismiss.

But by all means, let's get some APPEARANCES of Lawyers of higher principled position of the State of Missouri. JENSEN looks forward to the continued WORDSMITH denial of Due Process.

WHEREFORE:

JENSEN prays to the Judge of Natural Law that these Words Carry Weight.

JENSEN prays that this Court restores JENSEN's Equity under the Law.

JENSEN prays this Court Deny Defendant MISSOURI's Motion to Dismiss.

JENSEN prays this Court allows JENSEN to introduce evidence, under the rules of evidence, to adjudicate this matter with fairness and equity.

This response having service requirements, and in forma pauperis status, if required, and order to serve this document.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 6th of December 2022.

//s/JasonAJensen