UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br>　　Plaintiff,<br>v.<br>CITIBANK, N.A., et al.,<br>　Defendants. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding |

### JENSEN'S SECOND COUNTERCLAIM AGAINST STONE COUNTY AS THE STATE OF MISSOURI

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN") with additional Counterclaims.

While the traditional and widely accepted method of challenging "Affirmative Defense" Claims is a Motion to Strike, such a Motion also moots the Actions of the Party bringing the "Affirmative Defenses".

**FOREWORD AND CAUSE OF THIS COUNTERCLAIM:**

The original subjects of this Matter in relations to the State of MISSOURI through STONE County, was discrimination and that the mindset of discrimination therein was the determining factor in refusing accommodations.

In response, the State of MISSOURI as STONE County propounded Affirmative Defenses that bear no reality to the position before this immediate action. If STONE or MISSOURI had ever before alleged a denial of accommodations for anything related to JENSEN being a "direct threat" to the "health and safety" of others, which the STATE through STONE presented as "plaintiff or others", it would not have been disruptive to JENSEN in the days following STONE's Response to JENSEN's AMENDED

COMPLAINT. Such a force was disabling to JENSEN's ability to respond. Moreover. It appears that the basis of the MISSOURI through STONE's argument is that BIPOLAR people ARE DANGEROUS. As if self-evident, nothing of support was offered.

People like JENSEN, the "mentally ill" are absolutely despised and treated as such. There is no "pursuit of happiness" when absolutely anyone can challenge JENSEN resulting in a "protective custody" episode to evaluate and treat him against his prerogative which absolutely, every single time, disrupts his life. The resultant is a man with over 40 years of struggle and nothing to show for it.

Quite simply the States hobble a man in the name for medical assistance, dilute every right he has to evaporation of recognition, move in every angle to force medication which is just a substance based on antihistamines used to subdue the Patient and remove his ability to reason under the will to advocate for himself. No other term can be used but Despotism.

In any Pursuit of Happiness, procreation is usually a decision if not a major element. "Custody loss rates for parents with mental illness range as high as 70-80 percent, and a higher proportion of parents with serious mental illnesses lose custody of their children than parents without mental illness. Studies that have investigated this issue report that: Only one-third of children with a parent who has a serious mental illness are being raised by that parent. In New York, 16 percent of the families involved in the foster care system and 21 percent of those receiving family preservation services include a parent with a mental illness." (available at https://www.healthyplace.com/parenting/parents-with-mental-illness/parents-with-mental-illness-and-child-custody-issues)

Such a thing was meant to be repugnant to the Design and Formature of the Constitutional Republic this Court was created along-side. This apparently changed somewhere along the way after the Law was entrusted to the Bar instead of the People using their own Oversight. Now the majority of the Public has no working knowledge of the Law whatsoever but they are the electors of those whom write the Civil portions of the Law.

To seal the fate of all the People with no other options than to use this Court for redress of grievances or violate Civil law by using violence, what are the "compensatory damages" of promoting the Court is not an option as you can never surmount the legal games involved? Perversely enough, this is exactly what the States and its agents seek for the damage inflicted by gone wild persons with a history of Mental Illness only serves to afford the State more authority under "governmental interests". If this was a conclusory statement, why was the Parkland shooter not "Baker Acted" when the State can do so effectively by merely filling out a form and checking one of two boxes and signing it? JENSEN's fears that the Actions of Darrel Brooks in Wisconsin will be used to Curtail JENSEN's driving privileges are all to similar to how summarily JENSEN lost his right to self-defense and the Second Amendment without any showing of cause – again, mental illness is dangerous. No need for an itemized and individual assessment is needed.

**PARTIES:**

1. State of Missouri, currently in appearance.
2. Stone County of Missouri, as one with the State of Missouri, currently in appearance.

