UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br>        Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding |

**JENSEN'S OPPOSITION TO DEFENDANT STONE COUNTY, MISSOURI'S MOTION FOR EXTENSION OF TIME FOR DEFENDANT STONE COUNTY, MISSOURI TO RESPOND TO PLAINTIFF'S MOTION FOR LEAVE TO FILE COUNTERCLAIM [DOC. 29], PLAINTIFF'S OBJECTION TO APPEARANCE OF CHRISTOPHER NAPALITANO [SIC] [DOC. 35], AND PLAINTIFF'S MOTION TO COMPEL WITHDRAWAL OF APPEARANCE OF COUNCIL [SIC] [DOC. 37]**

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN") with Opposition to ENSZ & JESTER, P.C.'s purported STONE County's Motion for Extension of Time.

1. Since the rules of decorum in this Court have been made meaningless by the very officers of the Court that Operate it, JENSEN has to ask, do the officers of the Court intend to RISE when the bailiff calls to ORDER? Well, taking the lead from these Officers of the COURT, JENSEN will not be for the same reasons as these officers ignore this Court long set Rules of Decorum surrounding Extensions of Time. JENSEN has never been ordered by ANY court to rise and specifically, as the rules are defined in this Court by Actions, definitely never been ordered to RISE for the CALL TO ORDER by this Court in this Case. The Rule of Decorum this Court promulgates with EVERY EXTENSION OF TIME IN ANY CASE this Jurist presides over is a good one. It promotes interaction of the parties in aide of Resolution which this Court enshrined with the creation of MAP. It economizes Judicial efficiency in granting

such routine orders as Extensions of Time. Finally, it reduces the burden on this Court's Jurist by, possibly being able to rule on the Motion without reading it.

2. Accordingly from preceding paragraph, JENSEN must oppose and object to the lack of professional curtesy Mr. Gist had in his Motion for extension of time. No effort was made to inquire if I opposed or supported this Motion for Extension of Time. Then makes the Statement that "Plaintiff would not be prejudiced by an extension of time up to and including January 11, 2023, and this Motion is not brought for any improper or vexatious purpose." Well, these Motions, which Mr. Gist now expects this Court to Rule on, probably without the opportunity for JENSEN to submit this opposition, has created a huge undue burden and prejudice in this Court. JENSEN has had to respond with inordinate speed to all motions and papers filed in this case in attempt to avoid violations of Due Process in this Court.

3. About Paragraphs 1-3, they show the rushed nature forced upon JENSEN by Gamache's similar Motion. Whereas these Officers of the Court has no real implement to this case, they have no suffered from lost sleep, bed sweats, and other mental health disturbances. Let's see how well they would respond after JENSEN accuses them of being "dangerous to self/others" in open Court without care [SIC]. As to the [SIC], it only seems to try to denote that JENSEN is less than because of mistakes made by rushed performance. Let's see what Mr. Gist can push out in 2 hours with all the complexities of this LAW BODY.

4. Paragraph 4 of the petitioner's Motion for Extension of Time shows a lack of understanding of In Forma Pauperis. If JENSEN had to submit the first Amended Complaint without any benefit from logical discourse, then STONE, MISSOURI, and ENSZ cannot respond, or interface whatsoever, until that Motion processes through the In Forma Pauperis Process. To whatever end this notion is overruled, JENSEN reserves the Right to bring Constitutional Challenges thereto.

5. As for Paragraph 5 of the Motion, Rule 7.0(c), has no barring on the In Forma Pauperis, and JENSEN already provided for STONE, MISSOURI, and ENSZ by praying for a Stay and Relief to Respond by Defendants should this Court deem it warranted.

6. Regarding Paragraph 6 of the same Motion, Federal Rule of Civil Procedure 6(b)(1)(A) may authorize but not compel this Court to reward the behavior of ENSZ.

7. Paragraph 7 of the same Motion: Just another paragraph showing that the petitioner does not understand that was an In Forma Pauperis Motion. If service of the UNITED STATES was not required it would have been a Counterclaim without any Leave to File as the Court is Guaranteed to get Personal Jurisdiction on the United States in United States District Court for the Western of Missouri.

8. With regards to Paragraph 9 of the Motion, why would STONE county expend effort to maintain ENSZ on this Case when the Attorney General is without Cost to STONE? As previously argued, it is precisely so STONE county can propound arguments in this case that are not legally sound, such as STONE COUNTY and MISSOURI are two separate entities after MISSOURI duplicated its Sovereignty.

9. In regard to paragraph 10, that's exactly the system of in forma pauperis that Congress set as Public Policy surrounding motions without paying fees. In their wisdom, they cheapened JENSEN's avenue of Justice in order to prevent expense to the opposing party. Not only was this case brought under In Forma Pauperis, but the Judge selectively GRANTED and DENIED sections of JENSEN's complaint a la carte. Whatever complaints ENSZ has on the In Forma Pauperis process, JENSEN has exponentially more complaint and standing.

10. In regards to paragraph 11, in fact all the defendants have been so busy, no effort was made on this Court's ORDER for proposed Case Management. Now this petitioner suggests he can write this Motion to Extend Time, but cannot take the time to understand the Motions in front of him.

11. As far as an extension of time to JENSEN's objections to the appearance of Christopher Napolitano, well he signed a Motion, bringing himself into appearance automatically, and then signed a Notice of Appearance. No response from him is warranted, which is why the petitioner does not specifically address this. But if an extension of Time on an Objection wouldn't be disruptive to the Course of this Trial, JENSEN reserves a 14 day Extension to any objections made by any other party. This would be especially true during the actual Court Trial proceeding with the Jury in attendance and burdened with the civic duty of providing the Jury.

12. As far as the extension of time to respond to the "Motion to Compel Withdrawal", STONE has no standing to maintain this duality of arguments. Let the Attorney General's office argue that it has no jurisdiction to represent STONE in this matter.

**WHEREFORE:**

JENSEN prays to the Judge of Natural Law that these Words Carry Weight.

JENSEN prays the words moved this Court to grant the relief sought denying the Motion for Extension of Time.

This response having service requirements, and in forma pauperis status, if required, and order to serve this document.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 16th of December 2022.

//s/JasonAJensen