IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON JENSEN, | ) |
| Plaintiff, | ) |
| | ) **Cause No.:** 6:22-CV-03140-BCW |
| vs. | ) |
| DAVID R. GAMACHE, et al. | ) |
| Defendant. | ) |

## DEFENDANT GAMACHE'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant DAVID R. GAMACHE ("Defendant Gamache") and for his Answer and Affirmative Defenses to Plaintiff Jason Jensen's Amended Complaint, states as follows:

### I. GENERAL DENIAL

Defendant Gamache, pursuant to Fed. R. Civ. P. 8(b) (3), hereby denies each and every allegation in Plaintiff's Amended Complaint not specifically admitted herein.

### II. FACTS SPECIFICALLY ADMITTED

Pursuant to Fed. R. Civ. P. 8(b)(3), Defendant Gamache specifically admits the following facts:

II. JURISDICTION and PARTIES

3. Defendant Gamache admits he is a professional Attorney at Law, Missouri Bar MBE#34112, with a central office at 1000 Camera Ave. Suite A, St. Louis, MO 63126.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant David R. Gamache respectfully prays that Plaintiff's First Amended Complaint be dismissed with prejudice; that judgment be entered in favor of Defendant David R. Gamache and against Plaintiff; that Defendant David R. Gamache be awarded costs, expenses, and attorney fee incurred herein; and for such other and further relief as the Court deems just and proper.

JH MET, GAMACHE, COURT CLERK, and IN REBLANKENSHIP Activities Related to the Federal Arbitration Act, FDCPA, and Due Process

27. Defendant Gamache admits that JH MET did retain Defendant Gamache as an Attorney at Law for the collection of a debt.

29. Defendant Gamache admits only Defendant Gamache is an Attorney that limits his practice to Debt Collection under the FDCPA.

### III. AFFIRMATIVE DEFENSES

1. By way of further answer, and for his First Affirmative Defense, Defendant Gamache states Plaintiff fails to state a cause of action for which relief can be granted pursuant to FRCP 12(b)(6).

2. By way of further answer, and for his Second Affirmative Defense, Defendant Gamache states Plaintiff's Complaint is barred by the doctrines of accord, satisfaction, laches, consent, waiver, unclean hands, and/or estoppel.

3. By way of further answer, and for his Third Affirmative Defense, Defendant Gamache states any and all alleged damages Plaintiff may have suffered were a result of other parties to this litigation and/or unnamed parties who have not yet been determined and are not the result of any action of Defendant Gamache. Therefore, some or all the fault should be apportioned to the other parties or unnamed parties and not to Defendant

Gamache, and any such liability of Defendant Gamache should be proportionately reduced.

4. By way of further answer, and for his Fourth Affirmative Defense, Defendant Gamache states any alleged harm that Plaintiff may have suffered is the result of an intervening act or superseding event caused by some person or entity other than Defendant Gamache, and Defendant Gamache cannot be held responsible for such intervening acts and superseding events.

5. By way of further answer, and for his Fifth Affirmative Defense, Defendant Gamache states he acted reasonably under the circumstances then existing, and his conduct was justified and/or privileged.

6. By way of further answer, and for his Sixth Affirmative Defense, Defendant Gamache states the claims against him are without basis such that he is entitled to an award of attorney fees and costs of defense.

7. By way of further answer, and for his Seventh Affirmative Defense, Defendant Gamache states that Plaintiff's claims are barred by the rule of agency as at all times Gamache was acting in his capacity as employee and agent of the law firm of Gamache & Myers P.C.

8. By way of further answer, and for his Eighth Affirmative Defense, Defendant Gamache states if Plaintiff incurred any damage, it is the result of his own action and or inaction and or omission.

9. By way of further answer, and for his Ninth Affirmative Defense, Defendant Gamache states he is entitled to a credit for any settlement or award Plaintiff may obtain

from any other tortfeasor, and any such credit should reduce any liability Defendant Gamache may have to Plaintiff.

10. By way of further answer, and for his Tenth Affirmative Defense, Defendant Gamache states if Plaintiff was damaged as alleged in his Complaint, which Defendant Gamache specifically denies, Plaintiff failed to mitigate such damages and, therefore, any recovery by Plaintiff should not include any loss which Plaintiff could have prevented by reasonable care and diligence.

11. Defendant Gamache expressly reserves the right to raise, assert and plead additional Affirmative Defenses as they become known throughout the process of discovery herein or otherwise.

Respectfully submitted,

FRANKEL, RUBIN, KLEIN,
PAYNE & PUDLOWSKI, P.C.

By: /s/ *Mayer S. Klein*
MAYER S. KLEIN, MO#32605
mklein@frankelrubin.com
Attorney for Defendant
231 South Bemiston Avenue, Suite 1111
Clayton, Missouri 63105
Telephone: (314) 725-8000
Facsimile: (314) 726-5837

## CERTIFICATE OF SERVICE

       I hereby certify that, on December 21, 2022, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record. Additionally, a true and correct copy of the above and foregoing was sent via email transmission and U.S. Mail to the following:

JASON A. JENSEN
2186 Jackson Keller Rd., Suite 1097
San Antonio, Texas 78213
Telephone: 402-598-1285
E-mail(s): jasonjensen@gmail.com
**PLAINTIFF PRO SE**

                                                      /S Mayer S. Klein
                                                      Mayer S. Klein