UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff and super duper counterclaim plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>The Most Iconicly Representative of the Lawyer and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br><br>[RESERVED SPACE FOR MORE DEFENDANTS] | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**DEFAULT OPPOSED JENSEN'S AD INFINITUM COUNTER AND CROSS CLAIMS FOR GOOD MEASURE AND FOR THE COMPULSION OF THE SECRETARY OF STATE MISSOURI TO DISSOLVE FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C., CONSTITUTIONAL NULLIFICATION OF MISSOURI STATUTE 356.171 UNDER THE 14th AMENDMENT AND DISSOLUTION OF ALL PROFESSIONAL CORPORATIONS ASSOCIATED WITH LAW PROFESSIONS, VIOLATIONS OF THE FDCPA** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN") with additional Counterclaims under Fed. Rule Civ. P. 13(a)1 and Crossclaims under Fed. Rule Civ. P. 13(g) against:

I. PARTIES

   i. MISSOURI, a State, one of Many in the Union which is the United States of America, in appearance, represented by the Attorney General,

   ii. SECRETARY OF STATE John R. Ashcroft ("SECRETARY OF MISSOURI/STATE"), the "Corporations arm of Missouri" (just fabricated by the wordsmithing wordsmith JENSEN) represented by the Attorney General,

   iii. DAVID R GAMACHE, sheet show extraordinaire, Licensed Bar Professional responsible for the rise of actions in this case, member of GAMACHE & MYERS, P.C. while not competent to hold a member position in a Professional Corporation formed in MISSOURI, in Appearance, represented by Mr. KLEIN,

   iv. MAYER S. KLEIN, the registered agent for and managing member, as opposed to employee, of FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C. ("KLEIN"), in appearance by Notice, free to seek representation.

   v. FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C., a "PROFESSIONAL CORPORATION", ("FRANKEL"), not in appearance per se, but Principle is, same business address as MAYER S. KLEIN, creation of Missouri.

   vi. GAMACHE & MYERS, P.C., ("MYERS"), not in appearance, same business address as DAVID R. GAMACHE, creation of Missouri.

Since, according to Docket #41 Attachment #1 (hereafter the "REFUSAL NOTICE"), has the SEAL of MISSOURI, states action by the Governor Michael L. Parsons, and designates that the State has determined that JENSEN has already made Secretary of State John R. Ashcroft a "defendant" in this "United States Bankruptcy [SIC] Western District Case […]" no further service of process is needed since the Attorney General is in Appearance representing the State.

JENSEN made attempt to call KLEIN but the call was rejected, spoke to another person not on case.

JENSEN states: "I, hereby, dedicate this pleading to the Judge of Natural Law, whom will be celebrating with billions of believers, birthday surrounding yearly solar events."

## II. JURISDICTION:

This Court has jurisdiction over these cross/counter claims under 28 USC § 1331 as a Federal Question of Law.

This Court has jurisdiction over these cross/counter claims under 28 U.S. Code § 1367 for Supplemental jurisdiction.

## III. FOREWORD AND CAUSE OF THIS "AD INFINITUM" COUNTER/CROSSCLAIM:

1. JENSEN is quite glad this Court granted an Extension of Time for the Quality of the Response that JENSEN received from FRANKEL through KLEIN. Everyone alleged against in this countercrossclaim is **GUILTY** for the following doctrines:

