UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:22-CV-03140-BCW ) |
| CITIBANK, N.A., et al., | ) ) |
| Defendants. | ) |

## DEFENDANT STATE OF MISSOURI'S MOTION TO STAY RULE 26 DEADLINES AND DISCOVERY

COMES NOW, Defendant State of Missouri ("Defendant"), by and through the undersigned counsel, and respectfully requests an Order staying discovery and other Rule 26 activities, including but not limited to, the Rule 26(f) Conference and submission of a proposed scheduling order, and service of discovery until Defendant's Motion to Dismiss is ruled upon by the Court. In support of its Motion, Defendant states the following:

In the above captioned case, Defendant filed its Motion to Dismiss on various bases including failure to state a claim for which relief can be granted and failure to comply with pleading requirements. (Doc. 31). On December 6, 2022, Plaintiff filed his Suggestions in Opposition. (Doc. 34). Currently, there are multiple pending motions by multiple parties.

On June 2, 2022, the Court issued a Notice of Inclusion in the Mediation and Assessment Program notifying the parties that the case had been assigned to an outside mediator for mediation. (Doc. 2). Pursuant to Rule 26.1(b), "[u]nless the Court orders otherwise, the filing of any motion – including a motion to dismiss, a discovery motion, or a motion for summary judgment – does not stay the action or excuse the parties from complying with any discovery rule or scheduling order." Fed. R. Civ. P. Rule 26.1(b). Counsel for Defendant State of Missouri requests a stay in Rule 26 deadlines until Defendant's Motion to Dismiss is ruled upon by the Court.

The Court has great flexibility in determining the time, manner, and scope of discovery. This allows the Court to create a discovery plan which best serves the interest of justice in a particular case. *See* Fed. R. Civ. P. Rule 26; *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). The Court has the power to control the disposition of its cases with economy of time and effort for itself, for counsel, and for the parties. *Id*.

Defendant recognizes that stays of discovery are considered extraordinary relief in this district and that the party asking for a stay must make a clear case of hardship or inequity in being required to go forward. *Landis v. N.Am.Co.*, 299 U.S. 248, 254 57 S.Ct. 163, 81 L.Ed. 153 (1936). In determining whether to grant a stay of discovery pending the outcome of a motion to dismiss, courts consider multiple factors including the movants'

likelihood of success on the underlying motion, whether the movant will be irreparably harmed absent a stay, the breadth of pending discovery, the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case, public interest, and judicial economy. *Downs v. Crouch*, Case No. 4: 18-00373-CV-RK, 2018 U.S. Dist. LEXIS 160522, (W.D. Mo. Sept. 20, 2018). Here, the likelihood that Defendant will prevail is high given Plaintiff failed to properly plead and state a claim for which relief can be granted. There are no substantive allegations showing a causal connection between the state's conduct and the violation of Plaintiff's rights under the Americans with Disabilities Act. Further, Plaintiff failed to address the substance of Defendants' Motion to Dismiss in his response. Defendant anticipates that the Court will grant its motion, thus disposing of the case for this Defendant. Requiring the parties to engage in discovery at this time on all issues of the broad complaint would be a waste of time and money.

Defendant contacted Plaintiff and Plaintiff opposes Defendant's Motion to Stay. Plaintiff expressed an intention to file a suggestion in opposition.

WHEREFORE, Defendant State of Missouri respectfully requests that this Court issue an Order staying discovery and related proceedings under Fed. R. Civ. P. 26 pending a ruling on Defendant's Motion to Dismiss.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/Anna Connelly*
Assistant Attorney General
Missouri Bar No. 67428
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Telephone: (816) 889-5000
Fax: (816) 889-5006
E-Mail: Anna.Connelly@ago.mo.gov
*Attorney for State of Missouri*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of December, 2022, a copy of the foregoing was filed through the Court's PACER system, which sent an electronic copy to all counsel of record, and to *Plaintiff Pro Se* at jasonjensen@gmail.com.

*/s/ Anna Connelly*
Assistant Attorney General