UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff and super duper counterclaim plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>The Most Iconicly Representative of the Lawyer and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br><br>[RESERVED SPACE FOR MORE DEFENDANTS] | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**SUGGESTIONS IN OPPOSITION TO DEFENDANT STATE OF MISSOURI'S MOTION TO STAY RULE 26 DEADLINES AND DISCOVERY** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN") pursuant to Rule 26.1(b), "[u]nless the

Court orders otherwise, the filing of any motion – including a motion to dismiss, a discovery motion, or a

motion for summary judgment – does not stay the action or excuse the parties from complying with any discovery rule or scheduling order." Fed. R. Civ. P. Rule 26.1(b).  Which was taken precisely from Defendant MISSOURI's Motion to Stay Disclosure and Discovery.

First, no effort to comply with said order was ever made by MISSOURI, while JENSEN has already provided materials in that effort, disclosure. This includes providing the State with private emails, video, and other documents – as well as answering questions from the defendants; BUT JENSEN WILL GET NOTHING IN RETURN.

Second, this Motion states "Here, the likelihood that Defendant will prevail is high given Plaintiff failed to properly plead and state a claim for which relief can be granted. There are no substantive allegations showing a causal connection between the state's conduct and ***the violation of Plaintiff's rights under the Americans with Disabilities Act***. Further, Plaintiff failed to address the substance of Defendants' Motion to Dismiss in his response." (emphasis added) Seems like the STATE ADMITTED THERE WAS A VIOLATION, just now, in this Motion to Stay.  Plus, that "liberal construction" doesn't appear to actually apply. These Statements are only true if the 14th Amendment and the Commerce Clause are DEAD ARTICLES regarding the Americans with Disabilities Act, which is the STATED LAWFUL AUTHORITY the ADA was enacted under by Congress and amended multiple times. Defendant Missouri's ENTIRE Motion to dismiss rests upon the fact MISSOURI is propounding that STONE and MISSOURI are two separate entities. (AND THEN STONE will claim the Courts are part of the STATE and not the COUNTY, whereas in a one, two punchout, JENSEN IS LEFT WITHOUT ANY REMEDY POSSIBLE EVER) This is direct conflict of Multiple Supreme Court Cases, going back to the Ratification of the 14th Amendment, including *Avery v. Midland County, 390 U.S. 474 (1968)* on the matter, which summed up the other cases nicely. So- when the STATE, though a political subdivision, SEEKS AUTHORITY to say force a private company to repair a section of road and/or rail tracks, it is the STATE, to defend from Antitrust litigation, the political subdivision IS THE STATE, but when the STATE is to defend on the Americans with

Disabilities ACT, the Political Subdivision IS NOT THE STATE, and no actions by its political subdivision are attributed to the ACTIONS OF THE STATE. Somehow, these retorts on MISSOURI's Motion to Dismiss, then, as the defendant claims, failed to address their Motion. Here, again, in this Motion, the State of MISSOURI is empathically INSISTING that JENSEN failed to attribute any causes of actions to the STATE itself, then INSISTS that each time STONE COUNTY or one of its agents are attributed to an ACT, THIS IS NOT THE STATE. Again, the STATE CAN, according to it, duplicate itself and its sovereignty, in direct effort to avoid liability under the ADA.

The Motion to Dismiss, and this Motion to Stay, whereas the "Defendant anticipates that the Court will grant its motion, thus disposing of the case for this Defendant." Demonstrates that the Defendant never intended to follow the Order of this Court specifying Compliance and Notifying that No Motion would delay these deadlines because of a Motion, but this is EXACTLY AND PRECISELY what this Motion requests and relied upon.

MOREOVER, if this line of reasoning IS SUSTAINED by this Court then the Americans with Disabilities Act is a DEAD ARTICLE and it VIOLATES THE EQUAL PROTECTION, the Americans with Disabilities Act was designed to restore the disabled person's access and inclusion into society, quality of life, and to make unlawful discrimination of the Disabled from Employment, Government Services, and Public Accommodations. This case represents JENSEN's demand that the Federal Government make good on that "life, liberty, and pursuit of happiness" requirements of the Founding Documents.

And why shouldn't the State act this way? JENSEN can file these cases ad infinitum ad nauseum. There are almost no agencies of the State that DOES comply with the Americans with Disabilities Act. The Attorney General's Office had no ADA Coordinator as of May, JENSEN's attempted Complaint there went nowhere. JENSEN's CURRENT request for Accommodations from the Attorney General's Office in a Consumer Complaint about eBay has also been ignored. Moreover, the Department of Mental Health

does not have an ADA Coordinator. Of the 114 Counties in Missouri, JENSEN doubts any are in compliance of such a simple requirements: to provide accommodations and a complaint process. Expanded out to the other States, Delaware and the Court of Chancery is definitely not in compliance, and even sent officers to JENSEN's parents house for a "wellness check" because his insistence they process his discrimination complaint, while completely ignored after 3-4 months of effort including faxes, emails, calls, and getting over agencies involved, are just "harassment" by telephone, Delaware sent Kimberling City Police to JENSEN's Parent's house for a "wellness check" initiated by the Delaware Capital Police, who refused to admit JENSEN was even disabled, but sent this "wellness check" where the whole purpose was to inform JENSEN that if he called anymore about the ADA he would be arrested in Missouri, transported to Delaware, and charged with a misdemeanor of "harassment" for calling too much.. this is while no services were ever provided.

So where this Case is treated as JENSEN is the Aggressor of some type, needs to suffer sanctions for the attempt to force the ADA to apply to him, and that EVERYDAY IN EVERY SITUATION he is excluded, removed from society, and lives in constant fear of the medical conditions assigned to him and their effects in the aforementioned – the State acts like this case is moot, irrelevant, a "waste of money", etc, etc, etc, showing the exact kind of discrimination discovery and disclosure will provide.

THIS COURT SHOULD EITHER DENY THIS MOTION OR DISMISS THIS CASE AGAINST ALL PARTIES IN ITS ENTIRETY AND SHOW THAT THE ADA IS A DEAD ARTICLE, THAT THE ADA DOES NOT "EQUALLY PROTECT" MENTAL DISABILITIES, AND OTHERWISE JUST DECLARE JENSEN AN IMP – NOT DESERVING OF ANY OF THE CONSTITUTIONAL PROTECTIONS OR PROTECTIONS OF LAW ALL SO THE STATE CAN AVOID DISCOMFORT OF CONVENIENCE.

**WHEREFORE:**

- JENSEN prays the words moved this Court to DENY DEFENDANT'S MOTION TO STAY DISCOVERY AND DISCLOSURE.
- JENSEN prays to the Judge of Natural Law that these Words Carry Weight by the POWER of the Solstice and the Birthday of the Living God.
- JENSEN prays for any further relief this Court deems Just and Proper.
- This response having service requirements, and in forma pauperis status, if required, and order to serve this document.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 27th of December 2022.

//s/JasonAJensen