UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:22-CV-03140-BCW |
| ) | |
| CITIBANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT STONE COUNTY'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE COUNTERCLAIM COMPLAINT [DOC. 29]

COMES NOW Defendant Stone County, Missouri, by and through undersigned counsel, pursuant to Local Rule 7.0(a), and for its Suggestions in Opposition to Plaintiff's Motion for Leave to File Counterclaim Complaint [Doc. 29], states as follows:

### I. INTRODUCTION[1]

On June 1, 2022, Plaintiff Jason Jensen filed his *pro se* Complaint [Doc. 1]. As relates to Defendant Stone County, Missouri (hereinafter "Stone County"), Jensen alleges that Stone County violated Title VII of the Americans with Disabilities Act ("ADA"), apparently by refusing to permit Jensen to use a cell phone within the Stone County Justice Center, in which the Circuit Court of Stone County is located. According to Jensen's own allegations, he was yelling into his phone at the Court Clerk and possibly was refused some requested accommodation.

On June 30, 2022, Jensen filed an Amended Complaint [Doc. 5-1], in which he alleges Stone County violated Title II of the ADA [Doc. 5-1, ¶¶ 53–54], and excluded Jensen from accessing publicly accessible online court records [Doc. 5-1, ¶¶ 55–57]. Jensen effected service

---

[1] For the sake of brevity, Defendant Stone County will only address those allegations relevant to Stone County.

of his Amended Complaint on Stone County on or about October 26, 2022 [Doc. 8], and Stone County filed its Answer on November 16, 2022 [Doc. 11], in which it generally denied all but two of Jensen's allegations and asserted affirmative defenses. Jensen apparently took issue with Stone County's affirmative defenses, and now attempts to assert a counterclaim against Defendant Stone County and its counsel, Matthew J. Gist, Christopher M. Napolitano, and Ensz & Jester, P.C. (Messrs. Gist and Napolitano and Ensz & Jester, P.C. hereinafter collectively referred to as "Defense Counsel") [Doc. 29]. For the reasons discussed below, Jensen's Motion for Leave to File Counterclaim Complaint [Doc. 29] should be overruled.

## II. SUGGESTIONS IN OPPOSITION

At the outset, Stone County notes that a counterclaim is, by definition, "A claim presented ***by a defendant*** in opposition to or deduction from the claim of the plaintiff." *Kauffman v. Kebert*, 16 F.R.D. 225, 227 (W.D. Pa. 1954) (emphasis added). Because Jensen is not a defendant in this matter, by definition, it would be improper to permit him to file a counterclaim, and for that reason alone, Jensen's Motion should be denied.

To the extent the Court construes Jensen's Motion [Doc. 29], which he filed pursuant to Fed. R. Civ. P. 13, as a Motion to Amend or Supplement under Fed. R. Civ. P. 15, Jensen's Motion [Doc. 29] should be denied because he failed to attach his proposed amended pleading, and therefore, failed to comply with the pleading requirements of Fed. R. Civ. P. 8(a)(2), and case law interpreting Rule 8. *Wolgin v. Simon*, 722 F.2d 389, 394–95 (8th Cir. 1983) (affirming denial of leave to amend where appellant failed to submit a proposed amendment to the trial court).

Further, it is appropriate to deny leave to amend a pleading when bad faith on the part of the moving party or futility of the amendment can be demonstrated. *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). An amendment is futile if it could not survive a

2
Case 6:22-cv-03140-BCW   Document 53   Filed 01/11/23   Page 2 of 6

motion to dismiss by failing to allege sufficient factual matter to state a claim that is plausible on its face. *Id.* Here, because Jensen failed to attach a proposed amended pleading to his motion, it would be futile to permit Jensen to amend because he has pleaded no factual matter whatsoever, and therefore has failed to plead sufficient facts to state a claim that is plausible on its face.

As for Jensen's proposed counterclaim(s) against Defense Counsel, because Jensen failed to include a proposed Counterclaim or Amended Complaint, it is unclear under what theory Jensen seeks to allege claim(s), but to the extent Jensen seeks to hold Defense Counsel liable under 42 U.S.C. § 1983, such attempt would fail because "an attorney is not subject to suit under § 1983 when performing the traditional role of defense counsel." *Brawley v. St. Louis Cnty. Police Dep't*, No. 4:19-CV-00308-RWS, 2019 WL 2568664, at *5 (E.D. Mo. June 21, 2019) (citing *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992)). To the extent Jensen attempts to assert a bar complaint against Defense Counsel, a federal pleading is not the appropriate mechanism for doing so, which Jensen himself alluded to in his Motion [Doc. 29, ¶¶ 4–5]. Jensen also mentions or alludes to malpractice, but again, Jensen is not defense counsel's client and defense counsel owes no duty to Jensen.

The reality is that all Defense Counsel did was assert Affirmative Defenses that may be applicable based on the limited information known. Specifically, Jensen has a asserted a failure to provide a public accommodation, and an affirmative defense to such a claim is that of direct threat. 28 C.F.R. § 36.208, states, "[t]his part does not require a public accommodation to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of that public accommodation when that individual poses a direct threat to the health and safety of others." There is simply no basis to permit suit against Defense Counsel for asserting affirmative defenses, provided for by regulation, on behalf of their client.

3
Case 6:22-cv-03140-BCW   Document 53   Filed 01/11/23   Page 3 of 6

## III. CONCLUSION

Jensen's Motion [Doc. 29] should be denied because a Plaintiff cannot, by definition, assert a counterclaim. Jensen's Motion [Doc. 29] should be also denied because to the extent the Court construes Jensen's Motion [Doc. 29] as a motion to amend or supplement under Rule 15, Jensen failed to include his proposed Amended Complaint, and therefore failed to meet the pleading requirements of Rule 8(a)(2) and case law interpreting Rule 8. Further, any amendment would be futile because it could not withstand a motion to dismiss. Finally, Jensen's Motion [Doc. 29] should be denied to the extent Jensen attempts to assert claim(s) against Defense Counsel, because attorneys are not subject to suit under § 1983 when performing their role as defense counsel, Defense Counsel does not represent Plaintiff, and, therefore, Plaintiff cannot succeed on a malpractice claim, and asserting affirmative defenses on behalf of a client is not actionable. As a result, Jensen's proposed claims are frivolous and futile.

WHEREFORE, Defendant Stone County, Matthew J. Gist, Christopher M. Napolitano, and the law firm Ensz & Jester, P.C. respectfully request the Court enter an order overruling Plaintiff Jason Jensen's Motion to File Counterclaim Complaint [Doc. 29], and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**ENSZ & JESTER, P.C.**

_/s/ Matthew J. Gist_

| MATTHEW J. GIST | MO #54732 |
| CHRISTOPHER M. NAPOLITANO | MO #66610 |
| THOMAS H. OSBORN | MO #72953 |

1100 Main Street, Suite 2121
Kansas City, Missouri 64105
Telephone: 816-474-8010
Facsimile: 816-471-7910
E-mails: mgist@enszjester.com
  cnapolitano@enszjester.com
  tosborn@enszjester.com
**ATTORNEYS FOR DEFENDANT STONE COUNTY, MISSOURI**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 11, 2023, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record. Additionally, a true and correct copy of the above and foregoing was sent via email transmission to the following:

JASON A. JENSEN
2186 Jackson Keller Rd., Suite 1097
San Antonio, Texas 78213
Telephone: 402-598-1285
E-mail(s): jasonjensen@gmail.com
**PLAINTIFF PRO SE**

*/s/ [signature]*

**ATTORNEYS FOR DEFENDANT
STONE COUNTY, MISSOURI**