UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:22-CV-03140-BCW |
| CITIBANK, N.A., *et al.*, | ) |
| Defendants. | ) |

## DEFENDANT STONE COUNTY'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO APPEARANCE OF CHRISTOPHER NAPALITANO [SIC] FOR STONE/MISSOURI [DOC. 35]

COMES NOW Defendant Stone County, Missouri, by and through undersigned counsel, pursuant to Local Rule 7.0(a), and for its Suggestions in Opposition to Plaintiff's Objections to Appearance of Christopher Napalitano [sic] for Stone/Missouri [Doc. 35], states as follows:

On December 6, 2022, Plaintiff Jason Jensen filed a document titled "Jensen's Objections to Appearance of Defense Counsel Christopher Napalitano [sic] for Stone/Missouri." [Doc. 35]. However, Jensen failed to apprise the Court therein of any basis—in law, in equity, or otherwise— for expelling Mr. Napolitano from his representation of Stone County, or for refusing to allow Mr. Napolitano to perform his function as Defense Counsel for Stone County, and failed to request any remedy or action by the Court. To the extent Jensen attempts to allege that Mr. Napolitano cannot represent Defendant Stone County due to a conflict of interest arising through Jensen's attempt to sue Mr. Napolitano and Ensz & Jester, P.C. for representing Stone County, Jensen fails to articulate how and why the conflict exists. Further, the Court has not granted Jensen leave to sue Mr. Napolitano or Ensz & Jester, and, as a result, there can be no existing conflict. Accordingly, the

Court should give no cognizance to Jensen's Objection [Doc. 35], and overrule Jensen's Objection [Doc. 35].

Further, under Rule 12(f), the Court has wide latitude to strike pleadings that are insufficient, immaterial, or impertinent. Fed. R. Civ. P. 12(f); *Clemens v. Loc. One, Serv. Emps. Int'l Union*, No. 4:17CV2381 RLW, 2019 WL 652850, at *3 (E.D. Mo. Feb. 15, 2019). Because Jensen's Objection [Doc. 35] is insufficient, immaterial, and impertinent, it should be stricken from the record.

WHEREFORE, Defendant Stone County respectfully requests the Court enter an order overruling Plaintiff Jason Jensen's Objections to Appearance of Christopher Napolitano [sic] for Stone/Missouri [Doc. 35], strike Jensen's Objection [Doc. 35] from the record, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**ENSZ & JESTER, P.C.**

MATTHEW J. GIST     MO #54732
CHRISTOPHER M. NAPOLITANO MO #66610
THOMAS H. OSBORN     MO #72953
1100 Main Street, Suite 2121
Kansas City, Missouri 64105
Telephone: 816-474-8010
Facsimile: 816-471-7910
E-mails: mgist@enszjester.com
          cnapolitano@enszjester.com
          tosborn@enszjester.com
**ATTORNEYS FOR DEFENDANT STONE COUNTY, MISSOURI**

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 11, 2023, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record. Additionally, a true and correct copy of the above and foregoing was sent via email transmission to the following:

JASON A. JENSEN
2186 Jackson Keller Rd., Suite 1097
San Antonio, Texas 78213
Telephone: 402-598-1285
E-mail(s): jasonjensen@gmail.com
**PLAINTIFF PRO SE**

**ATTORNEYS FOR DEFENDANT
STONE COUNTY, MISSOURI**