UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:22-CV-03140-BCW |
| CITIBANK, N.A., *et al.*, | ) |
| Defendants. | ) |

**DEFENDANT STONE COUNTY, MISSOURI'S MOTION TO JOIN
DEFENDANT STATE OF MISSOURI MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT AND SUGGESTIONS IN SUPPORT**

COMES NOW Defendant Stone County, Missouri, by and through undersigned counsel, and for its Motion to Join Defendant, the State of Missouri's to Motion to Dismiss Plaintiff's First Amended Complaint state to the Court as follows:

1. On June 30, 2022, Plaintiff filed his Amended Complaint which alleged violations of Title II of the Americans with Disability Act ("ADA") against Defendants, the State of Missouri, and Stone County, Missouri. [See Plaintiff's Amended Complaint, Doc. No. 5 and this Court's September 23, 2022, Order, Doc. No. 6]

2. On December 5, 2022, Defendant the State of Missouri filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Suggestions in Support. [See Doc. Nos. 31–32]

3. Defendant State of Missouri's Motion and Suggestions in Support argues that Plaintiff's First Amended Complaint failed to state a claim for which relief can be granted because the Amended Complaint did not allege facts that if true, would support a claim that Plaintiff's rights under Title II of the Americans with Disability Act ("ADA").

4. Defendant Stone County requests this Court allow it to join the State of Missouri's Motion to Dismiss and incorporate all the arguments stated therein and moves for dismissal.

**SUGGESTIONS IN SUPPORT**

Plaintiff Jenson's ("Jenson") Complaint stems from the process of having a default judgment entered against him set aside.[1] Defendant JH Met, who allegedly purchased an account from Defendant Citigroup which presumably provided credit to Jensen, had a default judgment entered in its favor and against Jensen, set aside on January 27, 2022. A trial in JH Met's collection action against Jensen was set for May 6, 2022.[2] On May 5, 2022, JH Met dismissed its Petition against Jensen. Jensen, apparently unaware of the dismissal came to the Lawrence County Circuit Court on May 6, 2022, for trial and was told of the dismissal.[3] Jenson alleges that at unspecified times, presumably before his civil case was dismissed, Jenson yelled at Stone County Court Clerk personnel.[4] There was also some issue with his cell phone, although Jenson never intended to bring it to the Courtroom.[5] This alleged conduct by Stone County Clerk and Court personnel are alleged to have violated Article II of the ADA.

For Jenson to prevail in his ADA claim against Stone County he must show 1) he is a qualified individual with a disability 2) he was excluded from participation in or was otherwise denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against and 3) that such exclusion or discrimination was "by reason" of the disability. *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998). The specific conduct alleged by Jenson, even if true, does not constitute an ADA violation. The civil case filed by JH Met against

---

[1] See this Court's September 23, 2022 Order [Doc. No. 6] at p. 2.
[2] Id.
[3] Id.
[4] See Plaintiff's Amended Complaint [Doc. No. 5–1], at pp.7–8.
[5] Id.

Jenson was dismissed prior to trial and thus Jensen cannot claim any injury from any failed accommodations for a trial that never occurred. Jenson makes vague reference to an issue over him yelling at court personnel and use of his cell phone as the facts that led to the ADA violation. Conclusory statements are not sufficient to survive a motion to dismiss. *Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

WHEREFORE, Defendant Stone Cunty, Missouri, requests the Court enter an order allowing it to join Plaintiff's motion to dismiss and should this Court determine that Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted as it pertains to Plaintiff's alleged violations of Title II of the ADA, that Defendant Stone County be dismissed and for any other relief this Court deems just and proper.

Respectfully submitted,

**ENSZ & JESTER, P.C.**


/s/ Matthew J. Gist
| MATTHEW J. GIST | MO #54732 |
| CHRISTOPHER M. NAPOLITANO | MO #66610 |
| THOMAS H. OSBORN | MO #72953 |

1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:  816-474-8010
Facsimile:  816-471-7910
E-mails:    mgist@enszjester.com
            cnapolitano@enszjester.com
            tosborn@enszjester.com
**ATTORNEYS FOR DEFENDANT STONE COUNTY, MISSOURI**

## CERTIFICATE OF SERVICE

   I hereby certify that, on March 8, 2023, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record. Additionally, a true and correct copy of the above and foregoing was sent via email transmission to the following:

JASON A. JENSEN
2186 Jackson Keller Rd., Suite 1097
San Antonio, Texas 78213
Telephone: 402-598-1285
E-mail(s): jasonjensen@gmail.com
**PLAINTIFF PRO SE**

               /s/ Matthew J. Gist
               **ATTORNEYS FOR DEFENDANT**
               **STONE COUNTY, MISSOURI**