UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**PLAINTIFF'S SUGGESTIONS IN SUPPORT OF DEFENDANT STONE COUNTY, MISSOURI'S MOTION TO JOIN DEFENDANT STATE OF MISSOURI MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND SUGGESTIONS IN SUPPORT** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), in complete Support of Defendant Stone County's Motion to Support Defendant State of Missouri Motion to Dismiss Plaintiff's Amended Complaint and Suggestions in Support ("Motion to Join") to fast-track case to appeal. JENSEN is weary of Justice in a political environment that speaks of mentally ill as a class to be delt with as a whole and Supreme Court Rule 28.8 will obfuscate any Justice upon Appeal since JENSEN isn't allowed to orally argue the merits of his own case and that no one need champion the cause of the similarly disabled except those so disabled.

1. On or around June 2nd, 2022, JENSEN filed Motion to Proceed IFP with a Complaint.
2. On or around June 10th, 2022, JENSEN was given leave to file an amended complaint without much benefit of process in order to perfect.
3. On or around June 30th, 2022, that amended complaint was filed by JENSEN.
4. On or around September 23rd, 2022, the Court ordered the following (the subsequent list is limited to STONE and MISSOURI claims and issues):
    a. Because Jensen is proceeding pro se, the Court liberally construes the proposed complaint's factual allegations. Estelle v. Gamble, 429 U.S. 97, 106 (1976).
    b. Court construes Jensen's claims as stemming from state case number 21SN-0AC00123 ("the state case"). Stutzka v. McCarville, 420 F.3d 757, 760 n.3 (8th Cir. 2005) (Court may take judicial notice of judicial opinions and public records); (Doc. # 5-1 at 22).
    c. JH Met filed the state case against Jensen, which came before Stone County Judge Blankenship.
    d. In the proposed amended complaint, Jensen seeks compensatory and punitive damages, as well as declaratory relief, through the [amended complaint filed] claims.
    e. In Count V, Jensen alleges the State of Missouri, Stone County, Stone County Judge Cole, Lebow, and Sherriff Rader violated the Americans with Disabilities Act

"surrounding accommodations and complaint procedures." In Count VI, Jensen alleges the State of Missouri, Chief Justice Paul Wilson, the Missouri Office of Court Administration, Kathy Lloyd in her official capacity as Missouri Office of State Courts Administrator, Stone County, Lebow, and Judge Cole improperly denied Jensen access to court records. Finally, in Count VII, Jensen seeks a declaratory judgment by writ of mandamus against Judge Blankenship to compel enforcement of an arbitration agreement.

f. Section "Justice Wilson, Judge Blankenship, and Judge Cole are immune from suit, and Count VII is otherwise dismissed" where the Court ruled that calling for a trial that is then dismissed by the State Case Plaintiff, mooted the fact that Judge Blankenship had no intention of abiding to 9 USC. No mention was made if the claims did not survive the American with Disabilities Act complaint whereas the person cannot be held responsible but the employing agency is. This is not really Blankenship's deficiency as Citi et al had created an Arbitration Clause whereas the terms of the contract mandated a procedure to implement the Arbitration Clause that called for filing a Motion to Compel Arbitration but no associated or complimentary Stay motion. Now JENSEN could have anticipated a problem with this and went proactive with the motion for Stay order, which he later did under necessity, but in a spirit of a Contract when agreed to terms of procedure, strict adherence is required.

g. Section Titled "Jensen's motion to proceed in forma pauperis on Count II is denied" whereas the Court determined that Gamache could not possibly be a state actor under 42 U.S.C. § 1983 in direct defiance of Dennis v. Sparks, 449 U.S. 24 (1980), Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), and other cases where the Court has found a person acting in concert with a state actor to deny a right can be held under liable 1983. This is the exact kind of behavior submitting a memorandum of hearsay in stead of a signed affidavit from a sworn officer or public notary to obtain illegitimate

personal jurisdiction would exhibit. The clerk then simulated the process as if it had been done properly and gave no notice to JENSEN of any anomalies. These actions in concert represent a denial of due process around service of process and due process.

h. "In Count V of Jensen's proposed complaint, Jensen alleges Lebow, Sheriff Rader, Stone County, and the State of Missouri violated the Americans with Disabilities Act. Jensen alleges these defendants violated the ADA by not allowing Jensen to use his "cell phone as expertly configured to aide his disability." Jensen further alleges he suffers from bipolar disorder and his treatment in the course of defending the state case violated his rights under the ADA. Jensen alleges he was frustrated by telephone communications with the state court clerk's office, was "aggravated by years of being forced to wait on hold," and "act[ed] out in tone of voice, pitch, and attenuation." (Doc. #5-1 at 11-13). Broadly construing Jensen's allegations, he alleges these defendants violated the ADA because they did not reasonably accommodate his bipolar disorder."

