UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:22-CV-03140-BCW |
| CITIBANK, N.A., et al., | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S MOTION TO DISMISS UNDER RULE 12(B)(5)**

Defendants Citibank, N.A. and Citigroup, Inc. (collectively, the "Citi Defendants") have filed a motion to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. The Citi Defendants submit this memorandum in support of their motion and state as follows:

**I.     BACKGROUND**

Following this Court's 28 U.S.C. § 1915 Order (Doc. 6), Plaintiff-cardholder Jason Adam Jensen's ("Jensen") sole claim against the Citi Defendants is a one-count breach of contract claim that theorizes that the Citi Defendants committed a breach by assigning his credit card account to Defendant JH Met Subsidiary B Liquidating Trust for collection (Count III). Jensen, through the U.S. Marshals Office, attempted to serve the Citi Defendants by personal service on the Citi Defendants' chief executive officers. *See* Docs. 50, 50-1, and 50-2. The summons in both attempts were returned unexecuted. *See id*. On the same day that the unexecuted returns were filed, Jensen

filed an emergency motion to show cause for refusal of service and for a temporary restraining order to restrict refusal of service. *See* Doc. 51.[1]

This Court should dismiss Jensen's breach of contract claim against the Citi Defendants under Federal Rule of Civil Procedure 12(b)(5). Jensen has failed to serve the Citi Defendants with adequate service of process. His failure to serve the Citi Defendants is evident both by the unexecuted returns (Docs. 50-1 and 50-2) and by his emergency motion (Doc. 51), the premise of which is that service had not been accomplished. If this Court should exercise its discretion and merely quash Jensen's attempted service, the Citi Defendants expressly reserve their right to move to compel arbitration of Jensen's claim if and when Jensen successfully effects service of process on both defendants.

## II. LEGAL STANDARD

"A federal district court may dismiss a complaint due to insufficient process or insufficient service of process." *King v. Preferred Fam. Healthcare*, No. 20-CV-00895-SRB, 2021 WL 2458676, at *2 (W.D. Mo. June 16, 2021) (citing Fed. R. Civ. P. 12(b)(4)–(5)). "A Rule 12(b)(4) motion concerns the form of process, whereas a Rule 12(b)(5) motion challenges the mode of delivery or a lack of service." *Id*. "To do so, a plaintiff must make a prima facie showing that service was valid under governing law." *Id*. "The filed return by the process server is prima facie proof of its contents." *Id*. "If a defendant has been improperly served, 'the district court has discretion to either dismiss the action or quash service and retain the case.'" *Id*.

## I. DISCUSSION

This Court should dismiss Count III under Rule 12(b)(5) because neither Citi Defendant has been served with process.

---

[1] Jensen apparently never pursued his emergency motion with the Court as no action was ever taken in response to it.

1. **<u>Dismissal of Jensen's Complaint against the Citi Defendants under Rule 12(b)(5) is Proper.</u>**

   a. **<u>The Citi Defendants have not been served.</u>**

This Court should dismiss the sole claim against the Citi Defendants (Count III) for insufficient service of process. The summons to be served on the Citi Defendants were returned unexecuted. *See* Docs. 50-1 and 50-2. Jensen made no additional efforts to effect proper service. Instead, he filed an emergency motion to show cause for refusal of service and for a temporary restraining order to restrict refusal of service. *See* Doc. 51. These efforts to effect service by motion are legally insufficient and are not contemplated by Rule 4 or N.Y. C.P.L.R. 311.[2] If anything, all Jensen has accomplished by his motion practice is to admit insufficiency.

Indeed, by Jensen's own description, service was defective. That is, whether because of incorrect information provided by Jensen, mistake of the U.S. Marshals, or confusion by the Citi Defendants, each summons was "apparently interpreted as summons for CEO and not CORPORATION NAME." *See* Doc. 51. Whatever the confusion may have been, it was Jensen's responsibility to correct service. *King v. Preferred Fam. Healthcare*, No. 20-CV-00895-SRB, 2021 WL 2458676, at *4 (W.D. Mo. June 16, 2021) ("While the Eighth Circuit acknowledges that an in forma pauperis plaintiff who is proceeding pro se should not be penalized for a marshal's failure to obtain proper service, it remains the plaintiff's responsibility to provide the proper addresses where the defendants should be served.").

The bottom line is that service never occurred. Both summons were returned unexecuted. Because the Citi Defendants have not been served, this Court should grant the instant motion.

---

[2] The Citi Defendants learned of the dispute when Jensen subsequently emailed the complaint to them. This, too, is not contemplated under Rule 4(h) (or N.Y. C.P.L.R. 311).

### b. This Court should elect to dismiss Count III.

Upon granting the Citi Defendants' Rule 12(b)(5) motion, this Court should dismiss Count III. This is because although granting a Rule 12(b)(5) allows this Court to quash service or dismiss the action, dismissal is appropriate here. It is now well past Rule 4(m)'s 90-day limit for service, whether calculated from the Amended Complaint filing on June 30, 2022 (*see* Doc. 5) or this Court's September 23, 2022 Order directing Jensen to complete process forms (*see* Doc. 6).[3]

## II. CONCLUSION

This Court should dismiss Count III. Jensen has not served either Citi Defendant with process, electing to file spurious motions rather than correct service.

Dated: May 3, 2023

Respectfully Submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ Benjamin A. Ford
Louis F. Bonacorsi MO28331
lfbonacorsi@bclplaw.com
Benjamin A. Ford MO70962
ben.ford@bclplaw.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Fax: (314) 259-2020

*ATTORNEYS FOR DEFENDANT CITIBANK, N.A. AND CITIGROUP, INC.*

---

[3] Frequently, courts will dismiss under Rule 12(b)(5) where the court determines that the pleading fails to state a claim. As noted above, the Citi Defendants are reserving their right to enforce their arbitration agreement with Jensen and are not at this time moving under Rule 12(b)(6).

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 3, 2023, the foregoing was served on all counsel of record via this Court's electronic filing system.

/s/ Benjamin A. Ford