UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**MOTION TO STRIKE DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S MOTION TO DISMISS UNDER RULE 12(B)(5)** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), with Motion to Strike Defendants

Citibank, N.A.'s Motion to Dismiss under Rule 12(B)(5). "Matter will not be stricken from a pleading

unless it is clear that it can have no possible bearing upon the subject matter of the litigation." 2A Moore's Federal Practice ¶ 12.21 at p. 2429 (1983) (footnotes omitted)

However, On May 3rd, 2023, Citibank, N.A., by its representation, waived Service of Process with the following Suggestion in Opposition to JENSEN's Motion for Default: "That Memorandum is incorporated herein by reference. Additionally, Jensen's motion for default judgment fails because it is premature. A motion for default judgment under Federal Rule of Civil Procedure 55(b) must be preceded by an entry of default under Rule 55(a). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."). No such default has been entered in this case."

The following statements are outside the Jurisdiction of Service of Process and so Defendants have effectively waived Service of Process. As Citibank, N.A. has waived Service of Process, a Motion to Dismiss based solely on Service of Process issues is moot and can have "no possible bearing upon the subject matter of the litigation."

JENSEN has no further objections to the dismissal of Citigroup. If this Court is unwilling to reconsider the dismissal of Trademark claims JENSEN knows of no further claim against Citigroup. FAIR WARNING, given Citigroup was called, by JENSEN, to this matter under Trademark claims, it seems perilous for a single attorney to represent the license grantor or licensor and licensee of the mark.

WHEREFORE:

JENSEN prays this Court strikes Citibank, N.A. Motion to Dismiss.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court via the EDSS System, upon submission of the Court Clerk all parties will get a copy of the document as filed with the ECF/CM system, on this day the 3rd of May 2023.

//s/JasonAJensen