Jason Adam Jensen
Pro Se Plaintiff
2186 Jackson Keller Rd
Ste 1097
San Antonio, TX 78213
PH: 402-598-1285
Email: jasonajensen@gmail.com

# U.S. DISTRICT COURT

## WESTERN DISTRICT OF MISSOURI

### SOUTHERN DIVISION - SPRINGFIELD

| | |
|---|---|
| JASON ADAM JENSEN,<br><br>   Plaintiffs,<br> v.<br><br>CITIBANK, N.A., a Corporation,<br>CITIGROUP INC, a Delaware Corporation,<br>JH MET SUBSIDIARY B LIQUIDATING TRUST, a Legal Trust Type Corporation,<br>DAVID R GAMACHE, individual capacity as an attorney,<br>STATE OF MISSOURI, and<br>STONE COUNTY, a State entity.<br><br>   Defendants.<br><br> v.<br><br>STATE OF MISSOURI,<br>MICHAEL L PARSONS, Official Capacity as Governor of Missouri,<br>JONI HARDING, Official Capacity as Employee/Agent Missouri Department of Commerce and Insurance, and<br>JOHN DOE 1-10, unknown State Co-Conspirators.<br><br>   Third-Party Defendants. | Case No.: 6:22-CV-03140-BCW<br><br>**SUPPLEMENTAL THIRD-PARTY COMPLAINT AGAINST GOVERNOR MICHAEL L PARSONS, JONI HARDING, AND MISSOURI FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 18 USC § 1341 MAIL FRAUD, 18 USC § 1983 DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW, AND 42 USC § 1985 CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Honorable Brian C. Wimes |

## I. NATURE OF THE CASE AND FACTUAL BACKGROUND

1. Plaintiff Jason A Jensen ("JENSEN"), individually on behalf of himself, brings this action against the following Defendants:

   a. Governor Michael L Parsons ("PARSONS"), in his Official Capacity as Governor of Missouri.

   b. Missouri Department of Commerce State Agent Joni Harding ("HARDING"), in her official capacity as employed by Missouri.

   c. State of Missouri, as the State employing Mr. Parsons and Miss Harding, as per the Americans with Disabilities Act.

   d. John Doe 1-10, as State of Missouri unnamed co-conspirators.

2. On or about June 1st, 2022, Jason Adam Jensen, ("Jensen") filed Motion to Proceed In Forma Pauperis ("IFP") with a Complaint.

3. On or about June 10th, 2022, Honorable Judge Brian C Wimes granted leave to file the Amended Complaint, which JENSEN filed before the deadline of July 1st, 2022 on June 30th, 2022.

4. On September 23rd, 2022, Honorable Judge Brian C Wimes GRANTED IFP, and ORDERED Summons and US Marshalls Forms filed by October 14th, 2022. JENSEN provided those forms and the STATE OF MISSOURI was Served on November 4th, 2022 with the Docket Description: "[…] USM-285 returned showing service to State of Missouri, Secretary of State John R. Ashcroft […]"

5. On or about November 22nd, 2022, Joyce Johnson entered appearance for the State of Missouri on behalf of the Attorney General's Office and filed for a Motion for an Extension of Time to respond to JENSEN's Amended Compliant. JENSEN immediately filed suggestions in Support of said Motion.

6. On or about December 1st, 2022, Honorable Judge C Wimes, GRANTED the State of Missouri's Motion for Time Extension.

7. On or about December 5th, 2022, Anna Elizabeth Connelly, the Attorney General's Head/Lead Litigator, filed Notice of Appearance.

8. On or about December 5th, 2022, the same day as the Notice of Appearance by Miss Connelly, Missouri filed its Motion to Dismiss. Contained in said Motion was no reference to Service of Process issues.

9. On or about December 6th, 2022, JENSEN filed suggestions in opposition to said Motion.

10. On or about December 12th, 2022, HARDING drafted a "NOTICE OF REJECTION OF SERVICE" (See DKT 41 Attachment #1) with the State Seal, Michael L Parson's name in the top left hand corner, and "Department of Commerce and Insurance" in the top right corner of the Notice. Said Notice was then Mailed using the United States Postal Service with postage paid for on December 13th, 2022. JENSEN received the Document on December 17th, 2022.

