UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**MOTION FOR INJUNCTIVE RELIEF AND ORDER TO SHOW CAUSE** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), states he is lost in this request. By this filing, JENSEN is also requesting Title III Accommodations from CITI.

Under Contract Law, it seems quite appropriate to request Injunctive Relief to incorporate the enforcement of elements of a contract into this Court's configuration – call it case management or a Rule Bound Reservation of Rights. Surely, there is a Rule that allows JENSEN to make this Motion.

While JENSEN alluded to a problem with the idea of a Party "Reserving the Right" in this Court with the, as noted by the Defense Counsel, unorthodox Motion to Strike an Appearance. JENSEN was not implying a lawyer could not enter a notice of appearance in a limited capacity but JENSEN was indicating that some kind of "Reservation of Rights" upon this Court, its officers, and parties, to do so was not an appropriate Method of Action. Well, apparently this Contract gives the person who enjoyed the meeting of the minds for due consideration to abuse Courts and their Processes. Now, after the First, "[Reservation] of Right" by CITI, Motion to Strike, we appear to have another Usurpation of this Courts lawful authority by a Party represented by a Licensed Operator – a Captain at the Seas of Law. JENSEN says it this way as to dissuade this Court from any leniency in determining due course. Moreover, this apparently possibly maybe Motion for Summary Judgment as a Reservation of Rights seems to be an offer for this Court to act Sua Sponte, JENSEN objects to this type Motion on presentation and foundation.

Now normally, JENSEN would advocate against anything that Could be considered "Abuse of Process", but since this Contract apparently gives me Right to do so, this is a rare type exception to the Rule, every Rule has one or two, while absolutely an abuse of process as the contract is unconscionable, any contract that would blatantly abuse the minor positional standing party by a party granted privileges as a National Association, especially, in this case, the ability to operate in all of the 50 states while preempting the State's Sovereignty, all in wasteful services of those same State Courts.

Please consider the following provision of this Arbitration Agreement, "Arbitration limits: […] We won't initiate arbitration to collect a debt from you unless you choose to arbitrate or assert a Claim against us. If you assert a Claim against us, we can choose to arbitrate, including actions to collect a debt from you. You may arbitrate on an individual basis Claims brought against you, including Claims to

collect a debt." So, I agreed to abuse the Courts by negotiating myself the ability to simply "Compel Arbitration" making the stated preferred route of Debt collection by CITI is to file an action in a state court which is moot as soon as the other party files "Motion to Compel". Which is an interesting method of election of this Right since it is forcibly contractually insufficient without the associating "Motion to Stay". To add multiverse features to a perplexing contractual outcome, imagine any contract of this nature, you agree to $100/mo forever, until you file claim in a Court of Competent Jurisdiction, and then that case is Moot for you file "Motion to Vacate Contract" and are relieved of the $100/mo payments. The contract is unenforceable as an abuse of process and the Court. Therefore, it is requested that CITI be restrained from filing any such motion to compel until CITI can demonstrate how it will not put this Court in the same position as the STONE County State Court Jurist with an active case which cannot be Stayed. As another note in some book of Irony, in furtherance of this abuse of process, by Motion for a restraining Order, JENSEN has quite self amusingly setup CITI to argue against itself and its own contract. With the Popcorn at the ready and fully buttered, we continue:

    First, if there is a contract, it would have been drafted by CITI, or CITI by an Attorney, Perhaps Mr Ford wrote it, JENSEN did not modify the terms in any regard. To the extent that Mr Ford felt the need to "Reserve the Right" to File a Motion to Compel Arbitration under 9 USC 3 in a footnote of memorandum as offer for JENSEN to acquiesce to Waiver of Rights, that same feeling of necessity appears to indicate quite strongly Mr Ford failed to reserve any Rights to file a Motion to Stay this Case under 9 USC 4. Which is not a problem, because this particular contract has an absolute procedure for electing Arbitration in Court, which JENSEN is requesting a Restraining Order from CITI from exceeding their contract to the letter. The exact policy they must use is to:

> To choose arbitration, a party may file a motion to compel arbitration in a pending matter and/or commence arbitration by submitting the required AAA forms and requisite filing fees to the AAA.

