UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br><br><br>**MOTION FOR DECLARATION CITI ARBITRATION AGREEMENT UNENFORCEABLE** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), under Rule 57, for Declaratory Relief that

CITI's Arbitration Agreement is Unenforceable for at least the stated reasons:

1. The CITI contract is perpetual and unchangeable, See Survival and Severability in Section eleven:
    a. This arbitration provision may not be amended, severed or waived, except as provided in this Agreement or in a written agreement between you and us
        i. The only provision for waiver is to reject it with is:
            - Rules for rejecting this arbitration provision
                - You may reject this arbitration provision by sending a written rejection notice to us at: PO Box 6195; Sioux Falls, SD 57117-6195. Your rejection notice must be mailed within 45 days of Account opening. Your rejection notice must state that you reject the arbitration provision and include your name, address, Account number and personal signature. No one else may sign the rejection notice. Your rejection notice will not apply to the arbitration provision(s) governing any other account(s) that you have or had with us. Rejection of this arbitration provision won't affect your other rights or responsibilities under this Agreement, including use of the Account.
    b. JENSEN states this would tend to predispose JENSEN from exercising this option as he has trust issues with the mail. For example, how would JENSEN prove this? Well, pay for US Registered Mail to build a chain of custody. But a chain of custody of what? So, have a Public Notary place the paperwork into the envelope and Notarize the effect of such and then the Mailing with Tracking Number. Or do it by a service such as Lob.com so that years later they can change policy and delete your old mailings. Anyways, who is to say JENSEN didn't reject it? Who has to prove that?

2. The contracted elective in Court or Action is a Codified Conflict Interest at Law via Legal Advice:

    a. The "Procedure" to elect the contracted "waiver" of the Right to go to Court, is to be a defendant in a case the Grantor of Debt, and then forcibly file a "Motion to Compel Arbitration" document. See Second Column, end of First Bulleted Paragraph after the continuation, Section 11:

        i. To choose arbitration, a party may file a motion to compel arbitration in a pending matter and/or commence arbitration by submitting the required AAA forms and requisite filing fees to the AAA.

            - So is it AND or is it OR, because OR implies based on current law, as soon as a Party files "Motion to Compel Arbitration" the other party seemingly has the Duty to file the Stay or ?? The Contract is Silent to Duty on this Point.
                - Seemingly, a Contract requires:
                    i. Parties
                        ➢ CITI and CONSUMER
                    ii. Meeting of the Minds or heard mentality on a static mass contract – see the implements of a Trademark on Commerce
                        ➢ This is an impossibility, JENSEN still is unsure if he is competent to contract with CITI in this regard, especially since he is, apparently, incompetent to do Service of Process on CITI
                    iii. Offer

- JENSEN supposes he bargained for the ability to settle issues without having to go to a Court and could do it all online.. but then the Contract negotiates that the most probable tort, bad debt, is a Court procedure.

iv. Consideration

- JENSEN still has no idea what he got from this agreement, by failing to reject it, by mail, without a form available, to some address PO BOX.

v. Duty of Contract or Expectations of Bargaining

- Well apparently, this has no duty. It is a contract that waive elemental rights, such as the "Rules of Discovery" whatever that is and all the implications that could mean, "which may limit discovery, see:
- The arbitrator shall not apply any federal or state rules of civil procedure for discovery
- JENSEN still has no idea what that means, and knows of no person that would as classified as a "consumer".
- However, in all honesty, if CITI offered JENSEN this credit line again today, Jensen would apparently agree to that JENSEN can't understand all over again. The force of

economic necessities and desires would compel JENSEN to.

 b. So, to chose arbitration, a party must submit a document to a Court which may have legal consequences called an "Motion to Compel Arbitration" and CITI provides no such Document.

 c. In Missouri, Service of Process is Waived as soon as a Party files a Document unless "Special Appearances" of a Sovereign Citizen is made using some kind of procedure.

 d. Each day, all other parties involved in this case, illustrate how their Due Process in Service of Process is so important that, even as they are here – in appearance, for pretrial motions, they have been so disadvantaged that this case must be dismissed, apparently showing that JENSEN cannot prove any set of facts that would make his claims beyond the preponderance of the evidence as stated by this Court in the way it interprets a Pro Se Motion.

 e. Despite CITI's ability to Waive Service of Process, which Rule 4 Requires had the US Marshall Service would have employed the United States Postal Service instead of the personnel CITI would be required to.

3. The CITI contract is impossibly expansive, see Section 11, First Column, Second Paragraph, immediately after the bullet points:

 a. "This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you, such as a co-applicant, Authorized User, employee, agent, representative or an affiliated/parent/subsidiary company."

 b. With that Language, this entire case, including all other parties, claims, etc, are "against anyone connected with us" as the Court of Competent Jurisdiction that JH MET chose.

4. The CITI contract is an Abuse of Process that Denies JENSEN, and indeed anyone with Rights to Any Court, opportunity to seek other matters of Justice:
   a. Courts declare routinely that they have a constrained budget and resources and that all parties are to respect that weakness of the implements of Due Process.
   b. CITI's policy of filing a case to collect a debt that a consumer can file a "Motion to Compel Arbitration" has the effect of clogging the Courts with minutia that amounts to a case declaring no case. This case then competes with all other cases which may have merit.
   c. It took JENSEN approximately 1 year for the Operator of the CITI Arbitration Agreement to Dismiss the case Voluntarily, and still no matter is pending before an arbitrator. JENSEN, the DEFENDANT, cannot be required to convict himself by action.
5. Distortion of Marketability of Mark
   a. CITI has a policy, by contract intent of design, to force all issues relating to contract disputes be arbitrated. This Arbitration Agreements incorporates by reference to the Rules of AAA which can be amended and do appear to include confidentiality.
   b. This disallows the effect of a huge settlement has on the mental consciousness of the American People to the Quality of Goods and Services they will receive while contracting with the bearer of the Mark.

WHEREFORE:

JENSEN prays for relief in the form of Declaratory Relief, to the Conscionability and Fraud, of the CITI Arbitration Agreement as UNENFORCEABLE.

JENSEN prays for all other relief Just and Proper.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 12th of May 2023.

//s/JasonAJensen