UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S REPLY TO DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND FOR DEFAULT JUDGMENT** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), in reply to Defendants Citibank, N.A. and Citigroup, INC (collectively "CITI"), Memorandum in Opposition to Plaintiff's Motion to Strike and for Default Judgement:

i. JENSEN objects to CITI's reference to the time JENSEN entertains the Rules of the Court when JENSEN is making Motions, Responses, and Replies, to situations in this Court. Citi starts this oppositional memorandum with "Less than two hours after undersigned counsel filed an entry of appearance". What does the time period matter? What if JENSEN made reference that Lawyers in Court always seem to wait until the due date to file, in obvious apparent attempt to delay? So, the opposite would be a 2 hour motion as to speed the issues along. But moreover, JENSEN has mental health issues, so if he waits until he perfects his Motion, then that Motion will be delayed forever. Therefore, JENSEN seeks to respond with what he has when he has it without need for perfection as the concepts of Due Process indicate that there should be a process.

ii. CITI contends that "moving to strike an entry of appearance is a practice untethered to procedural practice. It lacks legal basis, and it should be denied." However, see Jennings v Nash 6:18-cv-03261-NKL and Order Dated January 22, 2019 as Docket #62 in that case where Judge Nanette K. Laughrey of this same Court Division, Southern, of the Western District of Missouri found in order thus "However, affirmative defenses not pled but that come to light during discover 'are not automatically incorporated into an answer, and a party cannot 'reserve the right' to amend its answer once an affirmative defense is discovered.' Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC, No. 4:15-CV-804 CAS, 2016 WL 1275605, at *4 (E.D. Mo. Mar. 31, 2016). Amendments to pleadings, including amendments to a defendant's answer to include additional affirmative defenses, are subject to Federal Rule of Civil Procedure 15. For this reason, the Court strikes Nash's eighth and ninth and Rackley and Dallas County's fourteenth

and fifteenth affirmative defenses." As such Rule 9 governs entering a Notice of Appearance and its filing and a party may not "Reserve the Right" within. Tellingly, the Court Form AO 458 Rev. 06/09 captioned "Appearance of Counsel" indicates that the Notice of Appearance is not a place to enter controversy, such as Reserving of Rights which would tend to deny other rights.

iii. What CITI is representing by saying that JENSEN's Motion to Strike their Appearance has no basis in law, is that CITI can introduce controversy into the Court in that Appearance, Subvert the Rules by Reserving the Right to Do Something, Then Doing it without care since they are up against a Pro Se and the Contract has an Arbitration Agreement, file a Motion to Dismiss based on that reserved right while reserving another, the Arbitration Motions, then move all matters to a private forum. Since, that was all part of a series of Motions started with a Notice of Appearance, it isn't contestable since you cannot strike a Notice of Appearance. What an Usurpation of this Court's prerogative and duties.

iv. The correct way to enter Notice of Limited Appearance seems to be something along the lines of: "COME NOW [Enumeration of Lawyer Names] of [The Professional Corporation], and hereby enter their appearances in limited capacity retain exclusively for Service of Process issues on behalf of Defendant [Party Name(s)]". But JENSEN can understand why a lawyer would not do this, because had a lawyer done this, to enter limited appearance to challenge Service of Process, if the Lawyer waived that standing by action or inaction that would amount to Malpractice. Which leads to the next item;

v. The whole point of the Limited Capacity Notice of Appearance entered by Mr Ford was to challenge Service of Process without opening the door to any other issues. So, JENSEN filed a Motion to strike for aforementioned reasons, and then a confirmation to CITI if they wanted to maintain that Jurisdiction. To this JENSEN, filed for a Motion for Default. Sure, there is a procedure to do that correctly, but the Court's time is important

valuable commodity, and if a defendant, say CITI publishes an Securities and Exchange Commission Filing, say FORM 4 at https://www.citi.com/citi/about/leaders/section_16/garg/data/f4gar220120.htm whereas Sunil Garg has clearing indicated he is the Chief Operating Officer, with an Address of CITIGROUP, INC. CORPORATE LAW DEPARTMENT, 388 GREENWICH STREET, NEW YORK, NY, 10013 on January 24th, 2022, before refusing service at that Address whereas the US Marshall Scarlet O'farrell, I.A. REMARKED "Citibank legal refused to accept personal service on behalf of CEO Sunil Garg" on January 9th, 2023 (See Attachment #1 to this document). Then CITI has effectively and with deliberate acts waived the Due Process Rights that the Service of Process function represents. As such, they have stated to this Court they plan to mount no defense. This was repeated when it filed its Notice of Appearance and its Motion to Dismiss. In fact, it is quite clearly CITI's position that it is beyond redress for its conduct. In exercising that self-manufactured "immunity" in refusing Service of Process while still a party to this case, has obstructed and disrupted the case from proceeding.

WHEREFORE:

JENSEN prays for the same relief in the relevant motion.

JENSEN prays for all other relief Just and Proper.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 17th of May 2023.

//s/JasonAJensen