IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:22-CV-03140-BCW |
| | ) |
| CITIBANK, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Plaintiff's "Motion for Emergency Injunctive Relief and Order to Show Cause, Hearing" (Doc. #12), Plaintiff's "Notice of Objections, Motion to Vacate, Motion for Default, Hearing" (Doc. #17), and Plaintiff's "Motion to Compel Withdrawal Appearance of Counsel" (Doc. #37). The Court, being duly advised of the premises, denies said motions.

Consistent with the Court's Order dated June 10, 2022, Plaintiff Jason Jensen, proceeding pro se, timely filed an Amended Complaint. (Doc. #5). On September 23, 2022, the Court granted Plaintiff leave to proceed in forma pauperis as to:

-Count I alleging violations of the Fair Debt Collections Practices Act §§ 1692d and 1692e against Defendants JH Met Subsidiary B Liquidating Trust and David R. Gamache;

-Count III alleging breach of contract against Defendants Citibank, N.A. and Citigroup Inc.; and

-Count V alleging violation of Title II of the Americans with Disabilities Act against the State of Missouri and Stone County, Missouri.

(Doc. #6).

On November 16, 2022, Defendant Stone County, Missouri filed an answer to the amended complaint. (Doc. #11). On the same day, Jensen filed a "Motion for Emergency Injunctive Relief

1

and Order to Show Cause, Hearing," for relief against any action taken against him based on Stone County's allegations as set forth in the answer's paragraph 21. (Doc. #12). Paragraph 21 of Stone County's answer to the amended complaint states: "Stone County affirmatively pleads that Plaintiff posed a direct threat to the health and safety of Plaintiff and/or others." (Doc. #11). The Court construes Jensen's filing as a motion to strike under Fed. R. Civ. P. 12(f), under which the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the Court has broad discretion to apply this rule, motions to strike are disfavored because striking pleadings is a "drastic remedy". Stanbury Law Firm, P.A. v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).

Here, Stone County asserts an affirmative defense against Jensen's allegations that Stone County violated the ADA. "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). Jensen's motion does not demonstrate the insufficiency of the defense or otherwise assert the defense is irrelevant. The motion to strike is thus denied. Moreover, Jensen does not otherwise demonstrate a right to injunctive relief under Fed. R. Civ. P. 65. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109 (8th Cir. 1981).

On November 11, 2022, Jensen filed a "Notice of Objections, Motion to Vacate, Motion for Default, Hearing." (Doc. #17). This filing seeks reconsideration of the Court's Order granting Defendant David R. Gamache's motion for leave to answer out of time. (Doc. #16). The Court may, for good cause, extend the time for a party to act within a specified time if the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1). Here, Gamache's answer was due on November 21, 2022 and the motion for additional time was filed on the same day. (Doc. #14). The

2

Court found good cause to extend the deadline for Gamache's response to the amended complaint. Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d 653, 661 (8th Cir. 2015) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) ("Put simply, there is a 'judicial preference for adjudication on the merits.'"). Plaintiff's motion for reconsideration of the Order granting Gamache additional time to answer and/or for default judgment against Gamache (Doc. #17) is denied.

On December 8, 2022, Plaintiff filed a motion seeking to compel counsel for Defendant Stone County to withdraw. (Doc. #37). In the motion, Plaintiff posits that Stone County's interests are adequately represented by counsel for the State of Missouri. (Doc. #37). As Stone County argues in response to the motion, Plaintiff provides no legal or equitable basis on which the Court should compel counsel for Stone County to withdraw from representation in this case. Therefore, Plaintiff's motion to compel counsel for Stone County to withdraw is denied. Accordingly, it is hereby

ORDERED Plaintiff's "Motion for Emergency Injunctive Relief and Order to Show Cause, Hearing" (Doc. #12) is DENIED. It is further

ORDERED Plaintiff's "Notice of Objections, Motion to Vacate, Motion for Default, Hearing" (Doc. #17) is DENIED. It is further

ORDERED Plaintiff's "Motion to Compel Withdrawal Appearance of Counsel" (Doc. #37) is DENIED.

IT IS SO ORDERED.

Date: <u>May 17, 2023</u>         /s/ Brian C. Wimes
                                                                       JUDGE BRIAN C. WIMES
                                                                       UNITED STATES DISTRICT COURT