UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:22-CV-03140-BCW ) |
| CITIBANK, N.A., et al., | ) ) ) |
| Defendants. | ) |

### DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Plaintiff Jason Adam Jensen ("Jensen") has moved to strike Defendants Citibank, N.A., and Citigroup, Inc.'s (collectively, the "Citi Defendants") Rule 12(b)(5) motion to dismiss. Jensen's motion should be denied because Rule 12(f) motions to strike are limited to pleadings, which a motion is not. *Compare* Fed. R. Civ. P. 7(a) (defining pleadings) *with* Fed. R. Civ. P. 7(b) (discussing motions and other papers); *see also* 5C Charles Alan Wright et al, *Federal Practice and Procedure* §1380 (3d ed., West 2023) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."). If Jensen had counterarguments against the Rule 12(b)(5) motion, he should have raised by opposition (the deadline for which has passed).

Further, Jensen's waiver argument lacks any merit. He suggests that Citibank, N.A., waived its challenge to insufficient service of process by arguing that Jensen's motion for default judgment fails to comply with Rule 55. As an initial matter, the primary basis of the Citi Defendants' opposition to the motion for default judgment is that the Citi Defendants have not been served. *See* Doc. 79 (incorporating arguments in support of the Citi Defendants' 12(b)(5) motion to dismiss). Regardless, the Citi Defendants preserved their insufficient service of process

1
Case 6:22-cv-03140-BCW   Document 90   Filed 05/17/23   Page 1 of 3

defense by raising the matter in a Rule 12(b)(5) motion. *See* Fed. R. Civ. P. 12(h)(1)(B)(i). Additionally, waiver of Rule 12 defenses is not as rigid as Jensen attempts to argue. For example, "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." *See* Fed. R. Civ. P. 12(b).

Finally, to note, Jensen indicates that he "has no further objection to the dismissal of Citigroup" and that he "knows of no further claim against Citigroup." *See* Doc. 81, Motion to Strike. Jensen's statements should be considered in this Court's determination of whether to grant dismissal with prejudice as the proper relief for the Citi Defendants' Rule 12(b)(5) motion (Doc. 75).

Accordingly, Jensen's motion to strike should be denied.

Dated: May 17, 2023    Respectfully Submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ Benjamin A. Ford
Louis F. Bonacorsi MO28331
lfbonacorsi@bclplaw.com
Benjamin A. Ford MO70962
ben.ford@bclplaw.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Fax: (314) 259-2020

*ATTORNEYS FOR DEFENDANT CITIBANK, N.A. AND CITIGROUP, INC.*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that, on May 17, 2023, the foregoing was served on all counsel of record via this Court's electronic filing system.

                                        /s/ Benjamin A. Ford