UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br><br><br>**JENSEN'S REPLY TO DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), in reply to Defendants Citibank, N.A. and

Citigroup, INC (collectively "CITI"), DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE:

i. JENSEN can see why violence is so prevalent in today's economy. With Lawyers promoting to a Judge, by deception in a purported persuasive argument, that the Jurist should commit an act of manifest injustice based on half quotes and omissions is violence provoking indeed. Then this is compounded by JENSEN's status as a Pro Se In Forma Pauperis litigant. Whereas, A Motion for Sanctions, that would otherwise be an effective deterrent to making a litigant respond to nonsense, for costs and fees, JENSEN has no such costs or fees. This is a kind of Open Season to abuse pro se litigants with the Court processes as an Abuse of Process. JENSEN supposes it is his "dangerous" mental health that is compelling him to attempt the impossible, with a stacked deck against him, to little purpose. STONE County has already "alleged" in a declaration that he is a "direct threat to the health and safety of [himself] and/or others." and as proof JENSEN is in Court trying to get a resolution to disputes. The response is, oh no, we aren't going to discuss the claims on the merits but instead focus on how incompetent JENSEN is in performance of Court duties. It is clearly a mental illness since, without hope, it can be nothing but a disturbance provoking mechanism. JENSEN's wish is anyone reading this case will be inspired to waste this courts time over violence. JENSEN is not proposing his efforts are a waste beyond that of their apparent impossibility of fair discourse in redress.

ii. For some reason, Mr. Ford on behalf of CITI, doesn't believe that JENSEN is due the same Due Process pro se plaintiff Michael Stockdale, Jr. in case No. 4:08-CV-1773 CAS Docket File Number 103 and ORDER, Docket 109, regarding that Motion to Strike a Motion to Dismiss out of the Eastern District of Missouri, Eastern Division. To WRIT: "[…] plaintiff's motions to strike will be denied. Plaintiff will be granted until April 20, 2010 to respond to defendant's motion to dismiss […]" Nope, Mr Ford is contending that JENSEN's misunderstanding to what a pleading is – is non-recoverable. JENSEN's opportunity has apparently passed.

iii. Then Mr. Ford on behalf of CITI states that my waiver argument has no merit. He talks about the Rule 12 provisions and highlights "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." That could be true, but limited Jurisdiction can always be waived, Mr. Ford filed Notice of Appearance, and without the terminology, entered this Court in Limiting Capacity in effort to limit this Court's Jurisdiction over CITI to the matter of "Service of Process". Sure, CITI may not have waived their Service of Process issues, but they have waived any limited Jurisdiction to those issues the court may have had.

iv. About their "lack of Service of Process" claims, it is quite telling that Mr. Ford is attempting to assign the ability to make a legal conclusion of law to Mr. Scarlett O'farrell, the US Marshall that attempted to do Service of Process. While the Agent checked the box "I hereby certify and return that I am unable to locate individual, company, corporation, etc. named above **(see remarks below)**" Mr. Ford's argument that the Remarks are not important and that the checkbox is a controlling determination that cannot be challenged in this Court. However, those remarks are that "Citibank legal refused to accept personal service on behalf of CEO […]" Refusal of Service is not grounds to bring a defense of Lack of Service, especially if that refusal is to negate the requirements of Rule 4 that JENSEN must adhere to.

v. JENSEN sent the US Marshall Service to Sunil Garg, who which Mr. Ford attributes the obstruction of Service of Process to some kind of "confusion", there is no confusion but obstruction, see CITI's website where Sunil Garg is still listed as the CEO:



