UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S SUGGESTIONS IN OPPOSITION TO STATE OF MISSOURI'S "UNOPPOSED" MOTION FOR LEAVE TO FILE A RESPONSE OUT OF TIME** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), first, this Motion was "unopposed" with

he Certification from the Lawyer that Called JENSEN that the Motion was with Merit. It is not with

Merit.

1. On June 22, 2022, JENSEN filed his Amended Complaint.

2. On December 27, 2022, MISSOURI Filed Motion to Stay Discovery.

3. On January 20, 2023, this Court granted MISSOURI's Motion to Stay with the following ORDER "ORDERED Defendant the State of Missouri's Motion to Stay Rule 26 Deadlines and Discovery (Doc. #47) is GRANTED. **This case is STAYED** pending ruling on the motion to dismiss. (Doc. #31). It is further ORDERED the initial pretrial conference set on January 25, 2023 is VACATED AND CANCELED, and will be rescheduled as necessary after the Court rules on the motions to dismiss. Signed on 1/20/23 by District Judge Brian C. Wimes. (Diefenbach, Tracy) (Entered: 01/20/2023)"

4. On February 3, 2023, Governor Michael Parson's Joinder while this case was in stay. In Mr. Parson's Motion to Joinder, which was granted on May 5th, 2023, while this case was in stay, in which JENSEN heeded the stay, and so without any due process lost the motion.

5. On March 8th, 2023, STONE County also filed a Motion to Joinder MISSOURI's Motion to Dismiss while this case was at Stay, and on March 23, 2023, JENSEN determined the Stay was only for Disclosure and Discovery as the Motion the Stay was based on and the Action of Mr. Parson and STONE.

6. On May 5th, 2023, this Court GRANTED both Motions for Joinder with the following Order: "ORDERED Governor Michael Parson's Motion to Join the State of Missouri's Motion to Dismiss (Doc. #60) is GRANTED. It is further ORDERED Stone County, Missouri's Motion to Join the State of Missouri's Motion to Dismiss (Doc. #61) is GRANTED. Governor Parson and Stone County are granted leave to join the motion to dismiss filed by the State of Missouri (Doc. #31) and the Court construes the motion to dismiss consistent with this Order granting joinder in the motion. Signed on 5/5/2023 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached. (Entered: 05/05/2023)" Providing more evidence that the case was not in Stay and only the Discovery was Stayed.

7. On May 7th, 2023, JENSEN filed his Motion to file Document: Third-Party Supplemental Complaint.

8. MISSOURI has since, May 24th, 2023, made the present Motion to Leave to file past the deadline.

9. First, this Motion is entirely prejudicial, the Complaint in the Motion for Leave to File the Third-Party Complaint, has standing and the claim gave rise to, based on the actions of the Attorney General and Michael Parson since the Stay was Ordered.

10. Defendant Missouri claims "Plaintiff's Motion should be denied because Plaintiff continues to violate the Court's Stay Order, the motion does not properly state a Third-Party Complaint, and Plaintiff did not/does not have authority to attempt service upon Governor Parson." The Argument is claims based on the State's actions during the stay, within court, are barred because the case is stayed? How can a lawyer lie this blatantly? So, the rules only apply to the Pro Se Party? This Court is made a mockery by these Lawyers.

11. If the Case is stayed, and MISSOURI need not respond, why are they filing for leave to respond? JH MET has not responded since they received service before the stay, are they to now file in this Court?

12. Then MISSOURI says "His pleadings do not name Governor Parson as any type of defendant. (Doc. 29, 36, 42, 44)." So why are they here? I never served them anything.. HOW DOES:

    a. STATE OF MISSOURI
    
       MICHAEL PARSON
    
       CAPITAL BUILDING ADDRESS
    
    b. Imply anything to do with Michael Parson?
    
    c. Does the State contend that JENSEN used 1 Summons for two people?
    
    d. What about the Motion to amend/correct – does that not give Michael Parson background on why he received service when he did?

e. What about the rejection of Service that was made and now this? So the State tries to raise issues that JENSEN served the Secretary of State and so JENSEN remedies that by having the paperwork delivered to the Governor and now he takes issue with getting them?

