IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 6:22-CV-03140-BCW |
| CITIBANK, N.A., et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR ORDER TO SHOW CAUSE FOR OBSTRUCTION OF ORDERS, JUSTICE BY CITI, FIRST MOTION FOR TEMPORARY RESTRAINING ORDER AGAINST CITI FROM FILING MOTION TO COMPEL ARBITRATION WITHOUT MOTION TO STAY**

Defendants Citibank, N.A. and Citigroup, Inc. (collectively, the "Citi Defendants"), by and through undersigned counsel, file this opposition to Plaintiff's First Motion for Order to Show Cause for Obstruction of Orders, Justice by Citi, First Motion For Temporary Restraining Order Against Citi From Filing Motion to Compel Arbitration Without Motion to Stay ("Motion"). (*See* Doc. 86, filed May 10, 2023).

**DISCUSSION**

1. **Jensen's request to show cause does not specify the Citi Defendants' alleged conduct.**

Jensen's request to show cause for obstruction of orders appears to suggest that the Citi Defendants allegedly obstructed a "SUBPOENA form to the Clerk of Court for the Department of Justice to provide all records regarding complaints of the Americans with Disabilities Act." *See* Doc. 86, Motion, at 4. Respectfully, the Citi Defendants do not know what Jensen is referring to in this allegation. He provides no factual support for his motion, and none exists. This Court should not entertain this motion when it contains no factual support.

## 2. Jensen's request for injunctive relief is premature and is an inappropriate procedure for challenging a potential motion.

As to Jensen's request for injunctive relief, it is premature: the Citi Defendants have not filed a motion to compel arbitration. *See Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) ("The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law."). Further, if a motion to compel were filed, Jensen would still have an adequate remedy at law because he could file a written opposition to the motion. *Cf. Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 332 (3d Cir. 2007) (denying injunction to prohibit class settlement in separate action and stating, "Here, that adequate remedy at law is Federal Rule of Civil Procedure 23(e)….To the extent that the actual proposed settlement in *Love* affects the *Grider* class members unfairly, those class members may object, and Judge Moreno can deal with the objections."). If Jensen has counterarguments to a motion to compel arbitration, he should raise them in response to the motion, if and when one is filed.

## **CONCLUSION**

Accordingly, this Court should deny Plaintiff's First Motion for Order to Show Cause for Obstruction of Orders, Justice by Citi, First Motion For Temporary Restraining Order Against Citi From Filing Motion to Compel Arbitration Without Motion to Stay ("Motion"). (*See* Doc. 86, filed May 10, 2023).

Dated: May 24, 2023              Respectfully Submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/* Benjamin A. Ford
Louis F. Bonacorsi MO28331
lfbonacorsi@bclplaw.com
Benjamin A. Ford MO70962
ben.ford@bclplaw.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Fax: (314) 259-2020

*ATTORNEYS FOR DEFENDANT CITIBANK, N.A. AND CITIGROUP INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, I electronically filed with the Clerk of the Court using ECF system which will send notifications of such filing to all counsel of record.

/s/ Benjamin A Ford