UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S RULE 11 MOTION FOR SANCTIONS OF MISSOURI, ATTORNEY GENERAL'S OFFICE, AND COUNSEL** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), under Rule 11 in Motion for a Sanctions.

1. On or about May 25th, 2023, a lawyer from the Attorney General's Office, Ryan Murray, called JENSEN at 1:11 PM CST for Court related matters and duties.

2. Mr. Murray has introduced himself to Mr. JENSEN in the past. The general story was that he was going to take over this case as soon as he was admitted to practice in this Court. This never happened.

3. Mr. Murray now seems to be a go in-between for the Attorney General's Office for the State of Missouri to allow willfully ignorant misrepresentations and misleading statements.

4. Miss Anna Connelly, the Attorney of Record, file the "unopposed" Motion for Leave dated May 25th, 2023.

5. Miss Connelly, has by Rule 11 and signing the Motion for Leave, "[presented] to the court a […] written motion […] by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the **best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances**" (emphasis added) that JENSEN supported a Motion that moves to dismiss his claims based on misconduct in the Court. Specifically, that JENSEN is violating a Stay by filing paperworks.

6. A Stay can be many things, limited only by the discretion and imagination of this Court. However, if there is a general Stay that makes filings inappropriate, Missouri violated that with 2 Motions for Joinder, and the PRESENT Motion for Leave. This is apparently a Stay whereas everyone except JENSEN can file Motions but JENSEN responding to Court activity while at Stay is a Violation of that Stay.

7. Finally, JENSEN agreed to a Motion to File Document Tardy based on an agreed "bona fide error" standard as excusable neglect. JENSEN even noted to Mr. Murray, that if his argument was that "parties really shouldn't be filing paperwork while the case is stayed" then all this is a result of Anna Connelly's Motion for Joinder, followed by STONE's comparable Motion. Interestingly, STONE moved for such relief after the time to respond to Missouri's had passed.

8. The elements brought as basis for the Motion for Leave on May 24th, 2023 is not based on a bona fide error, rather it is based on JENSEN's misconduct giving rise to excusable neglect.

9. After twice review of the recorded conversation of JENSEN and Mr. Murray by JENSEN's disability device as expertly configured, JENSEN has had to root rom his phone and run custom operating system software to record all phone calls automatically under the Americans with Disabilities Act, to check to see if JENSEN had hallucinated or had a delusion during the call, it is quite apparent that intentional deception was used to garner false "consent" to a damaging Motion without otherwise Merit.

10. "Thus, the deceit which avoids the contract need not be by means of misrepresentations in words. It exists where the party who obtains the consent does so by means of concealing or omitting to state material facts, with intent to deceive, by reason of which omission or concealment the other party was induced to give a consent which he would not otherwise have given. Article 1269. This is the rule of the common law also; but, in both cases, it is based upon the proposition that, under all the circumstances of the case, it was the duty of the party who obtained the consent, acting in good faith, to have disclosed the facts which he concealed. Stewart v. Wyoming Cattle Ranch Co., 128 U. S. 383, 128 U. S. 388. This was the Spanish law before the adoption of the Code. Partidas 5, Titulo 5, Ley 57; Partidas 7, Titulo 16, Ley 1. See also Scaevola, Codigo Civil, Articles 1269, 1270. In such cases, concealment is equivalent to misrepresentation." Strong v. Repide, 213 U.S. 419 (1909) @ 430.

11. While JENSEN has no costs, this Court has filing fees and US Martial Fees it can recover as deterrent to this kind of corrupting of the Court behavior.

WHEREFORE:

JENSEN prays for ORDER no party's representation that is not on the case shall contact Mr. JENSEN.

JENSEN prays for ORDER directing a refiling of the Motion for Leave to File Suggestions in Opposition to JENSEN's third-party supplemental complaint as OPPOSED as it was based on deceit.

JENSEN prays for all other relief Just and Proper.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 25rd of May 2023.

//s/JasonAJensen