IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON ADAM JENSEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 6:22-CV-03140-BCW |
| CITIBANK, N.A., et al., | ) ) ) | |
| Defendants. | ) | |

**<u>DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATION THAT CITI'S ARBITRATION AGREEMENT IS UNENFORCEABLE</u>**

Plaintiff Jason Adam Jensen ("Jensen") has moved under Federal Rule of Civil Procedure 57 for a declaration that the Citi Arbitration Agreement is unenforceable ("Motion for Declaratory Judgment"). His arguments appear to be that the Card Agreement allegedly does not satisfy the element of contract formation or is unconscionable. Jensen's sole surviving claim against Defendants Citibank, N.A., and Citigroup, Inc. (the "Citi Defendants") is Count III Breach of Contract for allegedly breaching the parties' card agreement by assigning collection to JH Met. The Citi Defendants submit the instant opposition to Jensen's Motion.

The arguments in the Motion for Declaratory Judgment should be ignored and the Motion denied. This is because (1) the Citi Defendants have not been served in this case for the reasons set out in the Citi Defendants' pending Rule 12(b)(5) Motion to Dismiss; (2) a motion for declaratory judgment is not cognizable, particularly when it does not relate to a pending claim; and (3) if construed as a Rule 56 motion for summary judgment, the motion would fail as a matter of procedure.

1

### 1. A declaratory judgment is inappropriate because the Citi Defendants have not been served.

As an initial matter, a declaratory judgment (or any relief) would be inappropriate because the Citi Defendants have not been served with process. *Est. of Osborn-Vincent v. Am. Express Fin. Corp.*, 835 F. App'x 167, 168 (8th Cir. 2021) ("For a federal court to have personal jurisdiction over a party, the party must be properly served under Fed. R. Civ. P. 4."); *Mack v. CarHop Fin.*, No. 4:19-CV-00963-DGK, 2020 WL 4757073, at *1 (W.D. Mo. Aug. 17, 2020) ("A federal court lacks jurisdiction over an improperly served defendant."). Absent jurisdiction, a declaratory judgment is inappropriate.

### 2. The Citi Arbitration Agreement is not before this Court.

In any event, Jensen's Motion for Declaratory Judgment on Citi's Arbitration Agreement should not be considered by the Court. The Motion is not cognizable under Rule 57, which provides that the Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." *See* Fed. R. Civ. P. 57. Thus, Rule 57 does not create a unique means of obtaining declaratory relief by motion; it says that *actions* for declaratory relief proceed like other civil actions.

And civil actions require a complaint. *See* Fed. R. Civ. P. 3. Here, although Jensen has filed an Amended Complaint, the issue of the validity of Citi's Arbitration Agreement has not been asserted. Jensen's sole claim against the Citi Defendants concerns assignment of rights of collection. For that reason, he cannot seek to obtain a declaratory judgment on arbitration validity, even if he followed the correct procedures. *Daugherty v. Safelink Wireless*, No. 6:18-CV-03078-MDH, 2018 WL 11270051, at *1 (W.D. Mo. Sept. 11, 2018) (denying a plaintiff's request for declaratory judgment regarding defendant's status under the Federal Telecommunications Act and stating, "Plaintiff now seeks a ruling from the Court regarding the FTCA. However, Plaintiff did

not allege a claim under the FTCA."); *Barraza v. Magna Int'l Inc.*, No. 4:16-CV-00823-FJG, 2017 WL 6420921, at *4 (W.D. Mo. Dec. 15, 2017) ("'[T]he Court must have before it a properly pled claim over which it has an independent basis for exercising original jurisdiction before it may act pursuant to the Declaratory Judgment Act.' In the instant case, there is no pending claim because the Court has already dismissed plaintiff's Complaint.") (quoting *Clear Sky Car Wash, LLC v. City of Chesapeake*, 910 F.Supp.2d 861, 871, n.8 (E.D.Va. 2012)).

Further, Jensen's substantive arguments in his Motion against enforceability of Citi's Arbitration Agreement are otherwise premature. There is no pending motion by the Citi Defendants to compel arbitration in this suit.

### 3. Jensen's Motion would fail if construed as a Rule 56 motion.

Although Rule 57 does not provide for a motion for declaratory judgment, some courts have construed motions purportedly brought pursuant to Rule 57 as motions for summary judgment under Rule 56. Even if Jensen's Motion were to be construed as a Rule 56 motion for summary judgment by this Court, it would still fail as a matter of procedure. Jensen has not identified the "claim or defense – or the part of each claim or defense – on which summary judgment is sought" that is required by Fed. R. Civ. P. 56(a). He has also not provided a statement of uncontroverted material facts pursuant to Local Rule 56.1(a) or Fed. R. Civ. P. 56(c), and he has not "cit[ed] to particular parts of material in the record" as required by Fed. R. Civ. P. 56(c)(1).

### CONCLUSION

Accordingly, Plaintiff's Motion for Declaratory Judgment should be denied.

Dated: May 26, 2023	Respectfully Submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/* Benjamin A. Ford
Louis F. Bonacorsi MO28331
lfbonacorsi@bclplaw.com
Benjamin A. Ford MO70962
ben.ford@bclplaw.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Fax: (314) 259-2020

*ATTORNEYS FOR DEFENDANT CITIBANK, N.A. AND CITIGROUP INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, I electronically filed with the Clerk of the Court using ECF system which will send notifications of such filing to all counsel of record.

/s/ Benjamin A. Ford