UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S REPLY SUGGESTIONS TO DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATION THAT CITI'S ARBITRATION AGREEMENT IS UNENFORCEABLE** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), with the following REPLY SUGGESTIONS:

1. On June 1st, 2021, JENSEN filed a Motion to Compel Arbitration in STONE County Case # 21SN-AC00123. Attached as an Exhibit was the CITI Expedia Rewards Contract including CITI's arbitration agreement. (Attached to these REPLY Suggestions is Both that State Court Filing and a pristine copy of that CITI Contract)

2. In the Order Dated September 23rd, 2022, this Court took Judicial Notice of STONE County Court Case #21SN-AC00123, with:

    *In reviewing the allegations of the proposed amended complaint along with public records available on Missouri Case.net for the 39th Judicial Circuit Court of Stone County, Missouri, the Court construes Jensen's claims as stemming from state case number **21SN-0AC00123 ("the state case")**. Stutzka v. McCarville, 420 F.3d 757, 760 n.3 (8th Cir. 2005) (**Court may take <u>judicial notice</u> of judicial opinions and public records**); (Doc. # 5-1 at 22). (emphasis added)*

3. On May 3rd, 2023, CITI by counsel, did file a Suggestions in Support of their Motion to Dismiss, See Doc. 78.

4. Contained the CITI Suggestions in Support, Motion to Dismiss was the following statement:

    *If this Court should exercise its discretion and merely quash Jensen's attempted service, the **<u>Citi Defendants expressly reserve their right to move to compel arbitration of Jensen's claim</u>** if and when Jensen successfully effects service of process on both defendants. (emphasis added)*

5. Therefore, the Contract and Arbitration are before this Court, the injury giving rise to the breach of contract claim was the abuse of process JH MET subjected JENSEN to by means of the CITI Arbitration Agreement as inseparable part to the CITI Expedia Contract.

6. Paragraphs 1-5 indicate that CITI has brought before this Court, the Arbitration Agreement and its merits. JENSEN, therefore, has a Right to Respond, to this "expressly [reserved] [CITI] right".

7. Yes, JENSEN is in agreement that CITI has obstructed this Court and the US Marshall Service attempts to perform service of process, their reasoning for rejecting paperwork to their CEO under Rule 4 is still, as of yet, unexplained.

8. This declaratory relief has to do with pending Claim 3, as it is not appropriate here if the Arbitration Agreement applies, and worse, this case is frivolous if so. Moreover, the Arbitration Agreement is at the heart of the "Breach of Contract" Claims in Claim 3. This was the mechanism that JH MET, GAMACHE, and CITI used to abuse a mentally ill disabled person in effort to get him to commit violence during an episode of psychosis.

9. CITI might be correct, that 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, covers most Writs of Declaratory Judgement, however, the All Writs Act, the one used to Order Apple, Inc. to bypass the security on an iPhone, also covers when a Court can issue a Writ- codified at 28 U.S.C. § 1651 the All Writs Act says:

    (a) The Supreme Court and all courts established by Act of Congress **may issue all writs necessary or appropriate** in aid of their respective jurisdictions and agreeable to the usages and principles of law.

10. Normally, it is quite appropriate to file such a Motion as a Motion for Declaratory Judgment in another manner, however, CITI in this instance used the "Arbitration Agreement" to try to entice this Court to dismiss JENSEN's claims with Prejudice. Given that all these suggestions were incorporated into the CITI Motion to Dismiss, JENSEN must be allowed to use the All Writs Act to prosecute his claims against CITI without prejudice.

11. CITI states, in its Suggestions in Opposition, that "Jensen's sole claim against the Citi Defendants concerns assignment of rights of collection." – Even if that was true, the NATURE of the DAMAGES of that Claim would be based on the unconscionable abuse of

process the CITI Arbitration was by JH MET and Gamache. Now, CITI wants to further use that contract to abuse process in order to attempt to get this Court to Dismiss this Case based on that Arbitration Agreement. The contract is unenforceable as it is unconscionable.

12. Mr. Ford's final point lacks soundness, first he seeks to apply my Motion to a Rule, a Rule JENSEN is not sure he invoked, but Mr. Ford wants to apply a Rule outside the Motion and then Claim it fails that Rule because it lacks an element of the retroactively applied Rule. JENSEN's Motion is based on the "Reservation of Rights" in this Court, and the Absolute and Common Law Right to Respond. CITI states, "we reserve the right to file motion to compel arbitration" the resulting force of argument must be to first TRO that party, because as CITI has stated, there is no Motion to Compel Arbitration, yet, sort of, maybe- and then bring up questions of validity based on "the state case".

13. Accordingly, this Motion should Succeed as no real argument was raised on its Merits. CITI's entire argument in its Suggestions in Opposition to this Motion are complaints of procedure that were a result of CITI's abuse of procedure.

14. JENSEN RESERVES THE RIGHT TO DECLARE THAT HE WON AND ENTER A JUDGEMENT AGAINST CITI FOR $10^{999}$. (More dollars than the Universe has Atoms) <<< See how does CITI respond to that? Well, thank heavens that was just an illustrative utterance to provoke thought to an audience otherwise not at attention to these matters.

WHEREFORE:

JENSEN prays for the motion to succeed.

JENSEN prays for all other relief Just and Proper.


Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 26th of May 2023.

//s/JasonAJensen