UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S NOTICE OF WRITTEN OBJECTIONS TO ORDER DATED MAY 17th,2023** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), and raises the following Objections to the

Order Dated May 17th, 2023.

1. The Removal of Local Rule 7.2; Its impact on Precedence of cases prior to 2016.

2. The Court Characterized the Standing of JENSEN before the Court as:
   a. Counts:
      i. Count I alleging violations of the Fair Debt Collections Practices Act §§ 1692d and 1692e against Defendants JH Met Subsidiary B Liquidating Trust and David R. Gamache;
      ii. Count III alleging breach of contract against Defendants Citibank, N.A. and Citigroup Inc.; and
      iii. Count V alleging violation of Title II of the Americans with Disabilities Act against the State of Missouri and Stone County, Missouri.
   b. The Court has apparently not allowed an expansion of Standing to respond to STONE County's Affirmative Defenses.
   c. STONE County Affirmative Defenses:
      i. 1. Stone County denies each and every allegation and count contained therein, individually and collectively fails to state a claim against Stone County upon which relief can be granted.
      ii. 2. Stone County states this Court lacks personal jurisdiction over it, that proper service of process has not been obtained on it, and, further, the venue is not proper in this judicial district.
      iii. 3. Stone County denies each and every allegation contained in Plaintiff Complaint which is not specifically admitted herein. In addition, Stone County specifically denies any allegations contained in any heading or unnumbered paragraph of Plaintiff's Complaint.
      iv. 4. Plaintiff's claims are barred in whole or part because Plaintiff failed to properly exhaust applicable administrative remedies.

v. 5. Plaintiff's Complaint is barred by the doctrines of accord, satisfaction, laches, consent, waiver, unclean hands, and/or estoppel.

vi. 6. Any and all damages Plaintiff may have suffered were a result of other parties to this litigation and/or unnamed parties who have not yet been determined, and are not the result of any action of Stone County. Therefore, some or all the fault should be apportioned to these other parties or unnamed parties and not to Stone County, and any liability of Stone County should be proportionately reduced.

vii. 7. Any harm that Plaintiff may have suffered has been the result of an intervening act or superseding event caused by some person or entity other than Stone County, and Stone County cannot be held responsible for such intervening acts and superseding events.

viii. 8. Stone County is not jointly or severally liable for any damages caused to Plaintiff, and any law which allows joint and several liability is unconstitutional and violates public policy and the right of due process and equal protection guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

ix. 9. Stone County states it acted reasonably under the circumstances then existing, and its conduct was justified and/or privileged.

x. 10. Stone County states that to the extent Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacked standing and fails to present a justiciable claim. Further, Plaintiff has adequate remedies at law available to him.

xi. 11. The claims against Stone County are without basis such that Stone County is entitled to an award of attorney fees and costs of defense.

xii. 12. Any actions taken by Stone County would have been the same regardless of Plaintiff's gender, age, race, disability, or any other protected category or activity.

xiii. 13. At no time relevant herein was Plaintiff "disabled" within the definition set forth in the Americans with Disabilities Act, as amended and attendant regulations.

xiv. 14. Stone County affirmatively pleads that any impairment Plaintiff had was transitory and minor. And, therefore, fails to meet the definition of a disability under the Americans with Disabilities Act, as amended.

xv. 15. Stone County was not required to engage in any interactive process with Plaintiff to determine a reasonable accommodation for Plaintiff's alleged disability, and Stone County could not have known of Plaintiff's limitations, if any, because Plaintiff failed to sufficiently disclose the nature, scope, and duration of such limitations, if any, or otherwise reasonably demonstrate a need for accommodation.

xvi. 16. Stone County affirmatively pleads that no reasonable accommodation was available.

xvii. 17. Stone County affirmatively pleads that Plaintiff's proposed or requested accommodation placed an undue hardship on Stone County.

xviii. 18. Plaintiff's claims are barred to the extent Plaintiff failed to control a controllable disability or disease.

xix. 19. Stone County's actions were specifically authorized by the Americans with Disability Act, as amended, and/or the Missouri Human Rights Act.

xx. 20. Stone County affirmatively pleads that the actions Plaintiff complained of were required or necessitated by another law or regulation, whether state or federal.

xxi. 21. Stone County affirmatively pleads that Plaintiff posed a direct threat to the health and safety of Plaintiff and/or others.

xxii. 22. Stone County affirmatively pleads that, if Plaintiff sustained any damage or loss, which Stone County at all times denies, the same was negligible in degree and amount and, thereby, de minimus. Therefore, this Court should give no cognizance thereto.

xxiii. 23. To the extent Plaintiff seeks damages for medical treatment, § 490.715 RSMo limits evidence of medical costs to "the dollar amounts paid by or on behalf of a Plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity."

xxiv. 24. Stone County is entitled to a credit for any settlement or award Plaintiff may obtain from any other tortfeasor, and any such credit should reduce any liability Stone County may have to Plaintiff.

xxv. 25. Stone County states that, with regard to Plaintiff's claims under The Americans with Disabilities Act, Plaintiff's recovery is limited by 42 U.S.C. § 1981a(b)(3).

xxvi. 26. If Plaintiff was damaged as alleged in his Complaint, which Stone County specifically denies, Plaintiff failed to mitigate such damages and, therefore, any recovery by Plaintiff should not include any loss which Plaintiff could have prevented by reasonable care and diligence.

xxvii. 27. Stone County states that if Plaintiff has suffered damages, then such damages should be apportioned to other causes or stressors in his life other than any action or inaction by Stone County.

