UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ALAN BAKER, ET AL., PLAINTIFFS, V. ALLSTATE INSURANCE COMPANY, ET AL., DEFENDANTS. | CV 19-08024-ODW<br>DECEMBER 16, 2019<br>LOS ANGELES, CALIFORNIA<br>(1:32 P.M. TO 1:49 P.M.) |

ORDER TO SHOW CAUSE HEARING

BEFORE THE HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

APPEARANCES: SEE NEXT PAGE

COURT REPORTER: RECORDED; COURTSMART

COURTROOM DEPUTY: SHEILA ENGLISH

TRANSCRIBER: DOROTHY BABYKIN
COURTHOUSE SERVICES
1218 VALEBROOK PLACE
GLENDORA, CALIFORNIA 91740
(626) 963-0566

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

Case 6:22-cv-03140-BCW Document 103-3 Filed 05/28/23 Page 1 of 18

APPEARANCES:

FOR THE PLAINTIFF ALAN BAKER, ET AL.:

BARNES & THORNBURG LLP
BY: MATTHEW B. O'HANLON
ATTORNEY AT LAW
2029 CENTURY PARK EAST
SUITE 300
LOS ANGELES, CALIFORNIA 90067

LAW OFFICES OF CHRISTOPHER G. HOOK
BY: CHRISTOPHER G. HOOK
ATTORNEY AT LAW
4264 OVERLAND AVENUE
CULVER CITY, CALIFORNIA 90230

FOR DEFENDANT ALLSTATE INSURANCE CO.:

SHEPPARD MULLIN RICHTER & HAMPTON LLP
BY: PETER H. KLEE
MARC J. FELDMAN
ATTORNEYS AT LAW
501 WEST BROADWAY
19TH FLOOR
SAN DIEGO, CA 92101

ALSO PRESENT:

ROBERT ROMERO
CLIENT REPRESENTATIVE
ALLSTATE INSURANCE COMPANY

I N D E X

CV 19-08024-ODW DECEMBER 16, 2019

PROCEEDINGS: HEARING RE ORDER TO SHOW CAUSE

LOS ANGELES, CALIFORNIA; DECEMBER 16, 2019; 1:32 P.M.

THE CLERK: ALL RISE AND COME TO ORDER.

THIS UNITED STATES DISTRICT COURT IS ONCE AGAIN IN SESSION. THE HONORABLE OTIS D. WRIGHT, II, JUDGE PRESIDING.

YOU MAY BE SEATED.

CALLING ITEM 2, CV 19-8024, ALAN BAKER, ET AL. VERSUS ALLSTATE INSURANCE COMPANY, ET AL.

COUNSEL, MAY I HAVE YOUR APPEARANCES, PLEASE.

MR. O'HANLON: GOOD MORNING, YOUR HONOR.

MATTHEW O'HANLON OF BARNES & THORNBURG LLP.

I'M NEWLY RETAINED COUNSEL ON BEHALF OF PLAINTIFFS ALAN BAKER AND LINDA B. OLIVER.

THE COURT: I SAW THE REQUEST FOR A SUBSTITUTION OF ATTORNEY WHICH I HAVE NOT YET APPROVED.

MR. O'HANLON: CORRECT, YOUR HONOR.

THE COURT: BUT WELCOME.

MR. O'HANLON: THANK YOU.

THE COURT: AND WHERE IS MR. CHRISTOPHER G. HOOK?

MR. O'HANLON: THAT IS A GOOD QUESTION, YOUR HONOR.

MY UNDERSTANDING WAS THAT HE WAS SUPPOSED TO BE HERE TODAY PURSUANT TO THE COURT'S ORDER.

THE COURT: I DID EXTEND AN INVITATION TO HIM.

MR. O'HANLON: SO, HIS -- THE FACT THAT HE IS NOT HERE IS UNEXPLAINED TO US AND TROUBLING.

THE COURT: OH, I'M NOT TROUBLED AT ALL.

(PAUSE IN PROCEEDINGS.)

THE COURT: ALL RIGHT. LET'S CONTINUE WITH SHEPPARD MULLIN.

MR. KLEE: GOOD AFTERNOON, YOUR HONOR.

PETER KLEE ON BEHALF OF ALLSTATE INSURANCE COMPANY.

THE COURT: COUNSEL, GOOD AFTERNOON.

MR. FELDMAN: GOOD AFTERNOON, YOUR HONOR.

