UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON ADAM JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-CV-03140-BCW |
| | ) | |
| CITIBANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STATE OF MISSOURI'S REPLY TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff *pro se,* Jason Adam Jensen, filed his Rule 11 Motion for Sanctions of Missouri, Attorney General's Office, and Counsel (Doc. 98) the subject of which seems to be both the State of Missouri's Unopposed Motion for Leave (Doc. 93) and the State of Missouri's Suggestions in Opposition to Plaintiff's Motion for Leave (Doc. 94). Plaintiff's Motion for Sanctions should be denied because Plaintiff did not comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11.

I. **Statement of Facts**

On or about May 24, 2023, Plaintiff was contacted by the Missouri Attorney General's Office ("AGO") through Assistant Attorney General ("AAG") Ryan Murray. Plaintiff consented to the State of Missouri filing its

Unopposed Motion for Leave (Doc. 93). The State of Missouri filed its Unopposed Motion for Leave (Doc. 93) and Suggestions in Opposition (Doc. 94).

That same day, Plaintiff filed his Suggestions in Opposition to Defendant's Unopposed Motion for Leave[1] (Doc. 95). The next day and without notice as required by Federal Rule of Civil Procedure 11(c), Plaintiff filed his Motion for Sanctions (Doc. 98).

## II. Argument

This Court should deny Plaintiff's Motion for Sanctions because he failed to comply with the Federal Rules of Civil Procedure.

"[A]fter notice and a reasonable opportunity to respond," the Court may impose an appropriate sanction if it determines a violation of Rule 11(b). Fed. R. Civ. P. 11(c)(1). Federal Rule of Civil Procedure 11(c)(2) provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected with 21 days after service…"

Plaintiff simply failed to follow the rules. Missouri's Motion for Leave was filed on May 24, 2023. (Doc. 93). The next day, without formal or informal notice, Plaintiff filed his Motion for Sanctions. See Doc. 98. As such, Plaintiff

---

[1] The State of Missouri notes Plaintiff filed a frivolous motion for mental examination of Governor Parsons, a non-party. A response is not required to that motion.

denied Missouri the opportunity to respond, therefore, his Motion for Sanctions violated the rules and should be denied.

Further, sanctions may be appropriate if the Court determines a violation of Rule 11(b). Fed. R. Civ. P. 11(c)(1). Here, Plaintiff alleges deceit.

Not only did Missouri not deceive Plaintiff, but Plaintiff fails to meet the applicable standard and allege Missouri violated Rule 11(b). "A motion for sanctions . . . must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Plaintiff does not specifically describing conduct that violated Rule 11(b).

Three types of conduct warrant Rule 11 sanctions: when a party files a pleading that has no reasonable factual basis; when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and, when a party files a pleading in bad faith or for an improper purpose. *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993).

First, Plaintiff alleges contact from the AGO by individuals not entered in this case. Plaintiff cites no rule violation and Missouri's conduct does not violate Rule 11(b).

Second, Plaintiff alleges that Missouri represented to the Court that he supported a motion that moves to dismiss his claims. Plaintiff's allegation is incorrect. The State of Missouri's Unopposed Motion for Leave represented to

Page **3** of **5**

Case 6:22-cv-03140-BCW   Document 104   Filed 05/30/23   Page 3 of 5

the Court that it requested leave (with Plaintiff's consent) to file its Suggestions in Opposition to Plaintiff's Motion for Leave to File a Third-Party Complaint. Plaintiff actually argues against Missouri's Suggestions in Opposition, not its Motion for Leave.

Essentially, Plaintiff consented to the Motion for Leave, and now takes issue with the arguments set forth in its Suggestions in Opposition. Plaintiff is provided the opportunity to reply to Missouri's Suggestions in Opposition, but requesting sanctions for such arguments is inappropriate. Moreover, Missouri would have filed its Motion for Leave without Plaintiff's consent or amended its motion if Plaintiff followed the rules and consulted the AGO.

Ultimately, sanctions are inappropriate because Missouri and the AGO did not violate Rule 11(b). Conversely, Plaintiff did not comply with Rule 11, thus his Motion for Sanctions should be denied.

WHEREFORE, the State of Missouri requests this Court deny Plaintiff's Motion for Sanctions, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

**ANDREW T. BAILEY**

Attorney General

*/s/Anna Connelly*
Assistant Attorney General
Missouri Bar No. 67428
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Telephone: (816) 889-5000
Fax: (816) 889-5006
E-Mail: Anna.Connelly@ago.mo.gov
*Attorney for State of Missouri*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of May, 2023, a copy of the foregoing was filed through the Court's PACER system, which sent an electronic copy to all counsel of record, and to *Plaintiff Pro Se* at jasonjensen@gmail.com.

*/s/ Anna Connelly*
Assistant Attorney General