UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S REPLY SUGGESTIONS TO STATE OF MISSOURI'S REPLY TO PLAINTIFF'S MOTION FOR SANCTIONS** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), under Rule 1 in Reply to the Opposition of JENSEN's Motion for a Sanctions. Rule 1 states:

Rule 1. Scope and Purpose - These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. **They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding**.

1. First, for JENSEN to serve the Papers under Rule 5, In Forma Pauperis, requires Order from the Court to use the US Marshall Service. NO Order has been granted to Serve Papers on the Motion for Sanctions.
2. Second, the State comes after an undue delay and missing the deadline to respond to JENSEN's Motion for Leave.
3. Third, the idea that JENSEN granted consent to the State's Motion for Leave to File the particular out of time Motion, shows either misrepresentation of the proposed Motion or Incompetence to Give Said Consent.
    a. Again, consent was based on the representation from the State, that they were filing because of a bona fide error. There was no bona fide error. Instead the State is representing that JENSEN's response to their Motion during a Stay is a violation of that Stay. The indication is clear, JENSEN must follow the Rules while the Court Officers use their experience to break the rules constructively.
    b. At one point JENSEN told the AGO Officer that they can put in the Motion that they "refused to give me the information in order to consent."
    c. Later JENSEN told the AGO Officer that he didn't understand their unwillingness to discuss the Motion since it was about to be filed. Showing concealment on the Record.
4. JENSEN now must take the Position that ALL OPPOSING PARTY MOTIONS REQUESTS FOR CONSENT WILL BE DENIED. THEY NEED NOT CALL, WRITE, OR EMAIL – IT IS DENIED.

5. The State's Requested Action of this Court does not Conform to Rule #1 as the State is requesting that the rules be administered in an unjust and unfair way.

6. The State claims that they had 21 days to remove their Motion, and that JENSEN could not file this Motion for Sanctions until that time had elapsed – However, the State fails to mention the mechanism that would have prevented this Court from Ruling on the Said Motion for Leave from the Date of Filing to the 21 days required to give the State the opportunity to withdrawal the Motion.

7. Rule 11 also states that "or within another time the court sets" which appears to give avenue for a Pro Se inexperienced litigant to file such Motion to allow for the Court to Set the Time for the State to withdrawal or correct the Rule 11 violating Motion.

8. The Point of Noting that the AGO office used a lawyer not on the record, is to so intent to break Rule 11 by self obstructing the requirement to "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances".

    a. The Intent is clear. First I will tell my Peon to get consent saying whatever it takes.. all we need is a "yes" out of context.

    b. Since I am filing the Paper but did not engage in the conversation, I have no facts that would give pause to the Filing.

    c. I have now gained a willful ignorance to file a Motion that does not appear on its face as what it describes to be.

9. The State is not claiming it must follow Rule 11 – in fact, it is saying that because JENSEN didn't execute this Motion correctly, it should be allowed to maintain the filing of subject of the Rule 11 Motion.

WHEREFORE:

JENSEN prays for ORDER no party's representation that is not in Appearance of the case shall contact Mr. JENSEN.

JENSEN prays for ORDER directing a refiling of the Motion for Leave to File Suggestions in Opposition to JENSEN's third-party supplemental complaint as OPPOSED as it was based on deceit.

JENSEN prays for all other relief Just and Proper.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 30th of May 2023.

//s/JasonAJensen