IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 6:22-CV-03140-BCW |
| CITIBANK, N.A., et al., | ) |
| Defendants. | ) |

## DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S COMBINED MOTION AND MEMORANDUM FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO SHOW CAUSE

Defendants Citibank, N.A. and Citigroup, Inc. (collectively "Citi Defendants"), pursuant to Local Rule 15.1(a), respectfully request leave of this Court to file a Sur-reply to the Reply Memorandum filed by Plaintiff in support of his Motion For Order to Show Cause For Obstruction of Orders, Justice by Citi, First Motion for Temporary Restraining Order Against Citi From Filing Motion to Compel Arbitration Without Motion to Stay (the "Reply"). *See* Doc. 99, filed May 25, 2023. A copy of the proposed Sur-reply is attached hereto as Exhibit A.

Although Local Rule 7.0 does not expressly authorize sur-replies, Local Rule 15.1(a) allows a party under certain conditions to move for leave to file a document that may not be filed as a matter of right. In turn, district courts "routinely" grant motions to file additional memoranda "when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001); *see also Fun Servs. of Kansas City, Inc. v. Love*, 2011 WL 1843253, at *3 (W.D. Mo. 2011) (granting non-moving party leave to file sur-reply because plaintiff "raised some new arguments in her reply").

Here, the first time Jensen set out the factual allegations on which his obstruction of justice theory is based was in the Reply. Specifically, he argued that the Citi Defendants "refused the required notice to all parties of a pending matter in order to deliver the SUBPOENA to the subject of the document" which obstructed service of further subpoenas. Doc. 99, Reply. Because the Reply was the first document to set out the bases of this theory, the Citi Defendants were unable to respond in their opposition.

Accordingly, basic fairness dictates that the Citi Defendants should have an opportunity to address these arguments, which the Citi Defendants could not have anticipated at the time their opposition was filed. Thus, the Citi Defendants respectfully request leave of this Court to file the attached Sur-reply to Plaintiff's Reply Memorandum.

Dated: June 6, 2023

Respectfully Submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ Benjamin A. Ford
Louis F. Bonacorsi MO28331
lfbonacorsi@bclplaw.com
Benjamin A. Ford MO70962
ben.ford@bclplaw.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Fax: (314) 259-2020

*ATTORNEYS FOR DEFENDANT CITIBANK, N.A. AND CITIGROUP INC.*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 6, 2023, I electronically filed with the Clerk of the Court using ECF system which will send notifications of such filing to all counsel of record.

/s/ Benjamin A. Ford