IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 6:22-CV-03140-BCW |
| CITIBANK, N.A., et al., | ) |
| Defendants. | ) |

**DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S FIRST MOTION FOR ORDER TO SHOW CAUSE FOR OBSTRUCTION OF ORDERS, JUSTICE BY CITI, FIRST MOTION FOR TEMPORARY RESTRAINING ORDER AGAINST CITI FROM FILING MOTION TO COMPEL ARBITRATION WITHOUT MOTION TO STAY**

Plaintiff Jason Adam Jensen ("Jensen") has moved for an order to show cause (Doc. 86) for obstruction of justice by Defendants Citibank, N.A. and Citigroup, Inc. (collectively, the "Citi Defendants"). In his initial motion, Jensen argued that the Citi Defendants should be ordered to show cause why they obstructed justice because Jensen submitted a subpoena that could not comply with Rule 45(d)(5) notice requirements. *See* Doc. 86, Jensen's Motion to Show Cause, at 5. As noted in their opposition (Doc. 96), the Citi Defendants did not understand and therefore were unable to respond to Jensen's conclusory argument because he failed to include any factual allegations in support of his motion. Then, in Jensen's Reply, Jensen described for the first time that he believes the Citi Defendants obstructed justice because their alleged refusal of service of process created a procedural posture where Jensen could not provide Rule 45(d)(5) prior notice to parties before issuing third-party subpoenas. *See* Doc. 99, Jensen's Reply in Support of First Motion for Order to Show Cause for Obstruction of Orders, Justice by Citi, First Motion For Temporary Restraining Order Against Citi.

A reply is not the proper place to inform the nonmovant of the motion's grounds. *See, e.g., MWG Enters., LLC v. ETS Wound Care, LLC*, 586 F.Supp.3d 946, 967 (E.D. Mo. 2022) ("ETS may not raise new grounds in its reply brief at summary judgment."). Jensen's failure to articulate the factual bases in his initial motion is improper and unfair to the Citi Defendants.

Further, the grounds set forth in Jensen's Reply do not support an obstruction of justice argument. As an initial matter, Jensen has not identified any specific Court order or action that was obstructed. Instead, Jensen complains that lack of service of process – the completion of which was his responsibility – presented him with an alleged procedural hurdle for how to serve his subpoena. But encountering procedural issues presented by case posture is a part of litigation. The solution is not accusing parties of obstructing justice without any factual support or evidence, particularly where the remedy was obvious and in Jensen's control (e.g., obtain sufficient service of process).

Accordingly, for the reasons stated herein and in their Opposition, this Court should deny Jensen's First Motion for Order to Show Cause for Obstruction of Orders, Justice by Citi, First Motion For Temporary Restraining Order Against Citi.

Dated: June 6, 2023                    Respectfully Submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/* Benjamin A. Ford
Louis F. Bonacorsi MO28331
lfbonacorsi@bclplaw.com
Benjamin A. Ford MO70962
ben.ford@bclplaw.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Fax: (314) 259-2020

*ATTORNEYS FOR DEFENDANT CITIBANK, N.A. AND CITIGROUP INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I electronically filed with the Clerk of the Court using ECF system which will send notifications of such filing to all counsel of record.

/s/ Benjamin A. Ford