IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| JASON ADAM JENSEN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No.: 6:22-CV-03140-BCW |
| CITIBANK, N.A., et al., | ) |
| Defendants. | ) |

**COMBINED MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S MOTION TO STAY PROCEEDINGS ON COUNT III OF PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants Citibank, N.A. and Citigroup, Inc. (collectively, the "Citi Defendants"), by and through undersigned counsel, and respectfully request the Court to stay all proceedings on Count III of Plaintiff Jason Adam Jensen's ("Jensen") Amended Complaint until such time as the Court rules upon the Citi Defendants' Rule 12(b)(5) Motion to Dismiss (Doc. 75). In support of this Motion, the Citi Defendants state as follows:

1. Jensen filed this action on June 1, 2022 and filed his Amended Complaint on June 30, 2022. Count III Breach of Contract is the only remaining claim directed against the Citi Defendants. *See* Doc. 6, Order dated September 23, 2022. To date, Jensen has yet to serve the Citi Defendants. The Citi Defendants through counsel appeared in order to challenge service and accordingly filed a Rule 12(b)(5) Motion to Dismiss on May 2, 2023 for insufficient service of process. *See* Doc. 75, Motion to Dismiss; *see also* Docs. 68 and 71, Entries of Appearance. The Motion is potentially case dispositive as explained more fully in the supporting brief. *See* Doc. 78, Suggestions in Support of Motion to Dismiss.

2. Instead of responding to the Citi Defendants' Motion to Dismiss, Jensen filed a Motion to Strike Motion to Dismiss Case Defendants Citibank, N.A. and Citigroup, Inc.'s Motion to Dismiss Under Rule 12(b)(5) Motion To Strike As Moot. (*See* Doc. 81, filed May 3, 2023). A week later, Jensen filed a First Motion for Order to Show Cause for Obstruction of Orders, Justice by Citi, First Motion For Temporary Restraining Order Against Citi From Filing Motion to Compel Arbitration Without Motion to Stay ("First Motion for Order to Show Cause"). (*See* Doc. 86, filed May 10, 2023). And then two days after submitting that motion, Jensen filed his First MOTION for Declaratory Judgment CITI Arbitration Agreement Unenforceable. ("First Motion for Declaratory Judgment") (*See* Doc. 87, filed May 12, 2023).

3. This Court should stay all proceedings on Count III until ruling on the Citi Defendants' Motion to Dismiss. This Court has the inherent power to order a stay: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Curne v. Liberty Mut. Ins. Co.*, No. 4:21-CV-00270-DGK, 2021 WL 2043972, at *1 (W.D. Mo. May 21, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (granting defendant's motion to stay proceedings pending resolution of defendant's motion to dismiss). "A stay should be entered only where it is a proper exercise of the court's discretion and the proponent of the stay bears the burden of establishing the need for a stay." *Id.* (internal citations omitted.).

4. Here, this Court should stay proceedings on Count III in order to promote the efficient use of judicial resources. A stay would serve judicial efficiency because the Citi Defendants' Rule 12(b)(5) motion is potentially dispositive of this case. It is a simple motion that requires no discovery or additional proceedings for its resolution. Should this Court grant it, all other motions against the Citi Defendants would be moot.

5. Absent a stay, the time and resources of both the Court and the Citi Defendants will be wasted dealing with Jensen's proclivity to file numerous, improper motions. Jensen has filed eight motions in this case in May 2023 alone, ranging from a motion for sanctions (Doc. 98) to a motion to strike (Doc. 81) to a motion for examination of mental fitness of Governor Michael Parson (Doc. 97).

6. Jensen's motions have caused an unnecessary and unreasonable waste of time and resources. In fact, Jensen represented in one of his briefings that "JENSEN's wish is anyone reading this case will be inspired to waste this courts time over violence." Doc. 91, Jensen's Reply in Support of Motion to Strike, at 2. His briefs are replete with sarcastic nonsense: "JENSEN RESERVES THE RIGHT TO DECLARE THAT HE WON AND ENTER A JUDGMENT AGAINST CITI FOR $10^{999}$," *see* Doc. 102, Reply in Support of Motion for Declaratory Judgment, or "JENSEN would like to be able to file based on Mood. So, JENSEN can have an Angry or Upset JENSEN Motion to Strike but then also have a Happy JENSEN Motion to Strike Later," Doc. 103, Objections to Court Orders at 8. Jensen recently e-mailed counsel for Citibank that "[u]nfortunately, it is all ugly from here on out," requests that Bryan Cave Leighton Paisner LLP "upgrade lawyers and performance," says "this case has turned into a turd," and threatens sanctions for filing a memorandum under an incorrect motion filing code. *See* Ex. A Emails.

7. Accordingly, for all of the foregoing reasons, this Court should grant the Citi Defendants' Motion to Stay and relieve the Citi Defendants of all deadlines, requirements, and other litigation obligations on Count III until this Court rules upon the Citi Defendants' dispositive Rule 12(b)(5) Motion to Dismiss (Doc. 75).

WHEREFORE Defendants Citibank, N.A. and Citigroup, Inc. respectfully request that the Court grant this motion and stay proceedings on Count III of Plaintiff Jason Adam Jensen's First

Amended Complaint until the Court rules upon the Citi Defendants' Rule 12(b)(5) motion to dismiss (Doc. 75).

Dated: June 6, 2023　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　**BRYAN CAVE LEIGHTON PAISNER LLP**

　　　　　　　　　　　　　　　　　　By: */s/* Benjamin A. Ford
　　　　　　　　　　　　　　　　　　Louis F. Bonacorsi MO28331
　　　　　　　　　　　　　　　　　　lfbonacorsi@bclplaw.com
　　　　　　　　　　　　　　　　　　Benjamin A. Ford MO70962
　　　　　　　　　　　　　　　　　　ben.ford@bclplaw.com
　　　　　　　　　　　　　　　　　　211 N. Broadway, Suite 3600
　　　　　　　　　　　　　　　　　　St. Louis, MO 63102-2750
　　　　　　　　　　　　　　　　　　Telephone: (314) 259-2000
　　　　　　　　　　　　　　　　　　Fax: (314) 259-2020

　　　　　　　　　　　　　　　　　　*ATTORNEYS FOR DEFENDANT CITIBANK, N.A. AND CITIGROUP INC.*

4

Case 6:22-cv-03140-BCW   Document 109   Filed 06/06/23   Page 4 of 5

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2023, I electronically filed with the Clerk of the Court using ECF system which will send notifications of such filing to all counsel of record.

/s/ Benjamin A. Ford