UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S SUGGESTIONS IN OPPOSITION TO COMBINED MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S MOTION TO STAY PROCEEDINGS ON COUNT III OF PLAINTIFF'S AMENDED COMPLAINT** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), with Suggestions in opposition to COMBINED MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S MOTION TO STAY PROCEEDINGS ON COUNT III OF PLAINTIFF'S AMENDED COMPLAINT:

1. According to the "State Defendants" or MISSOURI, STONE, and PARSON, this case is already at stay. So this Motion is a violation of that Stay. See DOC. 93.

2. If the case was at stay, pending dismissal, then CITI had no cause to Appear and start filing Motions, as they also violate that Stay.

3. JENSEN IS NOT RESPONSIBLE FOR SERVICE OF PROCESS. *UNLESS JENSEN IS IN ERROR ON SUNIL GARG AND ADDRESS* – JENSEN HAS NO COURSE TO RESOLVE THE SERVICE OF PROCESS ISSUES. CITI has not indicated why this Name and Address is unserviceable.

4. JENSEN is not responsible under In Forma Pauperis for Service of Process. JENSEN would never have paid $500 for a lack of delivery of papers.

5. JENSEN renews his Motion dated January 10, 2023 for "Emergency MOTION for order to show cause FOR REFUSAL OF SERVICE AFTER COMPETENT SUMMONS ISSUED BY CLERK OF COURT, Emergency MOTION for temporary restraining order restricting the refusal of service by CITI and CITIGROUP, its representation, agents, officers, and employees from refusing service filed by Jason Adam Jensen." And to order the US Marshall Office to Serve Sunil Garg at the Address provided by JENSEN.

6. JENSEN did file a Motion to STRIKE CITI's unlawful responsive documents, which they titled "Motion to Dismiss" in a case at Stay pending Dismissal, of some kind of immunity to suit by refusing Service of Process. CITI's declaration that their "Motion to Dismiss" is a "Motion to Dismiss" because they captioned the document that way is not conclusory. It is a matter of Law and this Court to determine the Nature of the Filing.

7. Dismissing this case, especially with prejudice, is not dispositive of this case as the ORDER will be appealed.

8. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Curne v. Liberty Mut. Ins. Co., No. 4:21-CV-00270-DGK, 2021 WL 2043972, at *1 (W.D. Mo. May 21, 2021) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)) (granting defendant's motion to stay proceedings pending resolution of defendant's motion to dismiss).

    a. Again, this is not a Motion to Dismiss for lack of Service of Process – lack of process does not result in a "with prejudice" dismissal. This is an unlawful responsive pleading to the Court that CITI, by preemptive Federal Authority, can be unserviceable and therefore, immune.

    b. The Above discretion does not include the Court having discretion to violate Due Process for the Plaintiff.

9. CITI has responded to all those documents, they are ripe for Judgement – what Judicial economy is served by Staying the documents now? Really, CITI has acknowledged how badly they have performed, they are seeking a Stay so that they can seek to redress JENSEN's issues upon release of the Stay. This would be a direct violation of Rule #1.

10. "Jensen has filed eight motions in this case in May 2023 alone" – all JENSEN's filings were exercises of Rights by the Rules as JENSEN understood them at the time in response to Filings of Others including all these CITI motions. In NOTE, JENSEN objects to a 21 day for sanctions on a 14 day Court response process.

11. Again, the Motion for Evaluation of Mental Fitness of Mr. Parson is based on his misunderstanding of why he received paperwork as the Chief Executive of Missouri for Missouri.

12. "In fact, Jensen represented in one of his briefings that 'JENSEN's wish is anyone reading this case will be inspired to waste this courts time over violence.'" JENSEN can do that too, here is the bible saying absurd things out of context:

    a. "lie with mankind as with womankind" Leviticus 18:22 where the Bible clearly says to have homosexual relations, if you remove the first 3 words.

    b. The above statement was IMMEDIATELY FOLLOWED BY:

        i. **<u>JENSEN is not proposing his efforts are a waste</u>** beyond that of their apparent impossibility of fair discourse in redress.

        ii. HOW DOES JENSEN'S COMPLAINT OF THESE COURT PROCESSES EQUATE TO AN ADMISSION THAT JENSEN HAS A UNLAWFUL PURPOSE FOR THIS CASE?

13. "His briefs are replete with sarcastic nonsense: 'JENSEN RESERVES THE RIGHT TO DECLARE THAT HE WON AND ENTER A JUDGMENT AGAINST CITI FOR $10^999,' see Doc. 102"

    a. JENSEN can understand CITI's nonacceptance of JENSEN's mockery of CITI's position on enter a Federal Court of Law and "Reserving the Right" to various things.

    b. JENSEN equates this "reservation of Right" to those of the CITI defendants. Such as the Reservation of Right to File a Motion to Compel Arbitration. See JENSEN's response DOCs 81, 86, 87, etc.

