UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN,<br> Plaintiff,<br> v.<br>CITIBANK, N.A., et al.,<br> Defendants.<br>v.<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>DEPARTMENT OF INSURANCE AND COMMERCE,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant.<br>v.<br>DAVID R. GAMACHE,<br>Defendant and Counterclaim Defendant,<br>GAMACHE & MYERS, P.C.,<br>Counterclaim Defendant,<br>FRANKEL, RUBIN, KLEIN, PAYNE & PUDLOWSKI, P.C.,<br>Crossclaim Defendant,<br>MAYER S. KLEIN, MO#32605,<br>Crossclaim Defendant,<br>SECRETARY OF STATE John R. Ashcroft,<br>Crossclaim Defendant,<br>State of MISSOURI,<br>Counterclaim Defendant. | Case No. 6:22-CV-03140-BCW<br><br>Honorable Judge Wimes Presiding<br><br>**JURY TRIAL DEMANDED BY RIGHT AND PRIVILEGE**<br><br><br><br>**JENSEN'S SUGGESTIONS IN OPPOSITION TO DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S COMBINED MOTION AND MEMORANDUM FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO SHOW CAUSE** |

COMESNOW, Plaintiff, Jason A Jensen ("JENSEN"), with Suggestions in opposition to DEFENDANTS CITIBANK, N.A. AND CITIGROUP, INC.'S COMBINED MOTION AND MEMORANDUM FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO SHOW CAUSE:

1. IN JENSEN'S ORIGINAL MOTION TO SHOW CAUSE FOR OBSTRUCTION OF ORDERS:

    a. Finally, on or about January 13th, 2023 JENSEN, under Rights granted in In Forma Pauperis including all Court Duties by ORDER, submitted a SUBPOENA form to the Clerk of Court for the Department of Justice to provide all records regarding complaints of the Americans with Disabilities Act JENSEN had filed, which Rebecca Furtak processed and signed that day. Rule 45(D)(4) Required Notice to all "Parties" would prevented JENSEN from serving the Issued Subpoena upon the Department of Justice. JENSEN calculated this information needed to defeat the Affirmative Defense raised by STONE County and stated so in the email to lsi@citi.com, anna.connelly@ago.mo.gov, barbara.fowler@ago.mo.gov, cnapolitano@enszjester.com, "jwright_enszjester.com" <jwright@enszjester.com>, shenning@enszjester.com, Matthew Gist <mgist@enszjester.com>, "mklein_frankelrubin.com" <mklein@frankelrubin.com>, "jbattas_frankelrubin.com" <jbattas@frankelrubin.com>, "rshenker_frankelrubin.com" <rshenker@frankelrubin.com>, "yklein_frankelrubin.com" <yklein@frankelrubin.com>, tosborn@enszjester.com on or about January 13th, 2023. JENSEN is requesting ORDER TO SHOW CAUSE why CITI obstructed said ORDER and of Justice and this Court in its duly operations.

- b. CLEARLY THE ORDER VIOLATED IS THE IN FORMA PAUPERIS ORDER GRANTING JENSEN ALL RIGHTS TO THE COURT WITHOUT PAYMENT OF FEES. THIS INCLUDED THE RIGHT TO ISSUE SUBPOENA BY COURT CLERK SIGNATURE TO OBTAIN EVIDENCE. IN THIS CASE, COMPLAINTS MADE TO THE DEPARTMENT OF JUSTICE – CIVIL RIGHTS DIVISION FOR RECORDS REGARDING COMPLAINTS OF DISCRIMINATION UNDER THE ADA.
- c. CLEARLY PRESENTED:
    - i. ORDER GRANTING IN FORMA PAUPERIS: "under Rights granted in In Forma Pauperis including all Court Duties by ORDER"
    - ii. SUBPOENA WAS ISSUED: "on or about January 13th, 2023 JENSEN, […], submitted a SUBPOENA form to the Clerk of Court for the Department of Justice to provide all records regarding complaints of the Americans with Disabilities Act JENSEN had filed, which Rebecca Furtak processed and signed that day"
    - iii. HOW THE REFUSAL OF SERVICE OBSTRUCTED THE ORDER AND THE PROCESSES: "Rule 45(D)(4) Required Notice to all "Parties" would prevented [sic] JENSEN from serving the Issued Subpoena upon the Department of Justice. JENSEN calculated this information needed to defeat the Affirmative Defense raised by STONE County and stated so in the email"
2. If this was somehow unclear, which JENSEN contends that the negligence of the CITI attorney is not an indication of being unclear, then CITI should have addressed that before.
3. "In turn, district courts 'routinely' grant motions to file additional memoranda 'when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading.' Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting Lewis v.

Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001); see also Fun Servs. of Kansas City, Inc. v. Love, 2011 WL 1843253, at *3 (W.D. Mo. 2011) (granting non-moving party leave to file surreply because plaintiff 'raised some new arguments in her reply')"

   a. The allegation of the Obstruction of Order granting IFP, the fact a SUBPOENA was issued, and that JENSEN attempted to notice the parties but CITI was obstructing the process was all in the original Motion – giving CITI opportunity to reply.

4. "Here, the first time Jensen set out the factual allegations on which his obstruction of justice theory is based was in the Reply. Specifically, he argued that the Citi Defendants 'refused the required notice to all parties of a pending matter in order to deliver the SUBPOENA to the subject of the document' which obstructed service of further subpoenas. Doc. 99, Reply. Because the Reply was the first document to set out the bases of this theory, the Citi Defendants were unable to respond in their opposition."

   a. This statement is CATEGORICALLY FALSE, MISLEADING, AND BORDERLINE FRAUD UPON THE COURT, as demonstrated above, JENSEN, from the OUTSET OF THE MOTION, CLEARLY alleged that the refusal of process was an attempt to obstruct the proceedings of this Court.

