**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JASON ADAM JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-CV-03140-BCW |
| | ) | |
| CITIBANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant the State of Missouri's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. #31), joined by Governor Michael Parson and Stone County, Missouri (Docs. #60, #61, #84). The Court, being duly advised of the premises, grants said motion.

On September 23, 2022, the Court granted Plaintiff Jason Jensen's motion to proceed in forma pauperis only as to the following claims against the following defendants:

- Count I alleging violation of the Fair Debt Collection Practices Act against Defendants JH Met Subsidiary B Liquidating Trust and David R. Gamache

- Count III alleging breach of contract against Defendants Citibank, N.A. and Citigroup Inc. and

- Count V alleging violation of the Americans with Disabilities Act against the State of Missouri and Stone County, Missouri.

(Doc. #6).

On December 5, 2022, Defendant the State of Missouri filed the instant Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. #31). The Court subsequently granted Stone County, Missouri's motion for leave to join the State's motion. (Doc. #82).

1

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Fed. R. Civ. P. 12(b)(6)). Factual allegations in the complaint must be sufficiently alleged to raise a right to relief above the speculative level. Bell Atl. Corp., et al. v. Twombly, 550 U.S. 544, 554-55 (2007). When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (citations omitted). However, the Court need not accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

**ANALYSIS**

Defendants argue Jensen's Count V for violation of the ADA alleged against them fails to state a claim. (Doc. #31). Jensen filed suggestions in opposition to the motion.

At the outset, the Court notes that Jensen is proceeding pro se. Therefore, the Court liberally construes Jensen's factual allegations. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, a pro se litigant is not excused from compliance with procedural and substantive law. Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983).

The issue is whether, broadly construing Jensen's factual allegations, with all reasonable factual inferences drawn in Jensen's favor, Jensen's Amended Complaint sets forth sufficient factual matter from which the reasonable inference can be drawn that Defendants are liable for violating the ADA.

Jensen alleges these defendants violated the ADA by not allowing Jensen to use his "cell phone as expertly configured to aide his disability." Jensen further alleges he suffers from bipolar disorder and his treatment in the course of defending the state case violated his rights under the ADA. Jensen alleges he was frustrated by telephone communications with the state court clerk's office, was "aggravated by years of being forced to wait on hold," and "act[ed] out in tone of voice, pitch, and attenuation." (Doc. #5-1 at 11-13). Broadly construing Jensen's allegations, he alleges Defendants violated the ADA because they did not reasonably accommodate his bipolar disorder.

Title II of the ADA "authorizes suits by private citizens for money damages against public entities that" discriminate against an individual with a disability. United States v. Georgia, 546 U.S. 161, 153 (2006) (citing 42 U.S.C. § 12132). To establish a violation of Title II of the ADA, a plaintiff must demonstrate the following: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or was otherwise denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against; and (3) that such exclusion or discrimination was "by reason" of the disability. Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998).

Even affording to Jensen the benefit of all reasonable factual inferences for purposes of Defendants' motion to dismiss, the Court cannot conclude Jensen has plausibly alleged Defendants excluded him from or denied him a public benefit due to his disability. Jensen alleges he was refused special accommodations but does not provide sufficient factual matter from which the reasonable inference can be drawn that Defendants are liable for the alleged ADA violation. Jensen does not allege when the request was made, to whom the request was made, or the details surrounding the request. Moreover, Jensen does not allege how any of the circumstances alleged would be fairly traceable to Defendants. Even if Jensen's factual allegations, broadly construed,

3

showed he was a qualified individual with a disability and that he was excluded from or otherwise denied benefits of a public entity's services or otherwise discriminated against, the amended complaint does not set forth sufficient factual matter from which the reasonable conclusion could be drawn that the discrimination alleged was "by reason" of Jensen's disability. Accordingly, it is hereby

ORDERED Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. #31) is GRANTED. Count V of the amended complaint alleging violation of the ADA is DISMISSED and the State of Missouri, Governor Parson, and Stone County are DISMISSED as parties to this case. It is further

ORDERED the stay of this matter, pending ruling on the motion to dismiss (Doc. #31) is LIFTED. Jensen's Count I alleging violation of the FDCPA against JH Met and Gamache and Count III alleging breach of contract against Citibank, N.A. and Citigroup Inc. remain pending.

IT IS SO ORDERED.

DATE: June 13, 2023                    /s/ Brian C. Wimes
                                      JUDGE BRIAN C. WIMES
                                      UNITED STATES DISTRICT COURT

4