IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:22-CV-03140-BCW |
| | ) |
| CITIBANK, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's "Motion for Temporary Restraining Order, Show Cause Order for Citibank and Citigroup" (Doc. #51). The Court, being duly advised of the premises, denies said motion.

A return of service was filed in this case on January 10, 2023 by the U.S. Marshals Service. (Doc. #50). The return states "Citibank legal refused to accept personal service on behalf of CEO . . . ." (Doc. #50 at 1). Therefore, service of process as to Citibank and Citigroup was returned unexecuted. Plaintiff then filed the instant motion, seeking a temporary restraining order requiring Citibank and Citigroup to accept the summons and service of process through the Marshals Service.

Plaintiff's filing cites Fed. R. Civ. P. 65 and 18 U.S.C § 1501. Section 1501 provides for criminal liability against anyone who knowingly and willfully obstructs "any officer of the United States . . . in serving, or attempting to serve or execute, any legal or judicial writ or process of any court . . . ." While Plaintiff asserts Citibank and Citigroup are improperly refusing service of process, § 1501 does not provide an avenue to Plaintiff for the relief he seeks. Moreover, though the U.S. Marshals Service attempted to serve process on Citibank and Citigroup, the service

1

attempt is based on information provided by Jensen, who bears the burden to establish the validity of service of process. <u>Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.</u>, 51 F.3d 1383, 1387 (8th Cir. 1995). Proper service is required for the exercise of federal jurisdiction over a defendant. <u>Sieg v. Karnes</u>, 693 F.2d 803, 807 (8th Cir. 1982).

Further, Plaintiff has not demonstrated a need for a temporary restraining order ("TRO") under Fed. R. Civ. P. 65. <u>Lankford v. Sherman</u>, 451 F.3d 496, 503 (8th Cir. 2006) (movant bears burden to show injunctive relief is appropriate). The following factors are relevant to issuance of preliminary injunction or TRO: (1) likelihood of success on the merits; (2) threat of irreparable harm absent an injunction; (3) "the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties"; and (4) the public interest. <u>Dataphase Sys., Inc. v. C L Sys., Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981). Beyond citing the applicable Federal Rule, Plaintiff makes no attempt to demonstrate a need for a TRO. Moreover, where the TRO sought relates to the sufficiency of service of process, Plaintiff would not be able to demonstrate the need for injunctive relief. Accordingly, it is hereby

ORDERED Plaintiff's "Motion for Temporary Restraining Order, Show Cause Order for Citibank and Citigroup" (Doc. #51) is DENIED.

IT IS SO ORDERED.

Date: <u>June 13, 2023</u>  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT