# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON ADAM JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-CV-03140-BCW |
| | ) | |
| CITIBANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Citibank, N.A. and Citigroup, Inc.'s Motion to Dismiss Under Rule 12(b)(5) (Doc. #75), Plaintiff Jason Jensen's Motion to Strike Defendants Citibank, N.A. and Citigroup, Inc.'s Motion to Dismiss Under Rule 12(b)(5), and Defendants Citibank, N.A. and Citigroup, Inc.'s Motion to Stay Proceedings pending resolution of the Motion to Dismiss. (Doc. #109). The Court, being duly advised of the premises, denies said motions.

On September 23, 2022, the Court granted pro se Plaintiff Jason Jensen leave to proceed in forma pauperis against Defendants J.H. Met, David Gamache, the Citibank Defendants, the State of Missouri, and Stone County. (Doc. #6). As part of that Order, the Court directed the Clerk of the Court to forward the appropriate forms to Plaintiff so that Plaintiff could provide the address showing where defendants could be served through the U.S. Marshals Service ("USMS"). (Doc. #6 at 10).

The record shows Plaintiff's timely return of the documents for service of process and delivery of the same to the USMS. (Doc. #7). The Process Receipt and Return shows Plaintiff requested service of process on Citibank, NA on "CEO Sunil Garg, 388 Greenwich Street, New York, NY 10013". (Doc. #7 at 1). The Process Receipt and Return shows Plaintiff requested

1

service of process on Citigroup Inc. (Doc. #7) on "CEO Jane Fraser, 388 Greenwich Street, New York, NY 10013." (Doc. #7 at 2).

Services of process on the Citibank Defendants were returned unexecuted. The unexecuted return for Citibank states "Citibank legal refused to accept personal service on behalf of CEO Sunil Garg." (Doc. #50 at 1). The unexecuted return for Citigroup states "Citibank legal refused to accept personal service on behalf of CEO Jane Fraser." (Doc. # 50-1 at 1).

On May 2, 2023, the Citibank Defendants filed the instant motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5). (Doc. #75). In addition to Plaintiff's opposition suggestions to the motion to dismiss, Plaintiff filed a motion to strike, asserting the Citibank Defendants improperly refused service of process. (Doc. #81).

## LEGAL STANDARD

A motion under Rule 12(b)(5) provides for dismissal for insufficient service of process. Fed. R. Civ. P. 12(b)(5). While Rule 12(b)(4) concerns the form of process, "a Rule 12(b)(5) motion challenges the mode of delivery or lack of service." King v. Preferred Fam. Healthcare, No. 20-CV-00895-SRB, 2021 WL 2458676, at *2 (W.D. Mo. June 16, 2021) (citing Fed. R. Civ. P. 12(b)(4)-(b)(5)). A plaintiff need only make a prima facie showing that service was valid; "[t]he filed return by the process server is prima facie proof of its contents." Id. "If a defendant has been improperly served, 'the district court has discretion to either dismiss the action or quash service and retain the case.'" Id.

## ANALYSIS

The Citibank Defendants request dismissal for insufficient service of process because there is no dispute that the Citibank Defendants have not been properly served. In support of the motion, the Citibank Defendants argue the returns of service were returned unexecuted, and instead of

2

making any additional attempt to effectuate service, Plaintiff sought to enjoin Citibank Defendants from refusing service of process. In response, Plaintiff argues the Citibank Defendants are improperly refusing service of process, and asks the Court to deny the motion to dismiss and enjoin the Citibank Defendants from refusing service.

First, there is no legal basis to strike the Citibank Defendant's motion to dismiss for insufficient service of process. The motion to dismiss is not "redundant, immaterial, impertinent, or scandalous". Fed. R. Civ. P. 12(f). To the contrary, the process receipt and return reflects the Citibank Defendants' refusal to accept service of process on behalf of their respective CEOs at corporate headquarters. This service attempt does not comport with sufficient service of process and the motion to dismiss is not improper. Therefore, Plaintiff's motion to strike is denied.