**JURISDICTION:**

This Court already had Personal Jurisdiction of Parties in the proceeding matters contained in JENSEN's Amended complaint. This Court now has Jurisdiction over these Counterclaims by the very Nature of the Court's Purpose, of maintaining Peace and Tranquility, multiplied by its duty to protect the integrity of this Court so that it may be able to function for its purpose. Freedom, if everyone is to be honest, doesn't live on a constitution or in some book, it lives and rests within the hearts and minds of the People who sought to provide such a rare commodity. If dead in the People, this Court is powerless to provide it. This Court now sits at the tipping point of its own Judicial Authority and the will of mindless persons all coordinated by massive social media websites. Nothing could signal more loss of authority that the Protests at the home of certain Supreme Court Justices. People no longer have faith that this Court

is available to resolve matters of dispute and they feel that justice is simply a commodity sold to the highest bidder with purchases of Lawyer hour bonds. Just like JENSEN's prayers of a Carrington Event might seem like a threat, such an event is eventually guaranteed, and thus his presentation to show the power of emotion was, actually, a well-founded scientific warning as to the carelessness of man. The importance of this Court's records, and its reliance upon computing shall one day result in catastrophic failure of this Court. Since these particles can penetrate the earths crust for miles, the very source of an earth ground for a Faraday cage, not such protections on earth exist for these computer devices.

**FACTS AND SUMMARY:**

This petitioner, because of his inability to "state a claim in which relief can be granted" because he needs to make a "short and simple statement" that includes every element of a legal codebase best described in powers of 10 (Is it $10^6$ or $10^7$ pages of law?) Presents this Court very own Court records. Everything that is needed is here already as the State of MISSOURI and STONE county responded with JENSEN's complaint with discrimination.

(COUNTER)CLAIMS:

## COUNT I

*The State of MISSOURI though STONE, presented the Affirmative Defenses of basically "failure to state a claim" in Affirmative Defenses 1 and 3 while simultaneously making the same argument in the accompanying* MOTION TO DISMISS *under the same reasoning.*

Failure to State a Claim, especially when already address, is not an affirmative defense at all. An affirmative defense CLAIM would be a what for otherwise. Nothing in JENSEN's Amended Complaint could have been excuse or offset, or otherwise alter the facts for determination, of the behavior complained about JENSEN's Amended Complaint.

Due to the fact that Striking the Record would moot the actions of discrimination within these Court walls, JENSEN is requesting, under this Count, that this Court NOT strike Affirmative Defenses and in that strike's stead, give Judicial Notice to the abusive nature of the said Affirmative Defenses as it relates to Process. If the foregoing is legal nonsense, JENSEN is requesting this be treated as a Motion to Strike.

## COUNT II

*Improper District Affirmative Defense #2 lacks information to draw conclusion*

Not only did the STONE county Court note that JENSEN had just travelled to MISSOURI from TEXAS to resolve a trial matter on a case adjudicated to be a compulsory arbitrated claim, but JENSEN complained about it in his Amended Complaint.

To determine Residency, JENSEN, at minimum, would have to spend more than 30 consecutive days in Missouri. L.R. 3.2(b) covers the determination of proper district venue. Subsection 1 is for single defendants which doesn't apply.

Subsection 2 provides "Multiple Defendants. All actions brought against multiple defendants all of whom reside in the same division must be brought in that division, or in the division where the claim for relief arose. If at least two of the defendants reside in different divisions, such action must be filed in any division in which one or more of the defendants reside, or where the claim for relief arose." This case was granted Jurisdiction to be heard, at least in part, with Diversity of Parties. GAMACHE actions most likely gave rise in St. Louis, CITIBANK perhaps New York, MISSOURI resides in every division of the Court or narrowly Jefferson City, MO, and JENSEN resides wherever he currently is as transient life is not given the ability to reside within a State.

At the time of the Call in Question which gave rise to the claims regarding MISSOURI and STONE, JENSEN was "just outside" of Springfield, Missouri or, as he calculated for the formulation of

his Complaint, Greene County. MOREOVER, since JENSEN personally delivered the Complaint to the Federal Court Clerk in Springfield, MO, JENSEN was in GREENE County at the time.

JENSEN requests this Court overrule the assessments of STONE County by is representation on the matter of incorrect Division therefore lack of Jurisdiction.

## COUNT III

*Affirmative Defense #4 Plaintiff's claims are barred by failure to exhaust administrative remedies*

The day of the Meeting, May 23rd, 2022, to Appeal the Decision by MISSOURI/STONE, JENSEN called the Attorney General's Office for remedy for being refused entry and none was provided. JENSEN has routinely complaint to the United States Department of Justice, but their response is always the same, lack of funds/resources to enforce the Americans with Disabilities Act.

Further, codified in Missouri's own laws are schemes and mechanism to deny administrative Justice to people of the same class as JENSEN.