absolute liability, adequate and independent state ground, acquiescence, Act of God, Act of State doctrine, actus novus interveniens, actus reus, assumption of risk, attractive nuisance, audi alteram partem, balance of probabilities, bona fide purchaser, bona vacantia, burden of proof (legal burden of proof), burden of persuasion, burden of production, burden of going forward, calculus of negligence (Hand formula), castle doctrine, caveat venditor, caveat emptor, comparative negligence, consideration, contributory negligence, contra proferentem, contumacy, correlative rights doctrine, costs, damages, deference (judicial deference), doctrine of tenure, due process, duty of care, economic loss, eggshell skull, emergency, eminent domain, equitable tolling, essential facilities doctrine, **estoppel by acquiescence**, exclusionary rule, executive privilege, exhaustion, fair use, felony murder, firefighter's rule (fireman's rule), first-sale, <u>freedom of contract</u>, fruit of the poisonous tree, good-faith exception, igno, antia juris non excusat,implied powers, implied terms of a contract, in absentia, inherent jurisdiction, inherent powers, internal affairs doctrine, judicial discretion, laches, last clear chance, law of the case, learned intermediary, living tree doctrine, loss of chance, mailbox rule (posting rule or deposited acceptance rule, market share liability, mens rea, merger, mootness, mutual mistake, natural justice, ne bis in idem, necessity, negligence, nemo dat quod non habet, nemo iudex in causa sua, nondelegation doctrine, nulla poena sine lege, obiter dictum, odious debt, official immunity, plain view doctrine, police power, political question, preponderance of evidence, prerogative of judge to deny legal argument before jury, presumption of constitutionality, presumption of innocence, privity (of contract), proximate cause, qualified immunity, quantum meruit, quantum valebat, quid pro quo, ratio decidendi, reasonable person, reasonable care, reasonable doubt, remoteness, rebus sic stantibus, res ipsa loquitur, res judicata, respondeat superior, ripeness, Rule of Reason, scrivener's error, sovereign immunity, spider in the web doctrine, standard of care, standing, stare decisis or precedence rule, strict liability, **subsidiarity**, substance over form, substantial certainty doctrine, substantial truth, suspect classification, terra nullius, transferred intent (transferred malice), unclean hands, unconscionability, ultrahazardous activity, vicarious liability.

(JENSEN even **BOLDED** some to make the analysis even more burdensome then underlined one for no reason, he made it really small because its only value is how much common law legal doctrine there is) But this Court need not be burdened with any of that as an "conclusionary" statement used to make a point. That is merely a list of all the common law doctrines, and JENSEN doubts it is exhaustive. Defend against that with all your EXPERIENCE used in the same way as KLEIN/GAMACHE to prejudice against JENSEN in these great halls.

2. Why was that necessary? Well, that was necessary as a handicap to the vast legal experience the attorney at law has fueled and provided for by profit motive to make a point. Such as this presiding Jurist must be able to parse common law legal doctrine with speed, efficiency, and precision. Even while true, it has to be said that as the number of legal doctrines surmount, a multiplicative effect on burden to the opposing party forms. Without experience with the Court, such a list could take a lifetime- as this case has a life, a beginning and end. As such it is inherently unfair in every regard. This is the effect the Eight Circuit, this Circuit, has when a lawyer abuses the Court's lenience regarding the circumvention of one rule, descriptively whereas one fails to present a common law doctrine said person waves such an avenue, to allow a defendant to, without any presentation of facts, enter into their defense. Any such notion of "good faith" has been eroded by a presumption of innocence that borders on the psychological defective. This Court then subsidizes the abuse of Pro Se Defendants to a prejudicial value with the force of economics. To effect, this Court allows a lawyer to seek recovery of waste of resources, but JENSEN's time is free of any liability, and so with possible gain and nothing to lose, this Court has made it a necessary fact that all Pro Se defendants are prejudiced forever, giving the Bar undue influence over this Court.

3. By delaying this case 30 days, after certification by filing rules and licensed ethics that the Extension of Time was not for any improper purpose, Mr. KLEIN filed the most unprofessional "boilerplate" answer to JENSEN's Amended Complaint. It doesn't follow ANY rules requiring "fairness" to the opposing party. In fact, it neither admits nor denies STONE MISSOURI Court filings, with a "blanket denial" the filer, in this case a lawyer by another lawyer, has professionally denied the existence of Court documents in a Court both have been admitted to practice in.

4. Then both lawyers, one by and though the other, who are Members of Professional Corporations, assumably competent to do so, claim that, see Response and Affirmative Defense Seven of

GAMACHE's RESPONSE to JENSEN's First Amended Complaint[1], both lawyer claim that AGENCY covers a licensed individual by means of umbrella type coverage as an "employee". Unfortunately, members of a Professional Corporation are not Employees and the State the Formed both Corporations, by Act and Signature of the Secretary of State, by law forbids AGENCY to Licensed Professionals as Members of a Professional Corporation. " 1. Every individual who renders a professional service as an employee of a professional corporation or a foreign professional corporation shall be liable for any negligent or wrongful act or omission in which he or she personally participates to the same extent as if he or she rendered such service in his or her individual capacity." (Rev. Mo. Stat. 356.171. Liability for negligent or wrongful acts or omissions) Ergo, JENSEN's conclusion that Licensed Professionals are members and not employees.