i. "Title II of the ADA "authorizes suits by private citizens for money damages against public entities that" discriminate against an individual with a disability. United States v. Georgia, 546 U.S. 161, 153 (2006) (citing 42 U.S.C. § 12132). "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in a Federal or State court of competent jurisdiction for a violation of this chapter." Id. (citing 42 U.S.C. § 12202)."

j. To establish a violation of Title II of the ADA, a plaintiff must demonstrate the following:

   i. (1) he is a qualified individual with a disability;

  ii. (2) he was excluded from participation in or was otherwise denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against; and

  iii. (3) that such exclusion or discrimination was "by reason" of the disability. Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998).

 k. "Under the applicable standard, the Court grants Jensen leave to proceed in forma pauperis against the State of Missouri and Stone County with respect to his proposed Count V for violation of Title II of the ADA. Though Jensen also names Lebow and Rader as defendants to this claim, individuals in their personal capacities are not subject to suit under Title II of the ADA. Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010). ***Moreover, official capacity claims under Title II of the ADA asserted against individuals in their official capacity are construed as against the public entity for which the official works. Id. Jensen's motion to proceed in forma pauperis on Count V as alleged against the State of Missouri and Stone County is granted.*** " (emphasis added)

5. Stone County was served on or about October 26th, 2022 and the State was subsequently served on November 4th, 2022 to Secretary of State John R Ashcroft.

6. Stone County answered on November 16th, 2022 with the following:

 a. General Denial whereas all not admitted to is denied.

 b. Facts Admitted:

  i. Stone County is a political subdivision of Missouri

  ii. Stone County has officers located at Stone County Courthouse at 108 East 4th Street, Galena, Missouri.

  iii. Doug Rader is the elected Stone County Sherriff.

c. Then proceeds to affirmatively defend those claims already denied. So instead of an argument of "Yes, but if not for I would not have" becomes "Untrue, but if true is irrelevant for reasons I can delineate after the fact without presence of mind." Including, JENSEN is not entitled to any ADA protection because he is always easily considered a "direct threat to the health and safety of others". Ergo: CRAZY == DANGEROUS prima facie. Also, there are no means of accommodating bipolar behavior on the phone and the only solution or option for the state under the ADA is to disconnect and block JENSEN when his BIPOLAR behavior is "BELLIGERENT". Also, the notion that an entire class of disabled, mentally ill, have no accommodations whatsoever in any circumstance should be sustained and is beyond contestation because the state has asserted it.

d. On November 30th 2022, Stone County by Christopher Napolitano, filed what the document is titled "OPPOSITION TO PLAINTIFFS REPLIES TO DEFENDANT STONE COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES" which was actually a Motion to Strike. See Docket Entry #26.

e. On or about December 5th, 2022, MISSOURI by Anna Connelly, filed the State's MOTION TO DISMISS, which STONE now seeks to join, with the following elements:

   i. Failure to state a claim
   ii. Complaint is conclusory and fail pleading requirements of Fed. R. Civ. P. 8(a)(2).
   iii. Plaintiff failed to establish how the State of Missouri excluded JENSEN from participating in a service or denied him services due to his disability and his First Amended Complaint should be dismissed. And:
   iv. Defendant [State of MISSOURI] contemporaneously filed Suggestions in Support.

f. With the Following elements in support of that MOTION TO DISMISS:
    i. Statement of Facts
        1. Defendant MISSOURI capitalizes on grammatic error that makes no sense. JENSEN stated the he "had no intention of entering any Courtroom with said device" which does not make sense with a concurrent complaint that JENSEN was not allowed in with it. Changing the mistake of with to without makes the complaint coherent.
        2. Recap of JENSEN claim and contention that hanging up on an emotional charged bipolar person because the operator considered excited utterances "yelling" and then disconnects and blocks subsequent calls is a denial of telephony services based on disabled behavior.
        3. Defendant State misunderstands the past effect of thousands of corporations using the phone, hold times, and other abusive activity to aggravations of similar behavior on the phone.
        4. Defendant recaps the effect of being hung up on when the phone requests were later sustained by Michelle Lebow. It was determined the State Court Docket that summarily listed two Notice of Hearings in one was improper and JENSEN's preference in order of Motion heard should be honored, and updated the Docket. Any clerk could have done this but subsequent to any request for accommodation, that accommodation included "pigeon-holing" JENSEN to one person for assistance by telephone, Miss Lebow. All other Clerks refused to help upon policy.