11. On or about December 17th, 2022, JENSEN filed a First Motion to Amend/correct Service of Process, and had the US Marshalls serve Michael L Parsons, which was completed return established on January 11th, 2023.

12. On or about January 3rd, 2023, Anna Elizabeth Connelly, on behalf of the State of Missouri, filed a Motion for Michael L Parsons to Join the State of Missouri's Motion to Dismiss. The basic issues presented were:

    a) Michael L Parsons was not a Party to the action commenced with the Amended Complaint or any other counter/cross claim.

    b) JENSEN had filed Counterclaims without the apparently required Leave.

    c) Service of Process on the 11th of January was invalid. This was the same Defense the State of Missouri had waived on December 5th, 2022 under Rule 12(h)(1) which references Rule 12(b)(2)-(5) as (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process;

13. Honorable Judge Brian C Wimes, in possible error but without response from JENSEN, GRANTED that Motion to Join reviving the Defense and circumventing or, allowing the State of Missouri to effectively, Overrule Rule 12.

## II. JURISDICTION and PARTIES

14. This Court has Jurisdiction under 28 U.S. Code § 1331. All issues as claims in this Supplemental Third Party Complaint are a Federal Question.

15. Parties-

Plaintiff, Jason A Jensen, Pro Se, is a transient United States Citizen living in mobile housing going from Park to Park (Federal, State, or Private) to avoid the discrimination associated with Mental Illness, resident of Florida, Pasco County, has been seeking Texas Residency with issues surrounding a Legal Address. JENSEN spent the December to May 2022 in Rockport Texas and only left because of the Trial set on a Contract Case in Stone County

Missouri Court. JENSEN asserts his Legal Address is: 2186 Jackson Keller Rd, Ste 1097, San Antonio, TX 78213

Defendants:

i. State of Missouri is a State with the United States of America, the Chief Executive Officer is Michael L Parsons, his office is located at Capitol Building Room 218, P.O. Box 720, Jefferson City, MO 65102

ii. Michael L Parsons is the State of Missouri Chief Executive Officer, Governor, his office is located at Capitol Building Room 218, P.O. Box 720, Jefferson City, MO 65102

iii. Joni Harding is a Agent for Missouri, working at the Department of Commerce and Insurance, principle place of operation at 301 West High Street, Room 530, P.O. Box 690, Jefferson City, MO, 65102.

iv. John Doe 1-10 represents other state officials and/or agents that played a role in the scheme complained about. Their name, location, and role is yet to be determined.

16. This case arises from the actions taken by Defendants ultimately culminating and causing rise of action in Stone County, Missouri, Jefferson City, Missouri, and Springfield, Missouri. Missouri occupies all Federal Judicial Divisions and Districts in Missouri. Therefore, jurisdiction of this court is proper.

### III. FACTUAL ALLEGATIONS

**JENSEN as a Qualified Individual under the American's with Disabilities Act**

17. JENSEN has been Diagnosed Bipolar, in various degrees, as well as other Mental Health Diagnosis, many equally, some more severe in affliction. According to Americans with Disabilities Act ("ADA") induced Code of Federal Register publications, Bipolar is a prima facie Disability in regards to the Americans with Disabilities Act.

18. JENSEN collects Social Security Disability Insurance for said Mental Health Disabilities and is medically insured by Medicare.

19. JENSEN suffers from a disorder often described as an emotional mental health or behavioral health disorder which causes him to act inappropriate towards others based on triggers and to miss many social ques while doing so. Constant rejection despite great effort has depressed JENSEN into minimal effort.

## IV. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violations of the Americans with Disabilities Act by Michael L Parsons

20. JENSEN incorporates paragraphs 12, and "JENSEN as a Qualified Individual Under the Americans with Disabilities Act" paragraphs 17-19.