So, let's on-guard this contract in this Court, and let's see if the AAA can subvert the Jurisdiction of this Court when CITI files forms with them. In the same fashion as JH MET, JENSEN need not file a Voluntary Dismissal until the day before Trial is set with a Jury at Disposal. It is an interesting Question, and apparently the AAA has more lawful authority in this case that a Federal District Judge in Federal Court- At least according to this Contract. So, JENSEN also "Reserves the Right to Usurp this Courts Authority with such an Interesting Contract drafted by CITI."

Second, it appears that CITI has contracted the execution of the Arbitration Agreement to JH MET et al. In essence, in their right to collect a debt, CITI has collected economic value from this contract by Assignment in a block of defunct accounts. To this end, there already is an Order by a STONE County Judge to Compel Arbitration, which has failed to occur, which is a denial of JENSEN's civil right to Counterclaim. Now that JENSEN has brought those Counterclaims as Claims here, now CITI wants to Arbitrate. So, JENSEN is requesting a restraining order based on this arbitration agreement, CITI must first attempt to enforce the existing order in respect of Judicial economy.

Third, on or about January 23rd, 2022 (not a typo – year of our lord two thousand twenty two) JENSEN sent offer for CITI to compel arbitration under their Rights in their Contract an email to: info@fkks.com the lawyer of duty of Trademark with International Registration Number 1636908 with the Subject "RE: CITI BANK - TRADEMARK DISPUTE STONE COUNTY MISSOURI CASE # 21SN-AC00123" and received no response. This email was forwarded to lsi@citi.com on January 24th, 2022. Which was then forwarded to: trademark.notices@citi.com, elizabeth.zidones@citi.com, ellen.kelsen@citi.com on April 12th, 2022. All attempts were ignored. JENSEN is requesting ORDER TO SHOW CAUSE why CITI has not Waived such a Right to Compel Arbitration.

Finally, on or about January 13th, 2023 JENSEN, under Rights granted in In Forma Pauperis including all Court Duties by ORDER, submitted a SUBPOENA form to the Clerk of Court for the Department of Justice to provide all records regarding complaints of the Americans with Disabilities Act JENSEN had filed, which Rebecca Furtak processed and signed that day. Rule 45(D)(4) Required Notice

to all "Parties" would prevented JENSEN from serving the Issued Subpoena upon the Department of Justice. JENSEN calculated this information needed to defeat the Affirmative Defense raised by STONE County and stated so in the email to lsi@citi.com, anna.connelly@ago.mo.gov, barbara.fowler@ago.mo.gov, cnapolitano@enszjester.com, "jwright_enszjester.com" <jwright@enszjester.com>, shenning@enszjester.com, Matthew Gist <mgist@enszjester.com>, "mklein_frankelrubin.com" <mklein@frankelrubin.com>, "jbattas_frankelrubin.com" <jbattas@frankelrubin.com>, "rshenker_frankelrubin.com" <rshenker@frankelrubin.com>, "yklein_frankelrubin.com" <yklein@frankelrubin.com>, tosborn@enszjester.com on or about January 13th, 2023. JENSEN is requesting ORDER TO SHOW CAUSE why CITI obstructed said ORDER and of Justice and this Court in its duly operations.

FAIR WARNING: CITI may have rights in response to some of these questions and CITI may be admitting to criminal class crimes in their responses. However, CITI unlikely has a Fifth Amendment Right to Remain Silent. Unless it does, maybe it can create a roadmap for people to have such a right in civil cases. JENSEN, self-servingly, and with this declaration of conflict of interest, recommends CITI look for other avenues other than legal trickery to dispose of these claims.

      To anyone unlikely to heed this fair warning, such as prideful lawyer, just know, thought of that….. the emails to CITI to their attorney in 2022 should be indication that JENSEN anticipated CITI's actions, all up and to, the REFUSAL OF SERVICE as entered in the record under REMARKS by the US Marshall in his return of my attempt at Service of Process by the Court. Interestingly, CITI doesn't mention this or refute these statements as facts and so has pending Motion to Dismiss that preserves no real defenses. Well, except by Reservation of Right.

WHEREFORE:

JENSEN prays for relief in the form of Injunctive Order and Order to Show Cause for the Citi conduct.

JENSEN prays for all other relief Just and Proper.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 10th of May 2023.

//s/JasonAJensen