vi. Then, in what must be Mr. Ford's attempt to represent JENSEN's interests in this Court as an undisclosed Conflict of interest, Mr. Ford states "Finally, to note, Jensen indicates that he 'has no further objection to the dismissal of Citigroup' and that he 'knows of no further claim against Citigroup.' See Doc. 81, Motion to Strike. Jensen's statements should be considered in this Court's determination of whether to grant dismissal with prejudice as the proper relief for the Citi Defendants' Rule 12(b)(5) motion (Doc. 75)." And with 61 words, proves that the Rules of Ethics regarding "Candor to the Tribunal" is a dead article. First, the remaining claim against Citigroup is an apparent "Breach of Contract" claim, in which JENSEN has no "Contract" with Citigroup but apparently has a Citibank, N.A. contract, he was sued in STONE county under that contract. Immediately preceding of JENSEN's statement "knows of no further claim against Citigroup", was reference to *<u>dismissal of Citigroup is warranted as long as the Court is unwilling to reconsider the Trademark claims</u>*. Insofar, as that goes, JENSEN is fully supportive of any "dismissal with prejudice" regarding JENSEN and CITIGROUP, INC. and the

matters of "Breach of Contract" so long as such language excludes anything about "Trademarks". So, now CITI's claim is without ever deciding the issue on the Merits, the Court should pervert JENSEN's words, and without, according to CITI, any jeopardy attaching as their dismissal is based on Service of Process issues, should be awarded a dismissal with PREJUDICE. JENSEN objects to the presentation and notions of Mr. Ford as it appears to be another Motion based on the legal theory that "JENSEN has no idea what he is doing and as a mentally ill person is not coherent and the Court should splice his words to any meaning."

vii. "The defendant's conduct did not 'give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits.' Innovation Ventures, Ltd. Liab. Co. v. Custom Nutrition Labs, Ltd. Liab. Co., 912 F.3d 316, 332 (6th Cir. 2018). The defenses were not waived by a general appearance." (See 19-10485 out of the Eastern District of Michigan Southern Division) Where the Court denied Volkswagen's Motion to Dismiss, Squashed Service of Process, and then Ordered Service of Process. Such actions were made by the Court based on Refusal of Service facts. The case later covers the Waiver of such. It found "[another] judge in this district reconciled King and Gerber by holding that the 'entry of a general appearance waives the defense of personal jurisdiction only if it is not accompanied by a pleading or motion in compliance with Rule 12 or **it is followed by litigious conduct**.' ABG Prime Grp., Inc. v. Mixed Chicks, LLC, No. 17-13257, 2018 WL 7134647, at *7 (E.D. Mich. May 16, 2018)." (**Emphasis Added**) The present case differs from the above case because:

   a. CITI did give the reasonable expectation that they were NOT going to present defenses on the Merits and that they had appeared only to challenge Service of Process.

- b. CITI then subsequently moved to bring arguments on the Merits such as a Motion to Compel Arbitration, threatened Rule 12 Motions and Defenses, and defending a Motion for Default.

viii. So, JENSEN attempted to serve the CEO Sunil Garg of Citibank, and although CITI has not explained why that was in error, how it does not conform to Rule 4, or how the return of service was returned as a failure with good cause without attempting to give it to Mr. Garg. The only thing that matters to CITI is that it did not get a copy.

ix. Is CITI's "Motion to Dismiss" a "Motion to Dismiss" at all. Mr. Ford contends that his captioning of a document is conclusory and dispositive of the Nature of the Document. JENSEN contests and objects to these assertions. A Motion to Dismiss is not a place for Affirmative Defenses. Where an affirmative defense is made, that is a responsive pleading. Here CITI has created an unlawful immunity by simply making it impossible to perform Service of Process on them. Rule 4 requires an officer to accept Service of Process on behalf of a Corporation. But, here, CITI can just operate in willful direct contempt and negligence by setting up a "legal department" that is not authorized to accept "personal service" of the "CEO Sunil Garg" and therefore can refuse that Service. JENSEN contends that if CITI can make the location of Sunil Garg secret for safety, file Securities and Exchange Commission required filings at the refused address, what Officer of CITIBANK or CITIGROUP would be more appropriate? In the same method, cannot CITI just refuse service to any officer making repeated attempts just as fruitless? So how is this not a construction of a Defense, and in its presentation to this Court, not an unlawful immunity affirmative defense? JENSEN makes this subsection argument now, JENSEN was in error by moving to strike the Motion to Dismiss and not responding appropriate; thinking it appropriate to respond after disposition of the Motion to Strike. This argument was born of the Motion for TRO that was actually, at least considered, a Motion to Strike in this Court's latest Order.