f. JENSEN contend that this argument is just an wordly-smithed way of saying "JENSEN is a mentally ill retard so.. we can assume anything we want to gain an argument and advantage…"

g. Then MISSORUI states "(3) Plaintiff had no authority to attempt service upon Governor Parson and therefore, Governor Parson did not violate the American's with Disabilities Act ('ADA') or discriminate against Plaintiff." FIRST, JENSEN NEVER SERVED A SUMMON ON MICHAEL PARSONS HE RECEIVED THE COPY BASED ON RULE 4 AFTER HIS DEPARTMENT OF INSURANCE AND COMMERCE SENT COPY TO JENSEN REFUSING THE SERVICE OF PROCESS THAT WAS DONE ON THE SECRETARY OF STATE. SECOND, THE ARGUMENT THAT JENSEN INTENDED ON SERVING MICHAEL PARSON BEFORE FILING THE MOTION FOR THIRD PARTY SUPPLEMENTAL COMPLAINT IS ABSURD. THIRD, THE SUBSEQUENT MOTION TO FILE THE THIRD-PARTY COMPLAINT DEMONSTRATES THAT JENSEN IS CAPABLE OF KNOWINGLY DEFINING AND ENUMERATING THE PARTIES. FINALLY, GOVERNOR PARSON'S ALARMIST FEAR THAT HE NEEDS TO JOINDER THIS CASE BASED ON NOT BEING A PARTY IS THE NATURE OF THE DISCRIMINATION. IT IS TAKING FACTS AND COMING TO A WILLFUL ABSURD CONCLUSION BY ASSIGNING NO LOGIC TO JENSEN OR HIS ACTIONS- ALL FOR A LEGAL EDGE IN THIS COURT.

13. Then MISSOURI brings "Second, Plaintiff's Motion is improper. Plaintiff's Motion seeks leave to file a Third-Party Complaint. However, a Third-Party Complaint is a claim asserted by a defendant against a non-party. Fed. R. Civ. P. 14(a). Plaintiff cannot assert a Third-Party claim." Well, Michael Parson is not a party, he has made Joinder in this case, JENSEN has the right to bring claims against the person Joined. If that is not a "Third Party Complaint" then it is a Motion to file as a new case and then Join this case. But how this is not a Supplemental Third-Party claim is beyond me. First, these claims must have arisen after the complaint as they are based on actions that MISSOURI and PARSON took in this case, second, they must be adjudicated here as no other Court has authority to adjudicate the defense of this Court's Operation.

14. Then Missouri States "Third, Plaintiff's allegations against the 'Third-Party Defendants' are essentially that they denied service of process in violation of the ADA. Governor Parson is not a party and was never a defendant in this case, therefore, the attempted service of process was invalid. All claims proceeding from the ineffective service of process are invalid, unfounded, and constitute harassment."

### *LIAR LIAR PANTS ON FIRE…*

My argument is basically that MISSOURI used the letter sent from the Department of Insurance and Commerce to send a rejection of Service of Process after waiving such defenses by omission in their Motion to Dismiss thereby OVERRULING the rule mooting that defense in order to bring it back up. NOW the state, since JENSEN remedied that by Service Michael Parson the paperwork that Rule 4 requires go to him as the Chief Executive of the State, to claim that I left him off as a party but then SUMMONED HIM PERSONALLY HERE. The ludicracy.

15. Finally, in the ORDER dated September 23rd, 2022, this Court sent the Court's Standing in Precedence with this: "Because Jensen is proceeding pro se, the Court liberally construes the proposed complaint's factual allegations. Estelle v. Gamble, 429 U.S. 97, 106 (1976)."

    a. "As the Court unanimously held in Haines v. Kerner, 404 U. S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Id. at 404 U. S. 520-521, quoting Conley v. Gibson, 355 U. S. 41, 355 U. S. 45-46 (1957)." (Estelle)

    b. Not only does the STATE OF MISSOURI not rise to that level of defense in the "Suggestion in Opposition" to the Third-Party Complaint, but MISSOURI's MOTION TO DISMISS, JOINED BY ALL OTHER STATE DEFENDANTS, does not rise to that standard to warrant dismissal or the present Stay- which could be for just discovery/disclosure or the entire case. The wording in the order says the case is stayed but that utterance is directly preceding a Motion to Stay by MISSOURI which only requested a Motion to Stay Discovery.

WHEREFORE:

JENSEN prays for relief in the form of DENIAL of STATE OF MISSOURI'S MOTION FOR LEAVE TO FILE TARDY RESPONSE.

JENSEN prays for relief in the form of ORDER denying the Leave sought in Doc. 93, the MOTION TO DISMISS as Doc. 31, and ORDER lifting this case at Stay and resetting the Case Management Conference.

JENSEN prays for all other relief Just and Proper.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 24th of May 2023.

//s/JasonAJensen