- xxviii. 28. Plaintiff is not entitled to an award of punitive damages against any Stone County being sued in Stone County's representative and/or official capacities.
- xxix. 29. Punitive damages are barred against one or more Defendant, pursuant to 42 U.S.C. § 1981a(b)(1), which insulates governments, government agencies, and political subdivisions from such damages in claims brought under the Americans with Disabilities Act, and punitive damages are otherwise unavailable for want of any demonstration that Stone County engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.
- xxx. 30. Stone County affirmatively pleads that Plaintiff failed to satisfy the statutory requirements to receive pre-judgment interest under § 408.040.2 RSMo and is, therefore, barred from recovering the same.
- xxxi. 31. To the extent Plaintiff attempts to sue any employee, elected official, or agent of Stone County in their individual capacities, such individuals are entitled to official immunity, qualified immunity, judicial immunity, prosecutorial immunity, and/or quasi-judicial/absolute immunity.
- xxxii. 32. Stone County expressly reserves the right to raise, assert, and plead additional affirmative defenses which may become known and available through investigation and/or discovery.

3. Next the Court Disposes of "Stone County affirmatively pleads that Plaintiff posed a direct threat to the health and safety of Plaintiff and/or others."
    a. But this is not a proper affirmative defense of ADA requirements.
    b. CFR § 35.139 Direct threat.
        i. (a) This part does not require a public entity to permit an individual to participate in or benefit from the services, programs, or activities of that

    public entity when that individual poses a direct threat to the health or safety of others.

  ii. (b) In determining whether an individual poses a direct threat to the health or safety of others, **a public entity must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence**, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk.

 c. So, to bring this argument, an Individualized Assessment must be done prior to the Denial of Accommodations. This assessment would then need to be the basis, and therefore transmitted at the time of denial for Due Process, for the denial. This is therefore, not a pleading, it is a foundational fact, there should be an assessment, that assessment needs to be individualized for JENSEN, and must explain the nature of the threat and why it cannot be mitigated by further accommodations.

 d. Therefore, the STONE County affirmative defense, not only does not conform to law, but is presented in such a way, JENSEN could have never anticipated its meaning having no mention ever made to the refusal of accommodations being based on an individualized assessment of "direct threat". As to Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977).

4. "As Stone County argues in response to the motion, Plaintiff provides no legal or equitable basis on which the Court should compel counsel for Stone County to withdraw from representation in this case."

 a. The rules of Equity before a Court, plus *Avery*, provide a legal basis. The State cannot duplicate itself to avoid the implements of the 14th Amendment or the

Commerce Clause. Here the State has quite literally, split and then Joined themselves in arguments for convenience to argument and to make multiple passes at the Rules. So STONE County has replied, and now Joined a Motion to Dismiss, so is there another STONE Motion to Dismiss? Do the Affirmative Defenses remain STONE'S Affirmative Defenses and so Missouri will later get to bring its own Affirmative Defenses. Each entity, STONE, PARSON, AND MISSOURI – ARE MISSOURI.

   b. JENSEN would like to be able to file based on Mood. So, JENSEN can have an Angry or Upset JENSEN Motion to Strike but then also have a Happy JENSEN Motion to Strike Later. JENSEN would also like to Joinder with JENSEN angry, happy, mad, sad, excited, and manic. JENSEN would also like to be able to make more moods to respond with, such as Angry 1,2,3,4,5. Why cannot JENSEN duplicate himself in this Court for a Strategic Edge in this Process?

5. MISSOURI, and its political subdivisions have demonstrated their willingness to "plead" JENSEN is a "direct threat to the health and safety" (dangerous) to self and others to gain a negating force of JENSEN's Rights. Furthermore, the processes in Chapter 632 do not provide for a method to appeal protective custody to the Federal Court. The custodian Hospital can just refuse to submit the paperwork. Put another way, the Federal Writ of Habeas Corpus is suspended under Mental Health Commitment Laws. See Attachment 1 and 2 that JENSEN drafted by taking a hospital writ of habeas corpus form and altering the heading to a Federal Jurisdiction. The document was never filed. This demonstrates pure potential for Damage should the State of Missouri exercise its authority to detain JENSEN under the premise that JENSEN is dangerous. Then JENSEN must seek remedy from the STATE abusing him.

WHEREFORE:

JENSEN objects to the ORDER.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 28th of May 2023.

//s/JasonAJensen