MARC FELDMAN, ALSO ON BEHALF OF ALLSTATE INSURANCE COMPANY.

THE COURT: GOOD AFTERNOON, SIR.

ARE YOU WITH ALLSTATE?

MR. ROMERO: YES, SIR.

THE COURT: WELL, GO AHEAD. JOIN THE PARTY. GO AHEAD.

WHO ARE YOU?

MR. ROMERO: ROBERT ROMERO WITH ALLSTATE INSURANCE COMPANY.

THE COURT: ALL RIGHT.

EVERYBODY KNOWS WHY WE'RE HERE. UNFORTUNATELY, THE ENTIRE COUNTRY KNOWS WHY WE'RE HERE. THIS IS WHY I'M REALLY SORRY THAT MR. HOOK IS NOT HERE -- HAVING BROUGHT THIS MUCH SHAME ON THE PROFESSION.

OF ALL THE STUPID THINGS I ANTICIPATED TODAY, THIS IS NOT ONE OF THEM.

ALL RIGHT. TELL YOU WHAT WE'RE GOING TO DO. WE'RE

GOING TO GET SOMETHING DONE.

IN TERMS OF THE RELIEF, SOME OF THE RELIEF THAT HAS BEEN REQUESTED, SOME OF THAT IS MOOTED.

BUT I DO NEED TO -- I NEED SOMETHING FROM YOU, COUNSEL. OR IF YOU FEEL UNCOMFORTABLE ANSWERING THESE QUESTIONS, I'LL JUST ASK YOUR CLIENTS DIRECTLY.

I WANT TO KNOW WHAT THEY KNEW ABOUT THIS FOOLISHNESS. DID THEY KNOW ABOUT THE OPPOSITION THAT WAS FILED TO THE EX PARTE. WHAT DID THEY KNOW. HOW MUCH OF THIS DID THEY CONDONE. BECAUSE I'M NOT GOING TO HIDE THE BALL HERE THIS CASE WAS GOING TO BE HISTORY.

BUT AT LEAST LOOKING AT HIS REPLY, HE MAKES THE REPRESENTATION THAT THEY WERE COMPLETELY CLUELESS WITH HIS CONDUCT. AND THAT ONCE THEY HEARD ABOUT IT FROM OTHERS, WHO HAD SEEN IT IN THE MEDIA, THEY TOOK STEPS TO GO AND RETAIN YOU.

IS THAT TRUE?

MR. O'HANLON: THAT IS TRUE, YOUR HONOR. I'M HAPPY TO ANSWER YOUR QUESTIONS DIRECTLY OR, IF YOU WOULD PREFER, TO ASK MY CLIENTS DIRECTLY, THEY CAN RESPOND AS WELL.

THE COURT: BUT IF MY -- IF MY SUMMARY IS ACCURATE THAT THEY KNEW NOTHING ABOUT THIS AND HIS CONDUCT --

I SEE THEM NODDING THEIR HEADS.

-- THEN FINE. THEN DISMISSAL OF THE CASE IS OFF THE TABLE.

I WAS TERRIBLY CONCERNED ABOUT THESE DEPOSITIONS. I

COULD IMAGINE HOW THOSE DEPOSITIONS WOULD HAVE PROCEEDED --

OH, I AM SO PISSED.

WITH YOU IN THE CASE NOW, SIR, I GUESS WE CAN LIFT THE STAY ON THOSE DEPOSITIONS.

(PAUSE IN PROCEEDINGS.)

THE COURT: THE REQUEST TO DISQUALIFY MR. HOOK I BELIEVE HAS BEEN MOOTED.

THE PERMANENT INJUNCTION IS LIKEWISE MOOTED. AND, AGAIN, WE CAN REMOVE THE PROJECTIVE ORDER AND PERMIT THE DEPOSITIONS TO PROCEED.

NOW, WHAT REMAINS, OF COURSE, IS THE -- THE MONETARY SANCTIONS AND THE AWARD OF ATTORNEY'S FEES FOR ALL OF THIS.

I'D LIKE TO HAVE SOMETHING FROM SHEPPARD MULLIN IN WRITING.

MR. KLEE: YES, YOUR HONOR.