14. " Reply in Support of Motion for Declaratory Judgment, or 'JENSEN would like to be able to file based on Mood. So, JENSEN can have an Angry or Upset JENSEN Motion to Strike but then also have a Happy JENSEN Motion to Strike Later,' Doc. 103, Objections to Court Orders at 8."

    a. That's is absolutely Correct and JENSEN's position, Under the Supreme Court precedence in Avery, the State cannot duplicate itself in contravention to the limitations of the 14th Amendment and Commerce Clause. Moreover, this Court, as

required to provide a fair and equitable tribunal, cannot allow one party to respond from multiple personalities. This is exactly what is occurring in this Court, MISSOURI is also MISSOURI, PARSON, and STONE. JENSEN objected to that as a reservation of rights as to not waive them by remaining silent after an Order.

  b. JENSEN was pointing out the absurdity of the STATE's defense by wanting an equal playing field whereas JENSEN can duplicate himself based on his own political subdivisions just like the STATE has. Such as angry JENSEN, happy JENSEN, and sad JENSEN – all political subdivisions of JENSEN as much as that makes sense the analogy still holds true. It is noteworthy, that the issues JENSEN is having in this Court is precisely why USC 1983 allows the discriminated person, or person denied Rights under "color of state", to sue the bad actor. It is very much JENSEN's position the disparity in recourse from the 1983 14th amendment implementation versus the Americans with Disabilities Act 14th amendment implementation is a violation of equal protection.

15. "Jensen recently e-mailed counsel for Citibank that […]" – Yes JENSEN did email CITI about settlement negotiations as required by this Court, see in GENERAL MAP. See every Court's general position that Settlements are favored.

  a. "You can buy me off much cheaper than you can stick it to me."
  b. "Make me a fair offer and you can be dismissed with prejudice forever."
  c. Finally, JENSEN does need experience in this Court, see all the filings about abuses as a Mentally Ill Disabled Person. That is not an improper purpose anymore than a lawyer taking pro bono cases for notoriety or experience or a tax writeoff.
  d. This case is a "Turd" – instead of anything of substance this case has turned into:
     i. Can JENSEN prove he is disabled without the presentation of medical records, waiving his right to privacy to them, and without a Special Master to make that determination.

ii. SERVICE OF PROCESS.

iii. SERVICE OF PROCESS.

iv. SERVICE OF PROCESS.

v. SERVICE OF PROCESS.

e. However, none of these issues could have been foreseen when JENSEN filed this immediate action.

16. CITI has already wasted more of its resources than JENSEN would have settled for. JENSEN thinks the object of dispute is a ~$8000 debt. So, instead of settlement, CITI should allow JENSEN to play with their Arbitration Agreement, in this Court, that governs the collection of ~$200 billion in Consumer Debt. Such as the pending Motion to Declare their arbitration unconscionable as an abuse of process amongst other things.

17. FURTHERMORE, CITI cannot move to dismiss this case as CITI may have been damaged by JH MET and GAMACHE by their operation of the CITI arbitration agreement. So, UNLESS those claims are also dismissed, CITI has a compulsory tort counterclaim in this proceeding.

18. "upgrade lawyers and performance," – yes JENSEN did ask CITI to use a more professional responder in this matter. It is quite clear that Mr. Ford is not even doing a basic investigation of JENSEN's claims. Such as contending that the Arbitration Agreement at the heart of the claim against CITI is not before this Court. This Court should take Judicial Notice of how detrimental CITI's loss could be to the security of the National Banking system at a $200 billion dollar loss. Or whatever the impacts of their arbitration agreement voided would be. Mr Ford forgot to mention my Fair Warnings – such as using one attorney to respond to both parties, one being the trademark licensor and the other being the licensee. Was that improper? Well the case may have denied those claims in this Motion but they are not Mooted by that denial.

In other words, the pending trademark claims have not been denied with prejudice. JENSEN believes they were denied because JENSEN failed to show how the trademark use was damaging.

19. "threatens sanctions for filing a memorandum under an incorrect motion filing code."
    a. Sure did. It is a violation of the ECF/CM system to violate the rules of such system. Penalty for such can be a loss of privileges. Mr. Ford made two such errors in one week. JENSEN also wrote an email about it to the Clerk of Court where JENSEN expressed the rule of refiling whereas there is automatic leave to file anything, including another or modified document, seems to be corrupting on this Court. Quite frankly, if a corrupt person wanted another day to file, or a whole weekend, all he need do is file the incorrect code and automatically get an extension of time. JENSEN has since dismissed such thoughts as paranoid delusional thoughts of a mentally ill person.
    b. Oh, but Ford need not worry, JENSEN would not have filed that Motion for sanctions properly as it is confusing. So, Mr. Ford and all the attorneys at appearance are immune from abuse of process.
20. This Court is more complex that a Supercomputer with distributed code. To expect perfection from a Pro Se litigant is nonsensical. JENSEN is not the only one in error at present. The difference is JENSEN has never lied, mislead, attempted to abuse the rules, or not respected this Court and its Processes.
21. So, what is a Motion that includes a Pleading? Such as a Motion to Dismiss that speaks of a Motion to Compel Arbitration? At a basic understanding of law, one type "move" (motion or pleading) has an opposite "Motion or Response" however, the

lawyers in this Court have muddled that. For example, STONE's response is a general denial with the admission of their address, a Motion to Dismiss, and numerous "claims" presented as affirmative defenses. The concept of a general denial with any affirmative defenses is a construct of this modern Court and would have been unlawful pre ~1950 or whenever the Affirmative Defenses rule was changed.

WHEREFORE:

JENSEN prays this Court take judicial notice of JENSEN's oppositions to Stay a Sayed Case.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 6th of June 2023.

//s/JasonAJensen