5. IN THE CITI PROPOSED "SUR-REPLY":

   a. "As noted in their opposition (Doc. 96), the Citi Defendants did not understand and therefore were unable to respond to Jensen's conclusory argument because he failed to include any factual allegations in support of his motion." THE ALLEGATION OF FACTS: AN ORDER GRANTING IFP, A REFUSAL OF SERVICE, EMAIL REQUESTING THAT CITI ACKNOWLEDGE NOTICE OF THE SUBPOENA WHICH WAS UNANSWERED, THAT THE COMBINED POSITION OF CITI OBSTRUCTED THE IFP A reply is not the proper place to inform the nonmovant of the motion's grounds. See, e.g.,

b. "MWG Enters., LLC v. ETS Wound Care, LLC, 586 F.Supp.3d 946, 967 (E.D. Mo. 2022) ('ETS may not raise new grounds in its reply brief at summary judgment.'). Jensen's failure to articulate the factual bases in his initial motion is improper and unfair to the Citi Defendants." The REPLY was not the first time this "ground" was alleged. IF THIS IS THE CASE: WHAT DOES CITI PROPOSE THE MOTION TO SHOW CAUSE WAS FOR AND ABOUT?! WHAT does CITI propose the effect, factual allegations, and content of paragraph 10 of his Motion to Show Cause consisted of? See paragraph #1 of this suggestions in opposition for the entire paragraph.

c. "Further, the grounds set forth in Jensen's Reply do not support an obstruction of justice argument. As an initial matter, Jensen has not identified any specific Court order or action that was obstructed. Instead, Jensen complains that lack of service of process – the completion of which was his responsibility – presented him with an alleged procedural hurdle for how to serve his subpoena. But encountering procedural issues presented by case posture is a part of litigation. The solution is not accusing parties of obstructing justice without any factual support or evidence, particularly where the remedy was obvious and in Jensen's control (e.g., obtain sufficient service of process).

   i. AD NAUSEUM CITI HAS CLAIMED THAT JENSEN WAS AND IS RESPONSIBLE FOR SERVICE OF PROCESS – HE IS NOT.

   ii. 28 U.S. Code § 1915 - Proceedings in forma pauperis (d) **The officers of the court shall issue**

## **and serve all process**, and perform all duties

in such cases.

iii. JENSEN has defined the responsible party for CITIBANK as CHIEF EXECUTIVE OFFICER SUNIL GARG at the BIG BILLION DOLLAR BUILDING IN NEW YORK, NEW YORK WHERE THE SUNIL GARG HAS REPORTED HIS OFFICE ON SECURITIES AND EXCHANGE COMMISSION LEGAL FILINGS.

iv. THERE IS NO REASON THIS SERVICE OF PROCESS WAS NOT PROCESSED.

v. JENSEN IS NOT RESPONSIBLE FOR THAT FAILURE AS THE NAME, ADDRESS, AND PARTY IS CORRECT.

vi. JENSEN IS NOT RESPONSIBLE FOR SERVICE OF PROCESS.

vii. JENSEN IS NOT RESPONSIBLE FOR SERVICE OF PROCESS.

viii. CITI CONTENTION THAT THE FAILURE OF SERVICE ON CITI IS JENSEN'S RESPONSIBILITY IS NOT BASED IN LAW. THEY HAVE REPEATEDLY MADE THIS ARGUMENT WITHOUT ANY INDICATION THAT JENSEN WAS IN ERROR BY THE PARTY, RESPONSIBLE PARTY UNDER RULE 4, OR THAT THE ADDRESS WAS INCORRECT.

ix. CITI HAS REPEATEDLY IGNORED THE REMARKS ON SERVICE OF PROCESS WHERE A SWORN AFFIDAVIT BY A US MARSHALL REPORTS THAT CITI REFUSED TO ACCEPT THE SERVICE OF PROCESS.

6. THIS MOTION FOR LEAVE TO FILE A SUR-REPLY IS JUST A REPEATED REHASH ARGUMENT OF THE SAME ARGUMENT CITI HAS ALREADY MADE:

   a. CITI CAN REFUSE SERVICE OF PROCESS WITHOUT CONSEQUENCE TO CREATE AN IMMUNITY

   b. CITI CLAIMS THAT SERVICE OF PROCESS IS THE RESPONSIBILITY OF A IN FORMA PAUPERIS PLAINTIFF

   c. THE ONLY THING THAT MATTERS IS THE CHECK BOX THAT THE SERVICE OF PROCESS WAS RETURNED UNEXECUTED AND THAT THE REMARKS HAVE NO CONTROLLING OR LEGAL VALUE.

   d. THIS MOTION IS A COMPLETE WASTE OF TIME.

   e. THIS MOTION IS DESIGNED TO REHASH THE SAME ISSUES WITHOUT GOOD FAITH.

WHEREFORE:

JENSEN prays this Court take judicial notice of JENSEN's oppositions to any sur-reply from CITI being entertained that does not address the OBSTRUCTION OF ORDERS by CITI.

Sincerely and Respectfully Submitted,

//s/JasonAJensen

Jason A Jensen

CERTIFICATE OF SERVICE

I, Jason A Jensen, did cause all defendants currently present and in appearance of this Court to be served electronically by the ECF/CM of the Federal Court, on this day the 7th of June 2023.

//s/JasonAJensen