Second, the Citibank Defendants seek dismissal for insufficient service of process based on the unexecuted returns of service. (Doc. #50). Plaintiff does not dispute service was returned unexecuted, but rather argues the Citibank Defendants improperly refused to accept service of process.

Based on information provided by Plaintiff, the Clerk of the Court issued a summons to "Citibank, NA, ATTN: CEO Sunil Garg, 388 Greenwich Street, New York, NY 10013," and "Citigroup INC, ATTN: CEO Jane Fraser, 388 Greenwich Street, New York, NY 10013." (Doc. #50-3, #50-2). Plaintiff signed the USMS process receipt and return for service on the Citibank Defendants' respective CEOs at Citibank's principal place of business, and the USMS attempted service based on these documents. However, the Citibank Defendants' legal departments refused to accept personal service on behalf of their CEOs.

The Citibank Defendants thus argue they are entitled to dismissal for insufficient service of process because there is no dispute that service was defective. "That is, whether because of

incorrect information provided by [Plaintiff], mistake of the U.S. Marshals, or confusion by the Citi[bank] Defendants, each summons was 'apparently interpreted as summons for CEO and not CORPORATION NAME.'" (Doc. #78 at 3).

While a pro se plaintiff proceeding in forma pauperis should not be penalized if the USMS fails to complete service, it remains the plaintiff's "responsibility to provide the proper addresses for service . . . ." Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993). Here, Plaintiff did not provide the proper information to the USMS to effectuate service on the Citibank Defendants.

Service of process on a foreign corporation or unincorporated association may be completed in either of the following ways: (1) in the manner set forth Rule 4(e)(1) for service on an individual; or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or other agent authorized by appointment or law to receive service of process . . . ." Fed. R. Civ. P. 4(h). Rule 4(e)(1) permits service through personal delivery of the summons and complaint on the individual, leaving a copy of the summons and the complaint at the individual's usual abode, or by delivering a copy of the summons and complaint on an agent who is authorized to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)-(C).

Here, Plaintiff sought to serve the corporate defendants through their CEOs at the corporate headquarters. This service attempt is insufficient. It is Plaintiff's responsibility to identify for the Clerk of the Court and the USMS the proper address for service on the corporate Citibank Defendants. On the current record, the Citibank Defendants are entitled to dismissal for insufficient service of process. However, in light of Plaintiff's pro se status, the Court will provide to Plaintiff an additional opportunity to attempt to effectuate service on the Citibank Defendants in this case. Accordingly, it is hereby

ORDERED Defendants Citibank, N.A. and Citigroup, Inc.'s Motion to Dismiss Under Rule 12(b)(5) (Doc. #75) is DENIED WITHOUT PREJUDICE. It is further

ORDERED Plaintiff Jason Jensen's Motion to Strike Defendants Citibank, N.A. and Citigroup, Inc.'s Motion to Dismiss Under Rule 12(b)(5) (Doc. #81) is DENIED. It is further

ORDERED Defendants Citibank, N.A. and Citigroup, Inc.'s Motion to Stay Proceedings pending resolution of the Motion to Dismiss (Doc. #109) is DENIED AS MOOT. It is further

ORDERED the Clerk of the Court shall immediately forward to Plaintiff the appropriate forms for service of process on the Citibank Defendants. Plaintiff shall return the completed forms to the Clerk of the Court by **September 1, 2023**. Upon Plaintiff's timely return of the required process forms, the Clerk of the Court shall issue summons and process and deliver the same to the USMS for service. Plaintiff's failure to return the completed forms by the date stated herein may result in dismissal of his claims against the Citibank Defendants without further notice.

IT IS SO ORDERED.


Date: <u>August 17, 2023</u>                    <u>/s/ Brian C. Wimes</u>
                                                JUDGE BRIAN C. WIMES
                                                UNITED STATES DISTRICT COURT