Take the Department of Mental Health, which is to provide for the Regulation of "Mental Health Facilities", see Rev. Mo. Stat. 630.110 et esq. Their website states "If you believe any of these rights have been violated, you may file a grievance with the person in charge of your agency, facility, or unit. An impartial review of your grievance will be conducted." However, when JENSEN did so around May. 15th, 2018, the determination was that since the facility I was forced into was Accredited by The Joint Commission instead of the Department of Mental Health, the Department had no Jurisdiction, the Complaint was not forwarded to any other departments.

Note about the Statute of Limitations:

Rev. Mo. Stat. 516.170 provides "Except as provided [by all actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, mental health professionals licensed under chapter 337, and any other

entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of], if any person entitled to bring an action in sections 516.100 to 516.370 [which is the entire chapter of statute of limitations] specified, at the time the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed." (exceptions substituted for readability)

Now in the analysis of "Equal Protection" under the law, such a determination, as affirmed by the departments legal staff, cannot stand. Given two patients, one from Hospital IsAccreditatedBy DepartmentOfMentalHealth Inc and another from AnotherJointCommission MentalHealthFacility, Inc- with the impossible prospect of having the identical set of fact giving rise to claim of relief. The mere fact that IsAccreditatedBy DepartmentOfMentalHealth was accredited by the Department, relief could be possible, in the latter case, the Join Commission Accredited institution, the Department of Mental Health will refuse to take any action without any further investigation, nor will it forward anything to anyone else in aide of relief for the disabled. (JENSEN HAS EMAILS AND MORE PREPARING FOR DISCLOSURE)

This is the very definition of discrimination and failure to provide "equal protections under the law". Nothing in their determination mattered except how they licensed the facility, which gives rise to incentive since the Joint Commission need not pursue anything, and they didn't.

RELIEF SOUGHT: Declaratory relief as to the unconstitutional nature of the Application of State law by the Department of Mental Health or MISSOURI. JENSEN pleads this Court apply these facts since STONE/MISSOURI made "administrative remedy" at ISSUE.

This won't injure or prejudice STONE/MISSOURI as in Affirmative Defense #32, STONE and MISSOURI has "expressly [reserved] the right" to address any concern that might be arisen during this trial. I welcome their renewed pleadings under this "reservation" upon this Court and JENSEN.

Besides, what good is any money to JENSEN, unless by Trust which JENSEN wouldn't agree to from the State, when-- Imagine JENSEN's dangerousness when he commands all that money which you could command should he be mentally ill dangerous. Perhaps, you could even argue the means at which oodles of money can provide, attributes to his dangerousness or lack of ability to care, making your fee for helping JENSEN assured.

That should just about cover Affirmative Defenses 30, 29, 28, 26, 25 in so far as JENSEN was employed by STONE/MISSOURI as in the other offsets, justifications, and otherwise on the allocation and proration of an award of "money". America has always been the "Solve a Problem EARN a Buck." Land of the Free, if given the opportunity to exist with the same freedoms of others, it will become apparent the nature of JENSEN's disability is a reflection of Society's treatment of JENSEN. But, since JENSEN is opposing Licensed Council whereas the Love of Money manifests in eager determination of clients interest, JENSEN reserves the right to address amounts, scope of affirmative defenses and responses at when this Court decides present issues.

## COUNT IV

Affirmative defenses 14 through 22 represent the logic and reasoning of discrimination. If I were to define it, I could use these exact defenses to show premeditation, desire to avoid the law, legal tactician logic in play to create a legal scheme that says that, for JENSEN, the ADA negates itself in every way.

To solve many issues,

REQUEST FOR RELIEF: DECLATORY RELIEF JENSEN IS AT PRESENT DISABLED UNDER THE ADA DETERMINED BY THE SOCIAL SECURITY ADMINISTRATION. OTHERWISE, JENSEN CLAIMS PROPRIETY TO HIS MEDICAL RECORDS.

WHEREFORE:

JENSEN prays to the Judge of Natural Law that these Words Carry Weight with the Power of Einstein's Relativity, God- I pray you surmount to where all visible light captured on earth is a mere speck. Shake that speck destroying all meaning of time on earth, and present yourself to those in attendance. JENSEN defines "grandiose" per his Disability. A new life would be born with the ability to present yourself to a community for acceptance, something a never forgetting record of size that pales the scale of the oceans.

JENSEN prays the words moved this Court to grant the relief sought in Claims 1-5 respectfully.

This response having service requirements, and in forma pauperis status, if required, and order to serve this document.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 8th of December 2022.

//s/JasonAJensen