**IV.     FACTS AND SUMMARY:**

1. David R GAMACHE was served by US Marshalls on October 31st, 2022 (Dkt #9).

2. On or about November 21th, 2022, the GAMACHE made Motion for an Extension of Time, whereas KLEIN declared no prejudice, and no intent to delay (Dkt #14).

3. Court ORDERED, the same day within hours, leave to file at a later date of December 21st, 2022, in what must have been a reactionary response based on promulgated Rules of Decorum (Dkt #16).

4. On December 21st, 2022, GAMACHE did file his "response", through representation of KLEIN, to JENSEN's Amended Complaint.

5. In GAMACHE's RESPONSE, GAMACHE blanket denied all allegations. This is an effective blanket denial since the only facts GAMACHE admitted were his name, profession as a lawyer, Bar #, address, GAMACHE represented JH MET, and that GAMACHE is a

---

[1] By way of further answer, and for his Seventh Affirmative Defense, Defendant Gamache states that Plaintiff's claims are barred by the rule of agency as at all times Gamache was acting in his capacity as employee and agent of the law firm of Gamache & Myers P.C.

"debt collector" under the FDCPA. His name, address, profession, fact of representing JH MET, and that GAMACHE is a debt collector is posted on every filing in the STONE case, so no admissions to any Allegation JENSEN made was either specifically admitted nor denied. These "admissions" were only made to circumvent the purposes of Fed. R. Civ. P 8(b)2 and the good faith requirements of Fed. R. Civ. P 8(b)3.

6. Without reference to the legal ground within Fed. R. Civ. P 8(c), and apparent Invocation of the same with the Section "Affirmative Defenses", each paragraph of said affirmative defenses claim to be a "response" and "Affirmative Defense", whereas this court has watered the ancient common law precedence surrounding "confession and avoidance", how can one blanket deny everything, in essence, and then "confess to avoid" the torts of the opposing party.

7. Moreover, "Affirmative Defenses" 1,6, and 11 are not Affirmative Defenses. Affirmative defense 1 reads like a motion to dismiss, affirmative defense 6 reads like a motion to recover fees, and affirmative defense 11 reads like a demand to ignore Fed. R. Civ. P. et seq regarding newly acquired claims discovered during the Course of the Trial and the Leave required to make issue of them. What an outrageous claim, and this was after JENSEN mocked the same behavior from ENSZ.

8. Consequently, in consideration that the SECRETARY OF MISSOURI, by authority to create said Corporations, must be said to have the inherit duty to police said Corporations on a Basic Level, that level should be defined by Public Policy. Since that policy, is to hold Professionals as part of a Professional Corporation liable to the extent they had acted as an individual, and the Professional Corporation to a higher standard by making it liable for the actions of its members, and where to Operate said Professional Corporation requires a level of Competency, specifically about the Law of Professional Corporations, and where KLEIN has shown either a wanton disregard or a willful gross negligence for that law, and where

KLEIN is a managing principle of FRANKEL, the SECRETARY OF MISSOURI should now have the duty to dissolve FRANKEL.

## V. (COUNTER/CROSS)CLAIMS:

### COUNT I

*The State of MISSOURI though SECRETARY OF STATE must DISSOLVE FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.*

9. JENSEN reincorporates paragraphs 1-8 of Facts and Summary and the PREFACE and FOREWORD of this Document.
10. Where the Fourteenth Amendment to the United States Constitution, Bill of Rights, say:
    a. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; **nor deny to any person within its jurisdiction the equal protection of the laws**.
11. SECRETARY OF STATE does have jurisdiction under the MISSOURI constitution and Laws, as well as the Common Law and Sovereign Duty to Police its market of commerce.
12. Whereas to allow a Principle of a Professional Corporation to propound that antithetical concept to the current state of law and public policy is a violation of the Standard of the Profession that the FRANKEL Profession Corporation was formed to Operate under.
13. WHEREFORE: RELIEF SOUGHT: JENSEN prays this Court will ORDER Injunctive Relief and compel the SECRETARY OF STATE to DISSOLVE the Professional Corporation "FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C." charter number P00361069.

## COUNT II

*In the alternative, or concurrently, to Count I - Rev. Mo. Stat. 356.171 is UNCONSTITUTIONAL under the 14th Amendment and the Commerce Clause of the Constitution of the United States*

14. JENSEN reincorporates paragraphs 1-8 of Facts and Summary and the PREFACE and FOREWORD of this Document.

15. The issues expressed in this Cross-Counterclaim Complaint, are a frequent contention of this Civil Circuit, ad infinitum this Court has circled the issue with little resolve. While maintaining under rules of Decorum, anyone who disrupts this Court processes in person at the Courthouse, is regarded violently to disobedience. Cell phones in possession by those unauthorized, speaking out of turn, failure to rise for call to order, recording proceedings without authorization, etcetera – can and do result in Contempt Proceedings and possible Criminal Contempt Charges and imprisonment.