5. Jensen later appealed the denial and had 3 hours to attend a meeting where no rules of the Missouri Sunshine Act was honored, and the meeting was summarily made closed and no electronic devices were allowed inside.

   ii. Legal Standard

      1. Liberal Construction

      2. More than Conclusions Required (Twombly)

   iii. Argument

      1. Plaintiff Failed to State claim against State of Missouri

         a. Must Show:

            i. Qualified Individual

            ii. Excluded from services/programs

            iii. Exclusion was by reason of his disability

         b. Fed. R. Civ. P. 8(a)(2) Requires plain statement

         c. Plaintiff alleges defendants refused accommodations with expertly configured phone but provides no facts supporting the assertion (other than the fact JENSEN is never allowed in the building with it – EVER)

         d. Plaintiff does not state when the request was made, who he made it to, the details of the request or proposed accommodation, and any benefit or access that was denied:

***REBUTTAL:***

7. The request for accommodations was made to every court clerk spoken to on the phone, also in writing to Miss Lebow, all calls are recorded and time stamped as part of that expertly configured, the request was for the clerks to assist and not hang up on JENSEN, and the service denied was the telephony services. (See attachment #1) By denying access to all

electronic devices within the Justice Center which includes both Courtrooms and the Sheriff's Office, no person, including JENSEN, could bring with him electronic evidence of the behavior complained about.

8. Lebow eventually sustained all requests except "yelling" on the phone. This was reiterated to JENSEN in a Subsequent Email (see Attachment #2 to this filing).

9. The complained about denial is still active policy.

10. Under the Fair Debt Collections Practices act, any account opened with a Stone County address has, forever until Statute of Limitations is reached which must still be argued, a rise of action in Stone County Court. So, any previous dismissals of cases do not exclude the need for JENSEN's access to that Court.

11. All any state or political subdivision need do to deny JENSEN, or indeed any mentally ill person, access to any employment, public service or program, or privately ran public accommodation is to claim no accommodations exist for Bipolar, characterize JENSEN's Bipolar behavior as normal but "belligerent", and then exclude JENSEN from any protections under the ADA, deny services because the entity would have excluded anyone without bipolar or mental illness for the same behavior, denying behavior can be a result of mental illness such as Bipolar.

12. The State can then Deny access to any electronic disability aides for the Appeal Meeting of the Denial of Accommodations. Refuse entry to the building, and never setup another meeting for the Appeal of the Denial. The State most likely considered my refusal to enter a building without anything electronic as a refusal of the appeal process which is not correct.

13. On January 20th, 2023, this Court "STAYED [this case] pending ruling on the motion to dismiss (Doc. #31)" which the Motion by Governor Michael Parson to join and STONE's subsequent Motion to Join the State of Missouri's Motion to dismiss disrupts while blocking disclosure and discovery which would had led the State and political subdivisions to greater detail on the complained about activities of Missouri et al.

14. According to the Order dated September 23rd, 2022, "official capacity claims under Title II of the ADA asserted against individuals in their official capacity [were supposed to be] construed as against the public entity for which the official works." However, the State of MISSOURI then claims that JENSEN never mentioned "who" the requests were made to.

15. Perhaps Lebow and Rader work for no state entity and they get their authority from their bloodline?

16. Any search of courts.mo.gov email system for jasonajensen@gmail.com as required by a response of a complaint would determine the requests and the state's response, as required by disclosure and discovery, which the State moved to Deny. Instead the state claims a detailed breakdown of each step in the process must be documented and enumerated in a complaint making it incredibly verbose and long. (See attachments to this filing)

17. Stone County now wants to Join the State in a Denial without a determination of who Lebow and Rader works for and/or represents. Their Motion to Join also now speaks of facts and claims which were blanketly denied. However, since the Motion to Join strengthens JENSEN Motion to Compel Withdrawal of ENSZ, JENSEN supports the Motion to Join but only insofar as the Motion to Join should succeed but that the object of jointer should still fail as a Motion to Dismiss.

**WHEREFORE:**

- JENSEN prays to the Judge of Natural Law that these Words Carry Weight.
- JENSEN prays that the Court grant STONE's Motion to Join Defendant Missouri's Motion to Dismiss but then denies the Motion to Dismiss –OR– Immediately grants the Dismissal while JENSEN's privileges under the ADA are presently, actively, and concurrently denied by Missouri with regards to Court access for Immediate Appeal.
- JENSEN prays for any further relief this Court deems Just and Proper.

- This response having service requirements, and in forma pauperis status, if required, and order to serve this document.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 22nd of March 2023.

//s/JasonAJensen