21. The Summons Michael L Parsons complains about, which he conveniently and opportunistically, feels confused about in order to Join this matter because he is not sure if he is a party to or not, also listed: The Capital Building, A PO BOX, A Street, A City, and A Zip Code. No such Motion to Join was made on those fictitious entity's being included on the Summons. Mr. Parsons also does not explain why if a Person was to summon him why would there be a first line as "STATE OF MISSOURI". Plus, it is quite concerning that Mr. Parson's is confused

as to why he received a summons when the "STATE OF MISSOURI" is a named party when he concurrent is the Governor of that same state.

22. This convenient self-delusional position of Mr. Parson's is prejudicial and harmful in the form of discrimination as forbidden by the Americans with Disabilities Act. Mr. Parsons has taken the position that since JENSEN is mentally ill disabled, he can assume that all JENSEN's arguments are unreasonable, unsound, and illogical to the State's Benefit.

## SECOND CAUSE OF ACTION

### 42 USC 1983 claims against Michael L Parsons and Toni Harding

23. JENSEN incorporates paragraphs 2-13 and amends them to include, by acting through legal counsel, in this case the Attorney General's Office and Anna Connelly, Michael L Parsons has effectively waived any Qualified or Absolute Immunity.

24. Rule 12 is part of the Rules of the Federal Court. Their application to every party equally is an element of Due Process and Equal Protection of the Laws. The 14th Amendment protects a United States Citizen from the Disenfranchisement (or nullification) of any Federal Right, Privilege, or Immunity by any person under the color of state law.

25. The act of "REJECTING SERVICE" outside this Court, without Motion within this Court, in effort to circumvent Rule 12 to resurrect Service of Process Defenses after waiving such defense is a form of denial of constitutional rights.

26. JENSEN states that such an action has had a devastating effect on the perceived application of the Americans with Disabilities Act. In order to have any expectation of Liberty or the Pursuit of Happiness, JENSEN must be able to employ the protections of Federal Law for Protected Classes. The Idea that the State can use Fraud and Trickery to ensure JENSEN never gets a ruling on what his rights are, how he can apply them, in what manner must he notify the

State of His Disability, how he properly goes about requesting accommodations under the ADA, is devastating to JENSEN's motivation for recovery and to rebuild a productive life.

## THIRD CAUSE OF ACTION

**John Doe Violations of 18 USC § 1341 Mail Fraud to use deceit to get JENSEN to attempt to perfect Service of Process when such defense had been waived**

27. JENSEN incorporates paragraph 10.

28. Whomever affixed postage to and put the document described in paragraph 10, violated the Federal Law regarding Mail Fraud when all involved knew or should have known that the State, by any means, cannot preempt Federal Law and the Federal Court's Rule by Rejecting Service of Process after such defense had been effectively waived.

## FOURTH CAUSE OF ACTION

**<u>42 USC § 1985 CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS BY MICHAEL L PARSONS, TONI HARDING, and JOHN DOEs 1-10</u>**

29. JENSEN incorporates Paragraphs 2-13.

30. No one person acted to Deprive JENSEN of the Equal Protections and Due Process of the Federal Court and Jurisdictional Remedies in circumventing Rule 12 of the same.

31. Michael L Parsons and Toni Harding have played an active role in this Conpiracy, Toni Harding by signing the "NOTICE OF REJECTION OF SERVICE" and Michael L Parsons by Join this State of Missouri to override Rule 12, since he added no more than Service of Process issues, that he was not a party to the case at that time and so had no fear of Judgement of this Court, and to Join the already pending Motion to Dismiss as is and by the same attorney.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for a judgment against Defendants for all possible remedy including:

1. Injunctive and equitable relief as the Court deems appropriate.
2. Compensatory damages to be paid by all Defendants, according to proof at trial as decided by a Jury, JENSEN will be asking for a combined damage assessment in excess of $50 Million United States Dollars;
3. Costs of this lawsuit; and
4. Any other relief as the court deems appropriate.

Dated: May 7th, 2023              Jason A Jensen

                                              //s/JasonAJensen

                                              Pro Se Plaintiff

2186 Jackson Keller Rd
Ste 1097
San Antonio, TX 78213
PH: 402-598-1285
Email: jasonajensen@gmail.com