x. JENSEN will conclude this Reply to the Suggestion in Opposition to the Motion to Strike with this: CITI cites this case in its Motion to Dismiss, "noting the pro se plaintiff proceeding in forma pauperis 'was entitled to rely on service by the [U.S. Marshal Service]'" King v. Preferred Family Healthcare, Case No. 20-cv-00895-SRB, 4 (W.D. Mo. Jun. 16, 2021) In that reliance, what indication was made that the "address was incorrect"? I even spoke to the US Marshall, and at no time did he indicate that there was no Sunil Garg at the 388 address. The remarks say that "CITI […] REFUSED TO ACCEPT PERSONAL SERVICE OF SUNIL GARG". Now Mr. Ford, doesn't say it with any conviction but implies that there is no Sunil Garg at the 388 address and so that is the incorrect address. Well someone should inform the SEC they are mailing legal

documents to an incorrect address as well. This document is readily available on the SEC EDGAR Document Search system for "Sunil Garg".



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
CORPORATION FINANCE

January 13, 2022

Sunil Garg
Director and Chief Executive Officer
Citibank, N.A.
388 Greenwich Street
New York, New York 10013

Re: Citibank Credit Card Issuance Trust
    Citibank, N.A.
    Citibank Credit Card Master Trust I
    Registration Statement on Form SF-3
    Filed December 20, 2021
    File Nos. 333-261769, 333-261769-01 and 333-261769-02

Dear Mr. Garg:

    xi.    But apparently, JENSEN's ingenuity to use the SEC filings for the private office address of Sunil Garg wasn't dependable enough. Maybe Sinil Garg has an office for SEC matters and another office for all other matters. JENSEN object to the Notion he has nothing to reply to the Motion to Dismiss CITIBANK, CITIGROUP is otherwise unnecessary as soon as the Motion for SHOW CAUSE order is dismissed and the associated Motion for Leave to file a Supplemental Third-Party Claim for Obstruction of an Order is Disposed of.

xii. JENSEN did attempt to get the Court to Assist in Service of Process. There is the Motion for TRO forbidding CITI from refusing service AND in that same document the Motion for an Order from this Court to direct the US Marshall Service to deliver service of process to Mr. Sunil Garg "using any force necessary." JENSEN requested the Court use force to effectualize its lawful duties for Service of Process and use its lawful authority to overrule CITI's obstructions of Service of Process. In addition, in the removed filing on January 12th, 2023 See Doc. 57 that was removed showing JENSEN's efforts to figure out why service of process was returned, Called the Clerk of Court and Spoke to the US Marshall Service and attempted to get them to do service of process. Finally, JENSEN filed a complaint on Mr. O'farrell with the US Marshall Service. See Attachment #1 to this filing.

xiii. Again, FORM 4 of Securities and Exchange Commission Regulation on citi.com:



xiv. CITI requested Motion to Dismiss based on Service of Process and is demanding PREJUDICE in that DISMISSAL, the Motion should fail on that alone.

xv. Finally, on the Merits of the Dismissal, whereas the Standard is that all JENSEN's allegations are supposed to be assumed factual, and all other affordances, CITI's Motion to Dismiss still fails. First, there is the Motion on Service of Process, See Doc. 51. Second, the nature and implications of Doc. 50 is contested by JENSEN.

WHEREFORE:

JENSEN prays for the same relief in the relevant motion or leave to respond proper to the Motion to Dismiss.

JENSEN prays for all other relief Just and Proper.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 22nd of May 2023.

//s/JasonAJensen