I'D LIKE TO RAISE ONE ISSUE THAT YOU MENTIONED. YOU SAID THE PROTECTIVE ORDER IS MOOTED. BUT THE PROTECTIVE ORDER FOR THE DEPOSITIONS IS MOOTED. BUT WE -- WE REQUESTED A RESTRAINING ORDER WHICH -- TO KEEP MR. HOOK AWAY FROM COUNSEL AND THEIR FAMILIES BASED ON THE THREATS.

AND WE WOULD ASK THAT YOU CONSIDER THAT ALONG WITH THE OTHER RELIEF THAT WE'VE REQUESTED.

THE COURT: DO YOU THINK THAT'S STILL A POSSIBILITY?

MR. KLEE: YOU KNOW, 20, 30 YEARS AGO I WOULD NOT HAVE. BUT TODAY WHEN I SEE IN THE NEWSPAPER TIME AND TIME

Case 6:22-cv-03140-BCW Document 103-3 Filed 05/28/23 Page 7 of 18

AGAIN PEOPLE THAT YOU WOULDN'T THINK WOULD DO SOMETHING CRAZY -- BRING A FIREARM AND START SHOOTING.

AND I DON'T KNOW. MR. HOOK CLEARLY SEEMS IMBALANCED.

AND I THINK THAT EVERYBODY WOULD FEEL SAFER IF HE WERE KEPT AWAY FROM ALLSTATE AND ALLSTATE'S COUNSEL AND THEIR FAMILIES.

THE COURT: I AGREE WITH YOU. I'VE BEEN PRACTICING LAW FOR 25 YEARS. I'VE NEVER SEEN ANYTHING LIKE THIS. SO, I UNDERSTAND WHAT YOU'RE SAYING.

AND WE DON'T WANT TO HAVE A SITUATION WHERE PEOPLE SAY AND HE WAS SO QUIET.

ALL RIGHT.

(PAUSE IN PROCEEDINGS.)

THE COURT: YOU ARE PREPARED -- I'LL SIGN IT.

I GUESS I'LL HAVE TO ISSUE ANOTHER ORDER TO SHOW CAUSE TO MR. HOOK, EXTENDING HIM ANOTHER INVITATION.

MR. HOOK: YOUR HONOR --

THE COURT: YES?

MR. HOOK: -- I AM HERE.

THE COURT: OH, REALLY?

MR. HOOK: AND I APOLOGIZE. I'M HERE, YOUR HONOR.

(PAUSE IN PROCEEDINGS.)

THE COURT: WHEN DID YOU GET HERE?

MR. HOOK: I ARRIVED HERE JUST BEFORE 1:30. AND I'VE BEEN DOWN--

THE COURT: HIDING SOMEWHERE?

MR. HOOK: NO, YOUR HONOR. NOT AT ALL. I APOLOGIZE.

THE COURT: SO, YOU MAKE A FASHIONABLE ENTRANCE.

MR. HOOK: NOT AT ALL, YOUR HONOR.

THE COURT: YOU DIDN'T THINK 1:30 MEANT 1:30.

MR. HOOK: I APOLOGIZE, YOUR HONOR.

(PAUSE IN PROCEEDINGS.)

THE COURT: YOU KNOW WHY WE'RE HERE. I'M JUST CURIOUS ABOUT A NUMBER OF THINGS.

IN READING YOUR REPLY TO THE EX PARTE APPLICATION -- WHICH I'M GOING TO GET INTO -- YOU INDICATE THAT YOU'VE APOLOGIZED TO THE COURT AND TO DEFENSE COUNSEL.

I DON'T CARE ABOUT THEM, BUT WHERE DID YOU APOLOGIZE TO THE COURT. I'M STILL LOOKING.

YOU DIDN'T.

MR. HOOK: I THOUGHT THAT WAS IN MY OPPOSITION, YOUR HONOR. IF IT WASN'T --

THE COURT: NO, IT WAS NOT.

MR. HOOK: OKAY. I'M DEEPLY SORRY TO THE COURT, YOUR HONOR.

THE COURT: BECAUSE I WAS SERIOUSLY LOOKING FOR THAT.

I HAVE CRIMINAL DEFENDANTS IN HERE ALL THE TIME APOLOGIZING TO THE COURT -- FOR WHY I HAVE NO IDEA. BUT THIS, I HAVE NEVER SEEN ANYTHING LIKE THIS AND CERTAINLY NOT IN WRITING.