16. However, when an officer of the Court, who must be held by a higher standard, does the same, disrupts this Court, with his Court filings about minutia for de minimis purposes, this Court banters in circles about how this particular violation of ethics, rules, and decorum, need maintain an ultimate level of fairness to merits precluding any remedy.

17. If the underlying authority for the Professional Corporations of Missouri is unconstitutional, then all Professional Corporations regarding Lawyer are invalid. Imagine if Engineers decided to ignore the generally accepted rules of tensile strength calculations and loads in motion span capacities. Engineers, especially those who stamp engineering drawings, are held to a higher standard than lawyers.

18. WHEREFORE: RELIEF SOUGHT: Declaratory relief that Rev. Mo. Stat. 356.171 violates the equal protection provided by the 14th Amendment and is therefore annulled. Injunctive Relief to ORDER Secretary of State to DISSOLVE ALL PROFESSIONAL LIABILITY CORPORATIONS WHEREAS THE LICENSED PROFESSIONAL IS THE BAR.

## COUNT III

*GAMACHE & MYERS, P.C., is as liable for the actions of GAMACHE.*

19. "Every professional corporation and foreign professional corporation whose employees perform professional services within the scope of their employment or of their apparent authority to act for the professional corporation or foreign professional corporation shall be liable to the same extent as its employees." Rev. Mo. Stat. 356.171(2)

20. WHEREFORE: RELIEF SOUGHT: JENSEN prays this Court will grant Declaratory relief that Gamache & Myers, P.C. is liable to the same extent as GAMACHE.

## COUNT IV

*KLEIN AND THEREFORE FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C. IS AIDING AND ABETTING VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AS WELL AS FLEIN, FRANKEL, AND GAMACHE ARE VIOLATING THE FDCPA DIRECTLY*

21. JENSEN reincorporates paragraphs 1-8 of Facts and Summary and the PREFACE and FOREWORD of this Document.

22. GAMACHE cannot, under the FDCPA, threaten to take any action that he cannot legally be taken, and therefore, KLEIN cannot take those actions on the behalf of GAMACHE, JENSEN raises contributory negligence accusations, duty to care, last clear chance, .

23. FRANKEL is as liable as KLEIN, Rev. Mo. Stat. 356.171(2), and MYERS is as liable as GAMACHE, plus respondeat superior.

24. THREATENING BY AFFIRMATIVE DEFENSE TO CANCEL/OFFSET JENSEN'S CLAIMS BY WILLFUL NEGLIGENCE OR FALSE/FRAUDULENT REPRESENTATION OF AGENCY DEFENSE FOR A PROFESSIONAL IN A PROFESSIONAL CORPORATION IS A VIOLATION OF THE FDCPA IF GAMACHE CANNOT TAKE SUCH ACTION, JENSEN INVOKES UNCONSCIONABILITY DOCTRINE .

25. KLEIN REPRESENTS Asset Acceptance, LLC, CCB Credit Services, Inc., Commerce Bank, N.A., Consumer Collection Management, Inc., Credigy Receivables, Inc., Crown Asset Management, LLC, Delfasco Finance, LLC, Federated Capital Corporation, First American Mortgage, Inc., FLO-GP Leasing Co., LLC, Gamache & Myers, P.C., LVNV Funding, LLC, and Mestek, Inc.

26. WHEREFORE: RELIEF SOUGHT: JENSEN prays this Court will grant Declaratory relief that GAMACHE, MYERS, KLEIN, AND FRANKEL have committed a WRONGFUL ACT under the FDCPA, is responsible for some statutory sum of up to $1,000 plus actual damages plus punitive damages.

WHEREFORE:

- JENSEN prays to the Judge of Natural Law that these Words Carry Weight.
- JENSEN prays the words moved this Court to grant the relief sought in (Counter/Cross)Claims 1-4 respectfully.
- JENSEN prays for any further relief this Court deems Just and Proper.
- This response having service requirements, and in forma pauperis status, if required, and order to serve this document.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 22th of December 2022.

//s/JasonAJensen