DO YOU REALIZE THAT THERE'S PEOPLE ACROSS THE COMPANY -- COUNTRY -- I HAD A FRIEND OF MINE FROM CHICAGO -- ONE OF THE BIG FIRMS BACK THERE -- CALLING ME ABOUT THIS, WANTED TO KNOW WHAT IS WRONG WITH YOU LOS ANGELES LAWYERS.

MR. HOOK: I'M SORRY --

THE COURT: YOU HAVE SINGLE-HANDEDLY DROPPED THAT KIND OF DISCREDIT TO THE PROFESSION.

I WANT TO GO OVER SOME OF THE CLAIMS THAT YOU HAVE MADE.

BY THE WAY, PEOPLE OUT THERE -- PARTICULARLY THE NON-LAWYERS, YOU MAY WANT TO LEAVE. THERE ARE THINGS THAT I HOPE WE DON'T GET THERE -- THAT MIGHT BE DISGUSTING TO HEAR THAT ARE FAR FROM POLITE. AND IF YOU'RE EASILY OFFENDED, THIS IS NOT THE PLACE TO BE.

OKAY. FAIR WARNING.

SOMEWHERE IN YOUR PAPERS YOU INDICATED THAT THESE ARE CONFIDENTIAL -- PART OF A CONFIDENTIAL NEGOTIATING STRATEGY.

MR. HOOK: YES, YOUR HONOR.

THE COURT: IS THAT RIGHT?

MR. HOOK: YES, YOUR HONOR.

THE COURT: AND THEN LATER ON THIS IS ALL MOTIVATED OUT OF FRUSTRATION AND ANGER.

NOW, WHICH IS IT? IS IT A CALCULATED NEGOTIATING STRATEGY OR DID YOU JUST GIVE IN TO ANGER AND FRUSTRATION?

MR. HOOK: IT WAS BOTH, YOUR HONOR.

THE COURT: OH, IT WAS BOTH.

MR. HOOK: YES. I -- IT WAS INITIALLY A STRATEGY. AND I LOST CONTROL OF MY ANGER. AND IT -- AND I OBVIOUSLY FAILED TO CONDUCT MYSELF IN A PROFESSIONAL WAY. AND I CAN'T EXCUSE IT. ALL I --

THE COURT: SO, THE OTHER THING IS THIS. THANK YOU.

SO, WHAT WE'RE DOING NOW WE'RE GOING TO WALK BACK THE CLAIM THAT ALL OF THE EMAILS -- AND I READ ALL OF THEM THAT WERE ATTACHED TO THE EX PARTE APPLICATION THAT WERE INSUFFICIENT EVIDENCE BECAUSE THEY HAD NOT BEEN AUTHENTICATED -- THESE EMAILS, QUOTE, ALLEGEDLY FROM YOU.

YOU'VE BACKED AWAY FROM THAT NOW, RIGHT?

MR. HOOK: YOUR HONOR, I -- I'M GOING TO SUBMIT ON THE PAPERS. I'M NOT GOING TO --

THE COURT: NO, NO, NO, NO. I'M ASKING -- YOU KNOW WHAT. THIS IS NOT THE DAY TO BE CUTE. AND I AM NOT THE GUY.

ARE YOU BACKING AWAY FROM DENYING THAT YOU WROTE THOSE THINGS?

MR. HOOK: I'M NOT GOING TO BE A WITNESS AGAINST MYSELF, YOUR HONOR. I'M --

THE COURT: OKAY. GOOD. THIS IS GOING TO BE -- THIS IS GOING TO BE GOOD. YOU'RE GOING TO ENJOY HOW THIS COMES OUT.

MR. HOOK: YOUR HONOR, I'M NOT DENYING THAT I WROTE THOSE EMAILS.

I DON'T WANT TO BE A WITNESS AGAINST MYSELF.

THE COURT: OH, YOU ARE.

MR. HOOK: OKAY. WELL, I --

THE COURT: YOU ARE. YOU PLAYED INTO A ROOKIE MISTAKE. YOU PUT ALL OF THIS IN WRITING.

MR. HOOK: IT WAS A MISTAKE, YOUR HONOR. A BAD MISTAKE.

THE COURT: PUFFERY -- I KNOW WHAT PUFFERY IS. WE ALL KNOW WHAT PUFFERY IS.

SHOULD I READ YOU SOME EXAMPLES OF PUFFERY OR WHAT YOU CALL PUFFERY?

MR. HOOK: I WOULD PER- --

THE COURT: YOU THREATENED PEOPLE. YOU DID. YOU THREATENED PEOPLE.

YOU START -- YOU KNOW, YOU START USING THIS KIND OF FOUL LANGUAGE AGAINST PEOPLE, CALLING THEM EVERY NAME UNDER THE SUN AND TELLING THEM THAT YOU KNOW WHERE THEY LIVE. AND THEN YOU MENTION HIS WIFE'S NAME. IF THAT HAPPENED TO ME, I'D COME LOOKING FOR YOU.

MR. HOOK: UNDERSTOOD, YOUR HONOR.

THE COURT: THIS IS WHY WE HAD TO KNOCK OFF THE DEPOSITIONS. BECAUSE A WHOLE LOT OF THINGS WOULD HAVE HAPPENED IN THAT CONFERENCE ROOM. BUT NONE OF IT WOULD HAVE BEEN A DEPOSITION.

AND THIS IS THEIR FAULT, RIGHT?

THEY CAUSED THIS. THEY BROUGHT THIS ABOUT BY NOT

ANSWERING YOUR PHONE CALLS.

MR. HOOK: NOT AT ALL, YOUR HONOR. THIS IS MY FAULT ENTIRELY.

THE COURT: OKAY. SO, WE'RE GOING TO BACK AWAY FROM THAT ONE.

LITIGATION PRIVILEGE, WE'RE GOING TO BACK AWAY FROM THAT ONE?

YOUR RIGHT TO FREE SPEECH UNDER THE FIRST AMENDMENT. ARE WE BACKING AWAY FROM THAT ONE?

I JUST WANT TO KNOW.

MR. HOOK: I BELIEVE THOSE -- THOSE STATEMENTS WERE PRIVILEGED UNDER THE EVIDENCE CODE SECTION AND UNDER LITIGATION PRIVILEGE. YES, YOUR HONOR.

THE COURT: DO YOU?

MR. HOOK: THAT'S MY BELIEF, BUT IT'S NOT MY DECISION NOW. IT'S THE COURT'S. SO, THAT'S WHAT I -- THAT'S THE POSITION I TOOK. AND I SUBMITTED THAT TO THE COURT.

THE COURT: AND YOU HONESTLY BELIEVE THAT. YOU HONESTLY BELIEVE THAT THE FIRST AMENDMENT EXTENDED TO ANYTHING.

IS THAT RIGHT?

MR. HOOK: THAT'S NOT WHAT I --

THE COURT: YOU DID GO TO LAW SCHOOL, RIGHT?

MR. HOOK: YES, YOUR HONOR.

THE COURT: OKAY.

YOU KNOW WHAT -- GOD. THIS MONTH I'VE SWORN IN A

HUNDRED NEW LAWYERS. THEY WERE SO HAPPY AND SO PROUD TO BE LAWYERS.

YOU JUST TRASHED THEIR PROFESSION.

MR. HOOK: I APOLOGIZE TO THEM AS WELL.

THE COURT: NO, NO. I DON'T WANT YOU TO APOLOGIZE TO ME.

I --

(PAUSE IN PROCEEDINGS.)

THE COURT: OKAY. ALL RIGHT. YOU'VE TAKEN CARE OF THE THINGS THAT I NEEDED TAKING CARE OF.

THIS IS JUNK.

YOU'RE GOING TO PAY FOR THIS.

MR. HOOK: YES, YOUR HONOR.

THE COURT: YOU'RE GOING TO PAY FOR THIS IN A NUMBER OF WAYS. BUT YOU'RE GOING TO WRITE A CHECK. YOU ARE. YOU'RE GOING TO WRITE A CHECK. THAT'S JUST THE FIRST THING. THIS IS NOT GOING TO BE OVER. THIS IS NOT GOING TO BE OVER.

EVERY LAWYER IN THIS ROOM CAN THINK BACK AT HOW HARD THEY HAD TO WORK TO COMPLETE LAW SCHOOL, HOW MUCH HARDER THEY HAD TO WORK TO GET THEIR LICENSE TO PRACTICE. AND THE LAWYERS FOR THE LAST FEW YEARS HAD TO CLEAR WHAT APPEARED TO BE AN INSURMOUNTABLE BAR EXAM FOR THE PRIVILEGE OF PRACTICING LAW.

AND YOU -- YOU ACT LIKE A GANGSTER.

TELL YOU WHAT, SLICK. THIS PROFESSION DOES NOT NEED YOU.

I'M GOING TO DO WHAT I CAN TO REMOVE YOU FROM THIS PROFESSION.

I HAVE NEVER -- I HAVE NEVER SEEN ANYTHING LIKE THIS IN MY LIFE. AND I'M NOT SOME SNOWFLAKE. I SPENT A NUMBER OF YEARS IN THE MARINE CORPS AND AS A COP. I'VE SEEN THIS. I'VE SAID THAT. BUT I'M NOT STUPID ENOUGH TO PUT IT IN WRITING OR TO USE IT IN A PROFESSIONAL SETTING FOR CRYING OUT LOUD -- IN NEGOTIATIONS.

OKAY. THIS ISN'T FOR YOU. OKAY. THIS IS NOT FOR YOU. WHY DON'T YOU JUST RESIGN.

MR. HOOK: I WILL NOT DO THAT, YOUR HONOR.

THE COURT: OKAY. THEN I'LL TAKE CARE OF IT FOR YOU THEN.

IS THERE ANYTHING -- I NEED YOUR COST AND FEES.

MR. HOOK: WELL --

THE COURT: WHAT?

MR. HOOK: WELL, I WAS JUST GOING TO SAY --

THE COURT: WHAT?

MR. HOOK: YOUR HONOR, I'VE RESIGNED FROM MY ROLE IN THIS CASE. IF YOUR HONOR --

THE COURT: OH, NO. AND YOU THINK THAT WIPES THE SLATE.

MR. HOOK: I --

THE COURT: SHUT UP.

MR. HOOK: OKAY.

THE COURT: YOU THINK THAT WIPES THE SLATE CLEAN.

MR. HOOK: NOT AT ALL, YOUR HONOR.

THE COURT: FOR WHAT YOU'VE DONE.

MR. HOOK: NOT AT ALL.

THE COURT: THEN WHAT DO YOU HAVE TO SAY? COME ON AND TELL ME.

MR. HOOK: I --

THE COURT: TELL ME WHY YOU AREN'T RESPONSIBLE FOR THE COST AND FEES INCURRED IN PREPARING THE EX PARTE APPLICATION AND APPEARING HERE.

MR. HOOK: I'LL PAY THEM. I'LL SUBMIT. I'LL PAY THEM.

THE COURT: WHAT WAS IT YOU WERE TRYING TO SAY?

MR. HOOK: I THOUGHT THAT THE COURT -- I THOUGHT THERE WAS SOME MISUNDERSTANDING AS TO WHAT I WAS BEING ASKED TO RESIGN FROM.

I'M NO LONGER REPRESENTING THE PLAINTIFF --

THE COURT: OH, I WANT YOU TO RESIGN FROM THE PROFESSION. BUT I AM GLAD THAT YOU'VE RESIGNED FROM THIS CASE.

MR. HOOK: I WAS -- I WAS -- I WAS TERMINATED. I WAS TERMINATED.

THE COURT: BECAUSE THE CASE WAS GOING TO BE DISMISSED WITH PREJUDICE. BECAUSE YOUR CLIENTS DIDN'T KNOW ANYTHING ABOUT THIS.

MR. HOOK: THAT'S RIGHT.

THE COURT: YOU ARE A PIECE OF WORK.

IS THERE ANYTHING ELSE WE NEED TO TALK ABOUT?

MR. O'HANLON? ANYBODY?

MR. O'HANLON: NOT IN MY VIEW, YOUR HONOR.

THE COURT: I NEED TO TAKE A SHOWER --

YOU?

MR. KLEE: YOU'D LIKE US TO SUBMIT SOMETHING IN WRITING?

THE COURT: YES.

MR. KLEE: THE FEES THROUGH TODAY?

THE COURT: YES.

IS THAT IT?

MR. KLEE: YES, YOUR HONOR.

THE COURT: WE'RE OUT OF HERE.

YEAH. YOU LEAVE FIRST.

MR. HOOK: I APOLOGIZE, YOUR HONOR.

THE COURT: YES. GO.

WE'RE DONE.

THE CLERK: COURT IS ADJOURNED.

(PROCEEDINGS ADJOURNED AT 1:49 P.M.)

C E R T I F I C A T E

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

/S/ DOROTHY BABYKIN　　　　　　　　　　1/6/19

FEDERALLY CERTIFIED TRANSCRIBER　　　　　DATED
DOROTHY BABYKIN